Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Orlando Arellano (SBN 234073)
Orlando.Arellano@jacksonlewis.com
Rebecca Kim (SBN 276163)
Rebecca.kim@jacksonlewis.com
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California  90017-5408
Telephone:   (213) 689-0404

Attorneys for Defendants
CARDINAL HEALTH 100, LLC;
CARDINAL HEALTH 108, LLC;
CARDINAL HEALTH 110, LLC;
CARDINAL HEALTH 119, LLC;
CARDINAL HEALTH 200, LLC;
CARDINAL HEALTH 201, INC; and
CARDINAL HEALTH 414, LLC

# UNITED STATES DISTRICT COURT,

# CENTRAL DISCTRICT COURT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC, a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**DECLARATION OF ADAM SIEGEL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Filed concurrently with Notice of Removal; Declarations of Laura Garza; Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement)<br><br>Complaint Filed:  November 19, 2024 |

## DECLARATION OF ADAM SIEGEL

I, Adam Siegel, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and before this Court.  I am a Principal with the law firm Jackson Lewis P.C., counsel of record for defendants CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 119, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 201, INC; and CARDINAL HEALTH 414, LLC ("Defendants").  I make the following declaration based on personal knowledge, unless otherwise stated, and on my review of and familiarity with Defendants' files and documents in the above-captioned matter.  If called as a witness, I could and would competently testify to the facts contained herein.  I submit this declaration in support of Defendants' Notice of Removal.

2.      On November 19, 2024, Plaintiff Jose Luis Sandoval ("Plaintiff") filed an unverified Class Action Complaint against Defendants in the Superior Court of the State of California for the County of San Bernardino, entitled *JOSE LUIS SANDOVAL, individually and on behalf of all others similarly situated, Plaintiff, vs. CARDINAL HEALTH 200, LLC, a Delaware limited liability company; DANIEL RUIZ, an individual, and DOES 1 through 100, inclusive, Defendants;* Case No.: CIVSB2434865.

3.      On December 17, 2024, Plaintiff filed a First Amended Complaint, adding as Defendants CARDINAL HEALTH 110, LLC, CARDINAL HEALTH 108, LLC, CARDINAL HEALTH 414, LLC, CARDINAL HEALTH 100, LLC, CARDINAL HEALTH 119, LLC, and CARDINAL HEALTH 201, INC. Attached hereto as **Exhibit "A"** are true and correct copies of Plaintiff's Summons, First Amended Complaint, and related court documents filed in the Los Angeles County Superior Court.

4.      On September 17, 2023, Plaintiff served all Defendants except Daniel Ruiz (who remains unserved) with a copy of the Summons and Complaint via "drop service" (as opposed to personal service).  Attached hereto as **Exhibit "B"** are true and correct copy of the Proofs of Service of Summons and Complaint.

5.      On March 24, 2025, Defendants filed and served an Answer to the Complaint in the Los Angeles Superior Court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d) and asserting various affirmative defenses.  Attached hereto as **Exhibit "C"** is a true and correct copy of the Answer Defendants filed.

6.      To the best of my knowledge and based on information and belief, **Exhibits "A," "B" and "C"** are all of the pleadings received or served by the Defendants in state court.

7.      I am not aware of any individual or entity being substituted in as a Doe defendant in the state court action.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 26th day of March, 2025, at Los Angeles, CA.


_____
Adam Siegel

DECLARATION OF ADAM SIEGEL IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

# EXHIBIT A

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476748

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
            Cardinal Health, Inc.
            7000 Cardinal Pl
            Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 200, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**         Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated //
                            To: Cardinal Health 200, LLC

**CASE #:**                 CIVSB2434865

**NATURE OF ACTION:**       Employee Litigation

**PROCESS SERVED ON:**      C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:** By Process Server on 02/24/2025 at 09:53

**JURISDICTION SERVED:**    California

**ACTION ITEMS:**           CT will retain the current log

                            Image SOP

                            Email Notification,  Laura Garza  laura.garza@cardinalhealth.com

**REGISTERED AGENT CONTACT:**   C T Corporation System
                                330 N BRAND BLVD
                                STE 700
                                GLENDALE, CA 91203
                                8775647529
                                MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Feb 24, 2025
**Server Name:**                   SONIC LEGAL SERVICES

| Entity Served | CARDINAL HEALTH 200, LLC |
|---|---|
| Case Number | CIVSB2434865 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC, a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
2/20/2025
By Stphan Paigua, DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of San Bernardino - San Bernardino Justice Center
247 West 3rd St, San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVSB2434865

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bibiyan Law Group, P.C., David D. Bibiyan, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE: 2/20/2025 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* /s Stphan Paigua | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CARDINAL HEALTH 200, LLC; a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SONIC LEGAL SERVICES
2023001643
2025/02/24 09:53:27

**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JOSE LUIS SANDOVAL and
on behalf of all others similarly situated

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
12/17/2024 9:28 AM
By: Stephanie Paniagua, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated, | CASE NO.: CIVSB2434865 |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| v. | 1. FAILURE TO PAY OVERTIME WAGES; |
| | 2. FAILURE TO PAY MINIMUM WAGES; |
| CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC, a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive, | 3. FAILURE TO PROVIDE MEAL PERIODS; |
| | 4. FAILURE TO PROVIDE REST PERIODS; |
| | 5. WAITING TIME PENALTIES; |
| | 6. WAGE STATEMENT VIOLATIONS; |
| | 7. FAILURE TO TIMELY PAY WAGES; |
| | 8. FAILURE TO INDEMNIFY; |
| | 9. FAILURE TO PAY INTEREST ON DEPOSITS; |
| | 10. VIOLATION OF LABOR CODE § 227.3; |
| | 11. VIOLATION OF QUOTA LAWS; and |
| Defendants. | 12. UNFAIR COMPETITION. |
| | **DEMAND FOR JURY TRIAL** |
| | [Amount in Controversy Exceeds $35,000.00] |

1    Plaintiff JOSE LUIS SANDOVAL, on behalf of Plaintiff and all others similarly situated,

2    alleges as follows:

3                              **GENERAL ALLEGATIONS**

4                                **INTRODUCTION**

5    1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6    Cardinal Health 200, LLC, and any of its respective subsidiaries or affiliated companies within the

7    State of California ("CARDINAL 200"); Cardinal Health 110, LLC, and any of its respective

8    subsidiaries or affiliated companies within the State of California ("CARDINAL 110"); Cardinal

9    Health 108, LLC, and any of its respective subsidiaries or affiliated companies within the State of

10   California ("CARDINAL 108"); Cardinal Health 414, LLC, and any of its respective subsidiaries or

11   affiliated companies within the State of California ("CARDINAL 414"); Cardinal Health 100, LLC,

12   and any of its respective subsidiaries or affiliated companies within the State of California

13   ("CARDINAL 100"); Cardinal Health 119, LLC, and any of its respective subsidiaries or affiliated

14   companies within the State of California ("CARDINAL 119"); Cardinal Health 201, Inc, and any of

15   its respective subsidiaries or affiliated companies within the State of California ("CARDINAL 201");

16   and Daniel Ruiz ("RUIZ" and collectively, with CARDINAL 200, CARDINAL 110, CARDINAL

17   108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and CARDINAL 201 and DOES 1

18   through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and

19   former non-exempt California employees employed by or formerly employed by Defendants ("Class

20   Members").

21                                  **PARTIES**

22       A.    **Plaintiff**

23   2.        Plaintiff JOSE LUIS SANDOVAL is a resident of the State of California.  At all

24   relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

25   employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

26   operating forklifts.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff JOSE

27   LUIS SANDOVAL worked for Defendants from approximately September of 2024 through

28

**1**   approximately November of 2024 with duties, that included, a sundry of warehouse duties subject to
**2**   production targets and quotas.  Under Defendants' quotas, Plaintiff was assigned or required to
**3**   perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or
**4**   produce a quantified amount of material, within a defined time period and under which he suffered
**5**   adverse employment actions if he failed to complete the performance standard for Defendants, and
**6**   each of them.

**7**          **B.**     **Defendants**

**8**          3.       Plaintiff is informed and believes and based thereon alleges that defendant
**9**   CARDINAL 200 is, and at all times relevant hereto was, a limited liability company organized and
**10**  existing under and by virtue of the laws of the State of Delaware and doing business in the County of
**11**  San Bernardino, State of California. At all relevant times herein, CARDINAL 200 employed Plaintiff
**12**  and similarly situated employees within the State of California.

**13**         4.       Plaintiff is informed and believes and based thereon alleges that defendant
**14**  CARDINAL 110 is, and at all times relevant hereto was, a limited liability company organized and
**15**  existing under and by virtue of the laws of the State of Indiana and doing business in the County of
**16**  San Bernardino, State of California. At all relevant times herein, CARDINAL 110 employed Plaintiff
**17**  and similarly situated employees within the State of California.

**18**         5.       Plaintiff is informed and believes and based thereon alleges that defendant
**19**  CARDINAL 108 is, and at all times relevant hereto was, a limited liability company organized and
**20**  existing under and by virtue of the laws of the State of Delaware and doing business in the County of
**21**  San Bernardino, State of California. At all relevant times herein, CARDINAL 108 employed Plaintiff
**22**  and similarly situated employees within the State of California.

**23**         6.       Plaintiff is informed and believes and based thereon alleges that defendant
**24**  CARDINAL 414 is, and at all times relevant hereto was, a limited liability company organized and
**25**  existing under and by virtue of the laws of the State of Delaware and doing business in the County of
**26**  San Bernardino, State of California. At all relevant times herein, CARDINAL 414 employed Plaintiff
**27**  and similarly situated employees within the State of California.

**28**

7.　　Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 100 is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Indiana and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 100 employed Plaintiff and similarly situated employees within the State of California.

8.　　Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 119 is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 119 employed Plaintiff and similarly situated employees within the State of California.

9.　　Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 201 is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 201 employed Plaintiff and similarly situated employees within the State of California.

10.　　Plaintiff is informed and believes and based thereon alleges that defendant RUIZ is, and at all times relevant hereto was, an individual residing in California, as well as the Plaintiff's supervisor at Defendants, and DOES 1 through 100, as further defined below.

11.　　The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all

1  respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.
2  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include CARDINAL
3  200, CARDINAL 110, CARDINAL 108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and
4  CARDINAL 201, and any of their parent, subsidiary, or affiliated companies within the State of
5  California, as well as Individual RUIZ and DOES 1 through 100 identified herein.

6  **JOINT LIABILITY ALLEGATIONS**

7  12.      Plaintiff is informed and believes and based thereon alleges that all the times
8  mentioned herein, each of the Defendants was the agent, principal, employee, employer,
9  representative, joint venture or co-conspirator of each of the other defendants, either actually or
10 ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
11 employment, joint venture, and conspiracy.

12 13.      All of the acts and conduct described herein of each and every corporate defendant was
13 duly authorized, ordered, and directed by the respective and collective defendant corporate employers,
14 and the officers and management-level employees of said corporate employers. In addition thereto,
15 said corporate employers participated in the aforementioned acts and conduct of their said employees,
16 agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct
17 of said corporate employees, agents, and representatives, the defendant corporation respectively and
18 collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise
19 approved of each and all of the said acts and conduct of the aforementioned corporate employees,
20 agents and representatives.

21 14.      Plaintiff is further informed and believes and based thereon alleges that Individual
22 RUIZ and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-
23 referenced Labor Code provisions in violation of Labor Code section 558.1.

24 15.      Plaintiff is informed and believes, and based thereon allege, that there exists such a
25 unity of interest and ownership between Defendants, and each of them, that their individuality and
26 separateness have ceased to exist.

27 16.      Plaintiff is informed and believes, and based thereon alleges that despite the formation
28

of the purported corporate existence of CARDINAL 200, CARDINAL 110, CARDINAL 108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and CARDINAL 201, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Individual RUIZ and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

A. The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B. The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C. Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D. Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E. The recognition of the separate existence of the Individual Defendants and the Alter

1          Ego Defendants would promote injustice insofar that it would permit defendants to

2          insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

3          Code, and other statutory violations. The corporate existence of these defendants

4          should thus be disregarded in equity and for the ends of justice because such disregard

5          is necessary to avoid fraud and injustice to Plaintiff herein;

6      F.    Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

7          Defendants (and vice versa), and the fiction of their separate corporate existence must

8          be disregarded;

9    17.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

10 thereon alleges that Defendants, and each of them, are joint employers.

11                    **JURISDICTION**

12    18.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of

13 Civil Procedure section 410.10.

14    19.    Venue is proper in San Bernardino County, California pursuant to Code of Civil

15 Procedure sections 392, et seq. because, among other things, San Bernardino County is where the

16 causes of action complained of herein arose; the county in which the employment relationship began;

17 the county in which performance of the employment contract, or part of it, between Plaintiff and

18 Defendants was due to be performed; the county in which the employment contract, or part of it,

19 between Plaintiff and Defendants was actually performed; and the county in which Defendants, or

20 some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and

21 Class Members in San Bernardino County, and because Defendants employ numerous Class Members

22 in San Bernardino County.

23                **FACTUAL BACKGROUND**

24    20.    For at least four (4) years prior to the filing of this action and continuing to the present,

25 Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of

26 them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff

27 and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

28

FIRST AMENDED CLASS ACTION COMPLAINT

1  consecutive work days in a work week without being properly compensated for hours worked in
2  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
3  worked on the seventh consecutive work day in a work week by, among other things, failing to
4  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;
5  engaging, suffering, or permitting employees to work off the clock, including, without limitation, by
6  requiring Plaintiff and Class Members: to come early to work and leave late work without being able
7  to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to
8  complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for
9  meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or
10 safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the
11 clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the
12 clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive
13 pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular
14 rate of pay for the pay periods where overtime was worked and the additional compensation was
15 earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time
16 entries, editing and/or manipulation of time entries; and by attempting but failing to properly
17 implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to
18 implement a written agreement designating the regularly scheduled alternative workweek in which
19 the specified number of work days and work hours are regularly recurring; failing to adopt the AWS
20 in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the
21 affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any
22 AWS election; and/or failing to register an AWS election with the State of California, as required by
23 Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

24     21.     For at least four (4) years prior to the filing of this Action and continuing to the present,
25 Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of
26 them, in violation of California state wage and hour laws as a result of, among other things, at times,
27 failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

28

1  above the minimum wage; engaging, suffering, or permitting employees to work off the clock,
2  including, without limitation, by requiring Plaintiff and Class Members: to come early to work and
3  leave late work without being able to clock in for all that time, to suffer under Defendants' control
4  due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks
5  after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,
6  to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the
7  clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time
8  entries; editing and/or manipulation of time entries to show less hours than actually worked; failing
9  to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and
10 Class Members.

11  22.    For at least four (4) years prior to the filing of this Action and continuing to the present,
12 Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely
13 thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours
14 in a work day and a second thirty (30) minute uninterrupted meal period for days on which they
15 worked in excess of ten (10) hours in a work day, and failing to provide compensation for such
16 unprovided meal periods as required by California wage and hour laws.

17  23.    For at least four (4) years prior to the filing of this action and continuing to the present,
18 Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of
19 them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction
20 thereof and failed to provide compensation for such unprovided rest periods as required by California
21 wage and hour laws.

22  24.    For at least three (3) years prior to the filing of this action and continuing to the present,
23 Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount
24 of their wages owed to them upon termination and/or resignation as required by Labor Code sections
25 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages,
26 premium wages, and vacation pay pursuant to Labor Code section 227.3.

27  25.    For at least one (1) year prior to the filing of this Action and continuing to the present,

28

Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

26. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

27. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in purchasing and/or providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

28. For at least three (3) years prior to the filing of the action and continuing to the present, Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class Members, or some of them, for uniforms.

29. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

30. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

31. Since January 1, 2022 and continuing to the present, Defendants have had a consistent

**1** policy of failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108
**2** in connection with Plaintiff and similarly situated employees or former employees who, like Plaintiff,
**3** were covered employees under Labor Code section 2100, within the State of California. Covered
**4** employees, like Plaintiff, had a sundry of warehouse duties subject to production targets and quotas.
**5** Under Defendants' quotas, Plaintiff and similarly situated current and former employees were a are
**6** assigned and/or required to perform at a specified productivity speed, and/or perform a quantified
**7** number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time
**8** period. Moreover, Plaintiff and similarly situated current and former employees of Defendants
**9** suffered adverse employment actions if they failed to complete the performance standard for
**10** Defendants, and each of them.

**11**    32.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action
**12** pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,
**13** 227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105,
**14** 2108, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages,
**15** minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely
**16** wages, waiting time penalties, wage statement penalties, requiring an agreement in writing to terms
**17** and/or conditions which Defendants know is prohibited by law; failure to indemnify work-related
**18** expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper
**19** rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

**20**    33.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to
**21** Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)
**22** prohibiting Defendants from further violating the Labor Code and requiring the establishment of
**23** appropriate and effective means to prevent further violations, as well as all monies owed but withheld
**24** and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution
**25** of amounts owed.

**26**                              **CLASS ACTION ALLEGATIONS**

**27**    34.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

**28**

1  pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and
2  former non-exempt employees of Defendants within the State of California at any time commencing
3  four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class
4  action is provided to the class (collectively referred to as "Class Members").

5       35.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)
6  to amend or modify the class description with greater specificity, further divide the defined class into
7  subclasses, and to further specify or limit the issues for which certification is sought.

8       36.     This action has been brought and may properly be maintained as a class action under
9  the provisions of Code of Civil Procedure section 382 because there is a well-defined community of
10  interest in the litigation and the proposed Class is easily ascertainable.

11       **A.    Numerosity**

12       37.     The potential Class Members as defined are so numerous that joinder of all the
13  members of the Class is impracticable. While the precise number of Class Members has not been
14  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members
15  employed by Defendants within the State of California.

16       38.     Accounting for employee turnover during the relevant periods necessarily increases
17  this number.  Plaintiff alleges Defendants' employment records would provide information as to the
18  number and location of all Class Members.  Joinder of all members of the proposed Class is not
19  practicable.

20       **B.    Commonality**

21       39.     There are questions of law and fact common to Class Members.  These common
22  questions include, but are not limited to:

23            A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours
24                 worked at a proper overtime rate of pay?

25            B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for
26                 all other time worked at the employee's regular rate of pay and a rate of pay that is
27                 greater than the applicable minimum wage?

28

C.  Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.  Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.  Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.  Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.  Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.  Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.  Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.  Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.  Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

M.  Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

N.  Did Defendants' practices and policies violate Labor Code sections 2100 through 2105 for requiring warehouse employees to meet excessive and unlawful quotas thereby preventing them from complying with rest, recovery and meal periods, their ability to use restroom facilities, travel to and from restroom facilities, an/or expose them to

1    safety and Occupational Safety and Health Administration ("OSHA") violations?

2    O.    Did Defendants violate the Unfair Competition Law, Business and Professions Code

3    section 17200, *et seq.*, by their unlawful practices as alleged herein?

4    P.    Are Class Members entitled to restitution of wages under Business and Professions

5    Code section 17203?

6    Q.    Are Class Members entitled to costs and attorneys' fees?

7    R.    Are Class Members entitled to interest?

8    **C.    Typicality**

9    40.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged

10    by any Class Members, and the relief sought is typical of the relief which would be sought by each

11    Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages

12    arising out of and caused by Defendants' common course of conduct in violation of laws and

13    regulations that have the force and effect of law and statutes as alleged herein.

14    **D.    Adequacy of Representation**

15    41.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.

16    Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class

17    actions.

18    **E.    Superiority of Class Action**

19    42.    A class action is superior to other available means for the fair and efficient adjudication

20    of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law

21    and fact common to Class Members predominate over any questions affecting only individual Class

22    Members.  Class Members, as further described therein, have been damaged and are entitled to

23    recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

24    Labor Code at times, as set out herein.

25    43.    Class action treatment will allow Class Members to litigate their claims in a manner

26    that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

27    any difficulties that are likely to be encountered in the management of this action that would preclude

28

1  its maintenance as a class action.

2  **F.**   **Public Policy Considerations**

3  44.        Employees in the State of California violate employment and labor laws every day.

4  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

5  Former employees are fearful of bringing actions because they believe their former employers might

6  damage their future endeavors through negative references and/or means.  Class actions provide class

7  members who are not named in the complaint with a type of anonymity that allows for the vindication

8  of their rights while affording them privacy protections.

9  45.        The quota laws clearly state that "… an employee cannot be required to meet a quota

10  that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable

11  travel time to and from bathrooms), or compliance with occupational health and safety standards. A

12  quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including

13  reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the

14  Labor Code or division standards is unlawful and may not be the basis for an adverse employment

15  action.  A quota may be illegal if it directly or indirectly precludes employees from exercising these

16  statutory rights.  For example, a quota that requires that employees always be engaged in productive

17  activity during work hours would be unlawful as it would directly prevent employees from taking

18  meal and rest periods to prevent them from using bathroom facilities during work hours or exercising

19  their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee

20  takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational

21  health and safety standards, they will fail to meet the quota.  Such a quota indirectly precludes an

22  employee from exercising these statutory rights and is also unlawful.  An employer cannot take

23  adverse employment action against an employee for failing to meet an unlawful quota or a quota that

24  has not been disclosed to the employee.  (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and

25  description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

26  / / /

27  / / /

28

## **GENERAL ALLEGATIONS**

### **Background**

46.     At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees at numerous locations within California. Defendants employed Plaintiff in a non-exempt position during Plaintiff's employment and continues to employ non-exempt employees within California.

47.     Plaintiff is informed and believes, and based thereon alleges, that all times mentioned herein, Defendants were advised by skill lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

48.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and all others similarly situated, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so all in order to increase Defendants' profits.  Furthermore, Plaintiff, is informed and believes, and thereon alleges that  Defendants further implemented an unlawful policy and practice of alleging that employees were "stealing time" when they failed to clock-in or clock-out at the designated scheduled time when in fact Defendants use this strategy to terminate, reprimand, or retaliate against employees who complained that Defendants' quota and production demands were unreasonable and violated Labor Code sections 2100 – 2112.

49.     Plaintiff is informed and believes, and thereon alleges, that at all times Defendants tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and in violation of California laws. Defendants were also fully cognizant that they failed to maintain the proper temperature controls as required by the IWC Wage Orders and California law, as such, exposing them to further health and OSHA safety requirements, prohibited under California quota laws.

50.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they imposed systematic quota and production demands on Plaintiff and Class

1  Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq.*, Defendants
2  had a duty to ensure its production demands did not interfere with Plaintiff's and Class Members'
3  right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards.
4  Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas,
5  placing profits above concern for employee safety.

6                                      **Unpaid Wages**

7      51.      Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
8  have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,
9  overtime, and double times wages and that they were not receiving minimum, regular, overtime, and
10 double time wages for all work that was required to be performed.  Furthermore, Defendants knew
11 that on January 1, 2022, they must provide Plaintiff and Class Members a written description of
12 Defendants' quota production demands and failed to do so.

13     52.      Plaintiff is informed and believes, and based thereon alleges, that during the Class
14 Period, Plaintiff and Class Members regularly worked in excess of eight (8) hours in a workday and/or
15 40 hours in a workweek and/or in excess of 12 hours in a workday. On    information    and    belief,
16 Defendants did not accurately or appropriately compensate Plaintiff and Class Members for the hours
17 worked.

18     53.      Plaintiff is informed and believes, and based thereon alleges, that in violation of the
19 Labor Code and IWC Wage Orders, Defendants rounded, edited, and/or input the incorrect times for
20 Plaintiff' and Class Members' start times to reflect the scheduled start time instead of the actual start
21 time which should have included time spent arriving early to work, and performing other preliminary
22 duties and postliminary duties, and otherwise preparing for the workday. Defendants also rounded
23 Plaintiff' and Class Members' end time to reflect the scheduled end time despite working past those
24 hours.  As such, Plaintiff and Class Members performed work off-the-clock without compensation.
25 Plaintiff and Class Members were not paid a split shift premium and were required to work shifts
26 which were sufficiently long and were counted as "meal period" and "rest periods."  While under the
27 control of TAWA Services, Inc. or any joint employer they were not paid the split shift interval.
28

1  Defendants failed to compensate Plaintiff and Class Members for all hours worked for work
2  performed off-the-clock and for reporting time pay, and overtime pay.  Defendants failed to pay the
3  appropriate and correct legal wages for bonus pay (i.e., premium pay, sick pay, vacation pay, overtime
4  and double overtime) and vacation pay according to California law.

5                                  **Meal Period Violations**

6      54.         Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
7  have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted
8  30-minute meal period for every five hours of work, or payment of one additional hour of pay at their
9  regular rate of pay when they did not receive a compliant meal period. Defendants enacted quotas that
10  prevented Plaintiff and Class Members from taking lawful meal periods. During the Class Period,
11  Plaintiff and Class Members regularly worked in excess of five (5) and/or 10 hours per workday.  In
12  violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive
13  compliant meal periods. As such, Defendants failed to provide all required meal period, including
14  second meal periods when Plaintiff and Class Members worked in excess of 10 hours per workday.
15  Even though Plaintiff and other Class Members were prevented from taking compliant meal periods,
16  Defendants failed to provide them with premium pay for every non-compliant meal period.
17  Defendants' quota requirements were unlawful and prevented employees from complying with
18  California laws regarding meal periods. 53.  Rest Period Violations Recovery Violations: Defendants
19  tracked and maintained a record of each and every rest period that violated California law including
20  when Plaintiff or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota
21  demands were unreasonable and pressured Plaintiff and Class Members to work through rest periods.
22  Plaintiff are informed and believe, and thereon alleges, that Defendants knew or should have known
23  that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest
24  period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional
25  hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.
26  Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful rest
27  periods.  During the Class Period, Plaintiff and Class Members regularly worked in excess of four (4)

28

1  hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiff and
2  Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy
3  and practice to favor production goals over employee rights.  Consequently, Plaintiff and Class
4  Members were not authorized or permitted to take rest breaks, including first, second, and third rest
5  breaks. Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their
6  regular rate of pay when they did not receive a compliant rest break. On information and belief,
7  Defendants also failed to provide recovery periods to employees.  Defendants' quota requirements
8  were unlawful and prevented employees from complying with California laws regarding recovery and
9  rest periods.

**Recovery Violations**

11     55.     Recovery Violations: Defendants did maintain a policy of providing recovery or
12  permitted recovery periods or paying premium pay in lieu thereof. Quota and performance demands
13  were unreasonable and pressured Plaintiff and Class Members to work through breaks including
14  recovery periods. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
15  should have known that Plaintiff and Class Members were entitled to receive recovery periods for
16  safety, including cooling-down, and heat prevention illness.  Defendants, among other reasons,
17  enacted quotas that prevented Plaintiff and Class Members from taking recovery periods.
18  Consequently, Plaintiff and Class Members were not authorized or permitted to take recovery periods
19  which permit employees of a minimum of 5 minutes to "cool down.". Defendants failed to pay
20  Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not
21  provide a recovery period. On information and belief, Defendants also failed to provide recovery
22  periods to Class Members.

**Waiting Time Penalties**

24     56.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
25  have known that Plaintiff and Waiting Time Subclass Members who separated from their employment
26  with Defendants during the statutory period were entitled to timely payment of all wages due.  In
27  violation of the Labor Code, Plaintiff and Waiting Time Class Members did not receive payment of

1    all wages owed upon separation within the permissible time period due to, inter alia, Defendants'

2    failure to pay all wages and meal and rest period premiums to Plaintiff and Class Members.

3                        **Wage Statement Violations**

4        57.        Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

5    have known that Plaintiff and Class Members were entitled to receive complete and accurate wage

6    statements and failed to abide by the requirements of Labor Code section 226 to pay and record each

7    premium pay and meal and rest period violation which Defendants tracked and recorded. In addition,

8    Plaintiff and Class Members are entitled to payroll records and signed records. In violation of the

9    Labor Code and the IWC Wage Orders, Plaintiff and Class Members were not furnished with complete

10   and accurate wage statements, signed records, and payroll records that show all of the information

11   required by Labor Code §§ 226, 1198.5, and/or 432 including, but not limited to, the gross and net

12   wages earned, the total hours worked, all applicable hourly rates in effect during the pay period, and

13   the corresponding number of hours worked at each hourly rate.

14                        **Quota Violations**

15       58.        Defendants have willfully and intentionally violated, among other claims, California's

16   warehouse workers and quota laws, including, without limitation, Labor Code sections 2100 through

17   2112, as alleged below.

18                    **FIRST CAUSE OF ACTION**

19             **(Failure to Pay Overtime Wages -Against All Defendants)**

20       59.        Plaintiff realleges and incorporates by reference all of the allegations contained in the

21   preceding paragraphs as though fully set forth hereat.

22       60.        At all relevant times, Plaintiff and Class Members were employees or former

23   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

24   Wage Orders.

25       61.        At all times relevant to this Complaint, Labor Code section 510 was in effect and

26   provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in

27   one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at

28

1    the rate of no less than one and one-half times the regular rate of pay for an employee."

2        62.        At all times relevant to this Complaint, Labor Code section 510 further provided that
3    "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice
4    the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh
5    day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

6        63.        Four (4) years prior to the filing of the Complaint in this Action through the present,
7    Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more
8    than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)
9    consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a
10    result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours
11    actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to
12    work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come
13    early to work and leave late work without being able to clock in for all that time, to suffer under
14    Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in
15    and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock
16    out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company
17    meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through
18    security screenings and/or temperature checks off the clock; failing to include all forms of
19    remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask
20    allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods
21    where overtime was worked and the additional compensation was earned for the purpose of
22    calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or
23    manipulation of time entries; and by attempting but failing to properly implement an alternative
24    workweek schedule ("AWS") (including, without limitation, by failing to implement a written
25    agreement designating the regularly scheduled alternative workweek in which the specified number
26    of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot
27    election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees

28

1  in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or

2  failing to register an AWS election with the State of California, as required by Labor Code section

3  511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

4         64.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than

5  eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

6  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

7  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

8  applicable IWC Wage Orders, and California law.

9         65.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been

10  deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus

11  interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

12  1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

13                   **SECOND CAUSE OF ACTION**

14        **(Failure to Pay Minimum Wages – Against All Defendants)**

15         66.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

16  preceding paragraphs as though fully set forth hereat.

17         67.      At all relevant times, Plaintiff and Class Members were employees or former

18  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

19         68.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

20  Members were entitled to receive minimum wages for all hours worked or otherwise under

21  Defendants' control.

22         69.      For four (4) years prior to the filing of the Complaint in this Action through the present,

23  Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

24  rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

25  the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to

26  work and leave late work without being able to clock in for all that time, to suffer under Defendants'

27  control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift

28

1  tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest

2  periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings

3  off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of

4  employee time entries; editing and/or manipulation of time entries to show less hours than actually

5  worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of

6  Plaintiff and Class Members.

7    70.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

8  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

9  all hours worked or otherwise due.

10    71.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

11  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

12  the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

13  reasonable attorneys' fees and costs of suit.

14                          **THIRD CAUSE OF ACTION**

15                  **(Failure to Provide Meal Periods – Against All Defendants)**

16    72.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

17  preceding paragraphs as though fully set forth hereat.

18    73.    At all relevant times, Plaintiff and Class Members were employees or former

19  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

20    74.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

21  employ an employee for a work period of more than five (5) hours without a timely meal break of not

22  less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore,

23  no employer shall employ an employee for a work period of more than ten (10) hours per day without

24  providing the employee with a second timely meal period of not less than thirty (30) minutes in which

25  the employee is relieved of all of his or her duties.

26    75.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

27  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

28

the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

76.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

77.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

78.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

79.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Rest Periods – Against All Defendants)

80.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

81.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

82.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

1  period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3
2  ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts
3  of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest
4  period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)
5  minutes of paid rest period.

6  83.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
7  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare
8  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's
9  regular rate of compensation for each work day that the rest period is not provided.

10  84.    For four (4) years prior to the filing of the Complaint in this Action through the present,
11  Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-
12  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.
13  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's
14  regular rate of compensation on the occasions that Class Members were not authorized or permitted
15  to take compliant rest periods.

16  85.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take
17  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's
18  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully
19  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

20  86.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
21  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed
22  for rest periods that they were not authorized or permitted to take.

23  87.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid
24  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest
25  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of
26  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

27  / / /

28

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

88.　　Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

89.　　At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

90.　　Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

91.　　Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

92.　　Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

93.　　Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or

1 | resignation, until paid, up to a maximum of thirty (30) days.

2 | 94.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
3 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
4 | prior to termination or resignation.

5 | 95.        Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
6 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
7 | waiting time penalties, interest, and their costs of suit, as well.

8 | <center>**SIXTH CAUSE OF ACTION**</center>

9 | <center>**(Failure to Provide Accurate Wage Statements – Against All Defendants)**</center>

10 | 96.        Plaintiff realleges and incorporates by reference all of the allegations contained in the
11 | preceding paragraphs as though fully set forth hereat.

12 | 97.        At all relevant times, Plaintiff and Class Members were employees or former
13 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14 | 98.        Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were
15 | entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
16 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net
17 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding number
18 | of hours worked at each hourly rate; among other things.

19 | 99.        Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
20 | before the filing of the Complaint in this Action through the present, Defendants failed to comply with
21 | Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their
22 | failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that
23 | accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all
24 | applicable hourly rates in effect during the pay period and the corresponding number of hours worked
25 | at each hourly rate; among other things.

26 | 100.        Defendants' failure to, at times, provide Plaintiff and Class Members with accurate
27 | wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff

28 |

1 and the other Class Members with accurate wage statements, but, at times, willfully provided wage
2 statements that Defendants knew were not accurate.

3    101.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
4 suffered injury.  The absence of accurate information on Class Members' wage statements at times
5 has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and
6 mathematical computations to determine the amount of wages owed; causes difficulty and expense in
7 attempting to reconstruct time and pay records; and led to submission of inaccurate information about
8 wages and amounts deducted from wages to state and federal governmental agencies, among other
9 things.

10    102.    Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are
11 entitled to recover $50 for the initial pay period during the period in which violation of Labor Code
12 section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay
13 period, not to exceed an aggregate $4,000.00 per employee.

14    103.    Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure
15 section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full
16 amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,
17 and costs of suit.

18                          **SEVENTH CAUSE OF ACTION**

19            **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

20    104.    Plaintiff realleges each and every allegation set forth in the preceding paragraphs and
21 incorporate each by reference as though fully set forth hereat.

22    105.    At all relevant times, Plaintiff and Class Members were employees or former
23 employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

24    106.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days,
25 inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during
26 which the labor was performed, and labor performed between the 16th and the last day, inclusive, of
27 any calendar month, shall be paid for between the 1st and 10th day of the following month."

28

**1**  107.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely
**2** independent and apart from, any other penalty provided in this article, every person who fails to pay
**3** the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and
**4** 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars
**5** ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful
**6** or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25
**7** percent of the amount unlawfully withheld."

**8**  108.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year
**9** before the filing of the Complaint in this Action through the present, Defendants employed policies
**10** and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with
**11** Labor Code section 204.

**12**  109.    Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to
**13** recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred
**14** dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each
**15** subsequent violation in connection with each payment that was made in violation of Labor Code
**16** section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

**17**  110.    Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and
**18** 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,
**19** interest, and their costs of suit, as well.

**20**                                   **EIGHTH CAUSE OF ACTION**

**21**                     **(Violation of Labor Code § 2802 – Against All Defendants)**

**22**  111.    Plaintiff realleges and incorporates by reference all of the allegations contained in the
**23** preceding paragraphs as though fully set forth hereat.

**24**  112.    At all relevant times, Plaintiff and Class Members were employees or former
**25** employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

**26**  113.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify
**27** his or her employee for all necessary expenditures or losses incurred by the employee in direct

**28**

FIRST AMENDED CLASS ACTION COMPLAINT

1  consequence of the discharge of his or her duties . . ."

2  114.    For three (3) years prior to the filing of the Complaint in this Action through the
3  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,
4  necessary expenditures or losses in direct consequence of the discharge of their duties or at the
5  obedience to the directions of Defendants that included, without limitation: purchasing and/or
6  providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms;
7  mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using
8  cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

9  115.    During that time period, Plaintiff is informed and believes, and based thereon alleges
10  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class
11  Members for those losses and/or expenditures.

12  116.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
13  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-
14  described losses and/or expenditures.

15  117.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and
16  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement
17  for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

18  **NINTH CAUSE OF ACTION**

19  **(Violation of Labor Code § 404 – Against All Defendants)**

20  118.    Plaintiff realleges and incorporates by reference all of the allegations contained in the
21  preceding paragraphs as though fully set forth herein.

22  119.    At all relevant times, Plaintiff and Class Members were employees or former
23  employees of Defendants covered by Labor Code sections 400 through 410.

24  120.    Pursuant to Labor Code section 404, Defendants were required to immediately return
25  amounts deposited for uniforms with accrued interest when Plaintiff and Class Members returned the
26  required uniforms to Defendants.

27  121.    Plaintiff is informed and believes, and based thereon alleges that for three (3) years

28

1 | prior to the filing of this Action through the present, due to policies and practices adopted by
2 | Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return
3 | accrued interest on deposits made by Plaintiff and Class Members upon their returning their uniforms
4 | to Defendants.

5 | 122.        As a result of Defendants' conduct, Plaintiff and Class Members have suffered
6 | damages in an amount subject to proof, to the extent they were not compensated for accrued interest
7 | on amounts deposited for mandatory uniforms upon returning their uniforms to Defendants.

8 | 123.        Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members are
9 | entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees and
10 | costs of suit.

11 | **TENTH CAUSE OF ACTION**

12 | **(Violation of Labor Code § 227.3 – Against All Defendants)**

13 | 124.        Plaintiff re-alleges and incorporates by reference all of the allegations contained in the
14 | preceding paragraphs of this Complaint as though fully set forth hereon.

15 | 125.        According to Labor Code section 227.3, whenever a contract of employment or
16 | employer policy provides for paid vacations, and an employee is terminated without having taken off
17 | his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in
18 | accordance with such contract of employment or employer policy respecting eligibility or time served.

19 | 126.        Plaintiff is informed and believes, and based thereon alleges that, at all times relevant
20 | hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and
21 | that Plaintiff's employment contract with Defendants included paid vacations.

22 | 127.        For at least four (4) years prior to the filing of this action and continuing to the present,
23 | Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
24 | employees or former employees within the State of California with compensation at their final rate of
25 | pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

26 | 128.        As a proximate result of Defendants' failure to pay vested vacation at the final rate of
27 | Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code

28 |

1 section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their
2 final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and
3 Class Members, on the one hand, and Defendants, on the other hand.

4     129.    As a further proximate result of Defendants' above-described acts and/or omissions,
5 Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and
6 prejudgment interest.

7 <div align="center">**ELEVENTH CAUSE OF ACTION**</div>

8 <div align="center">**(Violation of California's Quota Law –Against All Defendants)**</div>

9     130.    Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though
10 fully set forth herein.

11     131.    At all relevant times, Defendants had a duty to comply with Labor Code sections 2100
12 *et seq.*

13 <div align="center">**Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas**</div>

14     132.    Starting January 1, 2022, Defendants were required to provide each new hire a written
15 description of each quota the Defendants required Plaintiff and Putative Class Members to work
16 under. This includes the number of tasks to be performed or materials that must be produced or
17 handled within a time period, and any potential adverse employment action that could result from
18 failing to meet quotas as defined by Labor Code 2100 *et. seq.*

19     133.    Plaintiff and Putative Class Members routinely worked more than twelve hours in
20 Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful
21 quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's
22 quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

23     134.    Defendants had and have the financial ability to comply with California's quota laws,
24 but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength.
25 Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants
26 were advised by skilled lawyers, employees, and other professionals who were knowledgeable about
27 California's wage and hour laws, employment and personnel practices, and the requirements of

28

1  California law.

2     135.        Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
3  have known they imposed systematic quota and production demands on Plaintiff and Putative Class
4  Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq.*
5  Defendants, and each of them, know and have known at all times herein referenced that it requires
6  and required Plaintiff and Putative Class Members "…to meet a quota that prevents compliance with
7  meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
8  facilities, or occupational health and safety laws in the Labor Code or division standards" in violation
9  of Labor Code section 2102.

10              **Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

11     136.        On information and belief, hundreds of employees have suffered quota related injuries
12  since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten
13  policy which is implemented through supervisors and managers that eliminates injured employees.
14  While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is
15  injured employees were targeted for elimination for one well known reason: the perception and false
16  belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured
17  employees are categorized as unproductive employees and are terminated for "low performance."

18     137.        Defendants, and each of them, willfully, knowingly and intentionally failed to establish
19  quotas that did not harm Plaintiff and Putative Class Members in order to increase Defendants' profits
20  without concern for employee safety. Defendants' quotas required Plaintiff and Putative Class
21  Members, to meet quantified work and production targets and quotas relating to their warehouse
22  duties.

23              **Defendants' Warehouse Employees are Covered Employees**

24     138.        Defendants, and each of them, are covered employers and maintain, implement, and
25  enforces illegal quotas.  Plaintiff and Putative Class Members are subject to quotas and are protected
26  by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under
27  which an employee is assigned or required to perform at a specified productivity speed, or perform a

28

1    quantified number of tasks, or to handle or produce a quantified amount of material, within a defined

2    time period and under which the employee may suffer an adverse employment action if they fail to

3    complete the performance standard."

4    139.    Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse

5    employees' performance based on employee work speed data and subsequently takes adverse action

6    against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision

7    (e)(1) that "'employee work speed data' means information an employer collects, stores, analyzes, or

8    interprets relating to an individual employee's performance of a quota, including, but not limited to,

9    quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of

10   tasks performed, measurements or metrics of employee performance in relation to a quota, and time

11   categorized as performing tasks or not performing tasks."  Under section (e)(2), "'employee work

12   speed data' does not include qualitative performance assessments, personnel records, or itemized

13   wage statements pursuant to Section 226, except for any content of those records that includes

14   employee work speed data as defined in this part."

15   140.    Defendants store, track, and analyze employees' speed data to measure performance

16   and takes adverse employment action against employees in violation of Labor Code section 2102,

17   which states that "[a]n employee shall not be required to meet a quota that prevents compliance with

18   meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom

19   facilities, or occupational health and safety laws in the Labor Code or division standards. An employer

20   shall not take adverse employment action against an employee for failure to meet a quota that does

21   not allow a worker to comply with meal and rest breaks, or occupational health and safety laws in the

22   Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the

23   employee pursuant to Section 2101."

24   141.    Plaintiff and Putative Class Members, as alleged throughout this complaint, were

25   required to meet excessive quotas.  Defendants could comply with the law by complying with the law

26   and refuse to do so.  Defendants claim they do not have, maintain, implement, or require quotas of

27   any of its warehouse employees.

28

**Defendants Changes Quotas Regularly and Fail to Disclose New Quotas**

142.         Defendants failed to advise and/or disclose to new hires the written quota description as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is updated or changed.

143.         Defendants, and each of them, failed to disclose Plaintiff's quota after Plaintiff demanded Plaintiff's written disclosures pursuant to Labor Code section 2104, which states at (a)(1) that "[i]f a current or former employee believes that meeting a quota caused a violation of their right to a meal or rest break or required them to violate any occupational health and safety laws in the Labor Code or division standards, they have the right to request, and the employer shall provide, a written description of each quota to which the employee is subject and a copy of the most recent 90 days of the employee's own personal work speed data." Subdivision (a)(2) states that "[i]f a former employee requests a written description of the quotas to which they were subject and a copy of their own personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former employee's quotas and personal work speed data for the 90 days prior to the date of the employee's separation from the employer. Subdivision (a)(3) states that "[a] former employee is limited to one request pursuant to this subdivision." Subdivision (b) states that "[a]n employer that receives a written or oral request for information pursuant to subdivision (a) shall comply with the request as soon as practicable, but no later than 21calendar days from the date of the request. Plaintiff, through their Counsel of record, served on Defendants a demand for a written description of the quotas they were subject to. Defendants ignored their request. More than 21 days have passed since the request for a written description and Defendants refuses to comply with the law. As such, Plaintiff is forced to both file a lawsuit and/or file for injunctive relief for Plaintiff and on behalf of Class Members.

**Quotas Interfered with Employees' Use of Bathroom Facilities**

144.         Plaintiff and Class Members were restricted in their ability to use the bathroom facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein and above. Employees were monitored by Defendants' leads and/or supervisors and were instructed

to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et. seq.*

### Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates

145.    On information and belief, hundreds of employees have suffered quota related injuries. On information and belief, Defendants' (and each of their) unwritten policies, which are implemented through supervisors and managers, is to eliminate injured employees. While Defendants, and each of them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for elimination for one well known reason: the perception and false belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive employees and are terminated for "low performance."

### Quotas Adversely Impacted Meal & Rest Periods

146.    Defendants knew that Plaintiff, Class Members, and Class Members were entitled to receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiff and Putative Class Members from complying with California's meal period laws. Plaintiff and Putative Class Members regularly worked in excess of five (5) and/or 10 hours per workday. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Putative Class Members did not receive compliant lunches because of Defendants' unlawful quotas.

147.    Defendants, and each of them, maintained excessive quota demands which interfered with Plaintiff and Putative Class Members' ability to take legal meal periods and in fact it prevented them from complying with California law regarding lunches. For example, employees were monitored, reprimanded, and discouraged from taking meal periods. Employees were required under the penalty of reprimand or termination to clock in and out for meal periods. This ruse was implemented and required by DEFENDANTS for unlawful purposes. In reality, the unwritten meal period policy was to work through meal period or punished. If Defendants can demonstrate employees clocked in and out for lunch, then it can falsely argue that they did comply with California law in defending the many lawsuits accusing them of violating California break laws. The reality was, is,

1    and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiff and

2    Class Members work through meal periods or take shortened meal periods.

3                                    **On Duty/On Call Breaks**

4        148.        Defendants also violated Labor Code section 2103 because it required and continues

5    to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them,

6    know when warehouse employees are working through breaks to meet quotas in violation of Labor

7    Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal

8    and rest breaks are not considered productive time unless the employee is required to remain on call.

9        149.        Plaintiff and Putative Class Members were regularly and routinely required to remain

10   on call to meet quotas. Defendants required employees to regularly monitor quota statistics and

11   receive and respond to messages when on breaks.

12              **Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks**

13       150.        Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

14   legal rest breaks. Defendants enacted quotas that prevented Plaintiff and Putative Class Members from

15   complying with California rest period laws.

16       151.        On information and belief, Defendants, and each of them, take adverse employment

17   action against employees who choose and/or insist on a legal rest break. Class Members were

18   monitored, reprimanded, and discouraged from using bathroom facilities until their designated time

19   for rest breaks.  However, this policy and practice was implemented and encouraged by Defendants'

20   (and each of their) supervisory and/or managerial personnel such that if Class Members worked

21   through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota

22   requirements.

23       152.        Defendants also implemented an illegal policy requiring Plaintiff and Putative Class

24   Members to "waive" meal periods. Plaintiff and Putative Class Members were required to sign meal

25   period waivers when in fact many employees did not want to sign waivers because they wanted a

26   break. Plaintiff and, on information and belief, many Class Members also complained about

27   Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations,

28

1  and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or
2  purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in
3  any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days
4  of the employee doing either of the following: (a) Initiating the employee's first request in a calendar
5  year for information about a quota or personal work speed data pursuant to subdivision (a) of Section
6  2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104,
7  inclusive, to the commissioner, the division, other local or state governmental agency, or the
8  employer.

9  **Injunctive Relief**

10  153.    Plaintiff and Putative Class Members were and continue to labor under the constant
11  threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq.*

12  154.    Defendants knew or should have known that their quotas were and continue to be
13  illegal. Defendants new and know their quotas require Plaintiff and Putative Class Members to expose
14  themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for
15  violating California's wage and hour laws. Despite prior, current and future litigation, Defendants,
16  and each of them, will continue to violate California's quota laws absent a jury award in Plaintiff and
17  Class Members' favor

18  155.    Plaintiff, Class Members, and Class Members are entitled to injunctive relief under
19  California Labor Code section 2108, compelling Defendants to comply with California Labor Code
20  sections 2100 *et. seq.*, and seek the recovery of attorneys' fees and costs incurred in obtaining this
21  injunctive relief.

22  **TWELFTH CAUSE OF ACTION**

23  **(Unfair Competition – Against All Defendants)**

24  156.    Plaintiff realleges and incorporates by reference all of the allegations contained in the
25  preceding paragraphs as though fully set forth hereat.

26  157.    Plaintiff is informed and believes and based thereon alleges that the unlawful conduct
27  of Defendants alleged herein constitutes unfair competition within the meaning of Business and

28

1  Professions Code section 17200. Plaintiff is further informed and believes and based thereon alleges
2  that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least
3  four (4) years prior to the filing of this action and continuing to the present, Defendants have had a
4  consistent policy of failing to provide Plaintiff and similarly situated employees or former employees
5  within the State of California with the rights provided to them under the Healthy Workplace Heathy
6  Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business
7  practices in violation of the Labor Code, Defendants have gained a competitive advantage over other
8  comparable companies doing business in the State of California that comply with their obligations to
9  compensate employees in accordance with the Labor Code.

10  158.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class
11  Members have suffered injury in fact and lost money or property.

12  159.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members
13  are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and
14  requiring the establishment of appropriate and effective means to prevent further violations, as well
15  as restitution of all wages and other monies owed to them under the Labor Code, including interest
16  thereon, in which they had a property interest and which Defendants nevertheless failed to pay them
17  and instead withheld and retained for themselves. Restitution of the money owed to Plaintiff and
18  Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure
19  to comply with the Labor Code.

20  160.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure
21  section 1032 and interest under Civil Code section 3287.

22  **<u>DEMAND FOR JURY TRIAL</u>**

23  161.      Plaintiff demands a trial by jury on all causes of action contained herein.

24  **<u>PRAYER</u>**

25  WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment
26  against Defendants as follows:

27  A.      An order certifying this case as a Class Action;

28

| | | |
|---|---|---|
| 1 | B. | An Order appointing Plaintiff as Class representative and appointing Plaintiff's |
| 2 | | counsel as class counsel; |
| 3 | C. | Damages for all wages earned and owed, including minimum and overtime wages |
| 4 | | and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1, |
| 5 | | 1194, 1197 and 1199 and 227.3; |
| 6 | D. | Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2; |
| 7 | E. | Damages for unpaid premium wages from missed meal and rest periods under, |
| 8 | | among other Labor Code sections, 512, 558.1 and 226.7; |
| 9 | F. | Penalties for inaccurate wage statements under Labor Code sections 226, subdivision |
| 10 | | (e) and 558.1; |
| 11 | G. | Waiting time penalties under Labor Code sections 203 and 558.1; |
| 12 | H. | Penalties to timely pay wages under Labor Code section 210; |
| 13 | I. | Damages under Labor Code sections 2802 and 558.1; |
| 14 | J. | Damages under Labor Code section 404; |
| 15 | K. | Preliminary and permanent injunctions prohibiting Defendants from further violating |
| 16 | | the California Labor Code and requiring the establishment of appropriate and |
| 17 | | effective means to prevent future violations, including, without limitation, under |
| 18 | | Labor Code sections 17200, *et seq.* and 2100, *et seq.*; |
| 19 | L. | Restitution of wages and benefits due which were acquired by means of any unfair |
| 20 | | business practice, according to proof; |
| 21 | M. | Prejudgment and post-judgment interest at the maximum rate allowed by law; |
| 22 | N. | For attorneys' fees in prosecuting this action; |
| 23 | O. | For costs of suit incurred herein; and |
| 24 | /// | |
| 25 | /// | |
| 26 | /// | |
| 27 | /// | |
| 28 | | |

1      P.      For such other and further relief as the Court deems just and proper.

2

3   Dated:  November 26, 2024              BIBIYAN LAW GROUP, P.C.

4

5                                          BY: _____

6                                              David D. Bibiyan
                                               Sarah H. Cohen
7
                                           Attorneys for Plaintiff JOSE LUIS SANDOVAL
8                                          and on behalf of all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| BIBIYAN LAW GROUP, P.C David Bibiyan (Cal. Bar No. 287811) <br> 1460 Westwood Boulevard, Los Angeles, California 90024 <br><br> TELEPHONE NO.: 310-438-5555    FAX NO.: 310-300-1705 <br> EMAIL ADDRESS: david@tomorrowlaw,com & sarah@tomorrowlaw.com <br> ATTORNEY FOR *(Name)* Plaintiff, JOSE LUIS SANDOVAL | ELECTRONICALLY FILED <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF SAN BERNARDINO <br> SAN BERNARDINO DISTRICT <br> 11/19/2024 5:10 PM <br> By: Elda Ramirez, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 West 3rd St
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME:
JOSE LUIS SANDOVAL V. CARDINAL HEALTH 200, LLC et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: CIVSB2434865 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [x] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/19/2024

David D. Bibiyan
(TYPE OR PRINT NAME)

▶ /s/ David D. Bibiyan
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

**Page 2 of 2**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| ** Complex** Jose Luis Sandoval  -v-  Ruiz Et Al | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT FOR ALL PURPOSES**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | Case Number<br>CIVSB2434865 |

Bibiyan Law Group, P.c.
1460 Westwood Boulevard
Los Angeles Ca  90024

Please take notice that the above-entitled case has been set for a Case Management Conference.  You must appear at this hearing or your case may be dismissed and monetary penalties may be imposed.

Appearance Date:  :  6/17/2025 at 8:30 a.m. in Department Department S31 - SBJC

This case has been assigned to Judge Stephanie Thornton-Harris in Department Department S31 - SBJC for all purposes.

Your Joint Statement must be filed, directly in the Complex Litigation Department, 5 calendar days prior to the hearing.

To the party served:  The setting of this date **does not** increase the time you have to respond to the petition.  The time for response is clearly stated on the Summons.

Please see the Guidelines for the Complex Litigation Program for further information.  The guidelines may be found at the Court website:  http://www.sb-court.org

**A copy of this notice must be served on the respondent.**

Date: 12/17/2024

Anabel Z. Romero
By:   Elda Ramirez
Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice by:

☒  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing:  12/17/2024

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 12/17/2024 at San Bernardino.

By:   Elda Ramirez

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

JOSE LUIS SANDOVAL

vs.

CARDINAL HEALTH 200, LLC et al.

Case No.: CIVSB2434865

**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

● General        ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other _Employment_ | location where contract agreementwas entered or performance was due |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

CARDINAL HEALTH 200, LLC                           *4551 E Philadelphia St*
_____        _____
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                        ADDRESS

Ontario                              CA                    91761
_____         _____    _____
CITY                                 STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on November ____19____ at _____ _____Los Angeles, California_____ ,

                                        */s/ David D. Bibiyan*
                                        _____
                                        Signature of Attorney/Party

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr>
<td>
<strong>NOTICE TO DEFENDANT:</strong><br>
<em>(AVISO AL DEMANDADO):</em>
</td>
<td>
CARDINAL HEALTH 200, LLC; a Delaware<br>
limited liability company; DANIEL RUIZ, an<br>
individual; and DOES 1 through 100, inclusive,
</td>
</tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,

<table>
<tr><td><strong>FOR COURT USE ONLY</strong><br><em>(SOLO PARA USO DE LA CORTE)</em></td></tr>
<tr><td>ELECTRONICALLY FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>12/17/2024<br>By Elda Ramirez DEPUTY</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>
The name and address of the court is:<br>
<em>(El nombre y dirección de la corte es):</em> Superior Court of California<br>
County of San Bernardino-- San Bernardino Justice Center,<br><br>
247 West 3rd St, San Bernardino, CA 92415-0210
</td>
<td>
CASE NUMBER: <em>(Número del Caso):</em><br>
CIVSB2434865
</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., David D. Bibiyan, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

<table>
<tr>
<td>DATE:<br><em>(Fecha)</em> 12/17/2024</td>
<td>Clerk, by<br><em>(Secretario)</em> /s/ Elda Ramirez</td>
<td>, Deputy<br><em>(Adjunto)</em></td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

<table>
<tr>
<td>[SEAL]</td>
<td>
<strong>NOTICE TO THE PERSON SERVED:</strong> You are served<br>
1. ☐ as an individual defendant.<br>
2. ☐ as the person sued under the fictitious name of <em>(specify):</em><br><br>
3. ☐ on behalf of <em>(specify):</em><br><br>
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)<br>
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)<br>
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>
           ☐ other <em>(specify):</em><br>
4. ☐ by personal delivery on <em>(date)</em>
</td>
</tr>
</table>

<div align="right">Page 1 of 1</div>

<table>
<tr>
<td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]</td>
<td align="center"><strong>SUMMONS</strong></td>
<td align="right">Code of Civil Procedure §§ 412.20, 465<br><em>www.courts.ca.gov</em></td>
</tr>
</table>

1

**BIBIYAN LAW GROUP, P.C.**

2

David D. Bibiyan (Cal. Bar No. 287811)

*david@tomorrowlaw.com*

3

Sarah H. Cohen (Cal. Bar No. 330700)

*sarah@tomorrowlaw.com*

4

1460 Westwood Boulevard

5

Los Angeles, California 90024

Tel: (310) 438-5555; Fax: (310) 300-1705

6

7

Attorneys for Plaintiff, JOSE LUIS SANDOVAL and on behalf of all others similarly situated

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/19/2024 5:10 PM
By: Elda Ramirez, DEPUTY

8

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### FOR THE COUNTY OF SAN BERNARDINO

10

11

JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,

12

13

Plaintiff,

14

v.

15

16

CARDINAL HEALTH 200, LLC; a Delaware limited liability company; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,

17

18

19

Defendants.

20

21

22

23

24

25

26

27

28

CASE NO.:  CIVSB2434865

**CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;

2. FAILURE TO PAY MINIMUM WAGES;

3. FAILURE TO PROVIDE MEAL PERIODS;

4. FAILURE TO PROVIDE REST PERIODS;

5. WAITING TIME PENALTIES;

6. WAGE STATEMENT VIOLATIONS;

7. FAILURE TO TIMELY PAY WAGES;

8. FAILURE TO INDEMNIFY;

9. FAILURE TO PAY INTEREST ON DEPOSITS:

10. VIOLATION OF LABOR CODE § 227.3;

11. VIOLATION OF QUOTA LAWS; and

12. UNFAIR COMPETITION.

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

CLASS ACTION COMPLAINT

1  Plaintiff JOSE LUIS SANDOVAL, on behalf of Plaintiff and all others similarly situated,

2  alleges as follows:

3  **GENERAL ALLEGATIONS**

4  **INTRODUCTION**

5  1.  This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6  Cardinal Health 200, LLC, and any of its respective subsidiaries or affiliated companies within the

7  State of California ("CARDINAL HEALTH"); and Daniel Ruiz ("RUIZ" and collectively, with

8  CARDINAL HEALTH and DOES 1 through 100, as further defined below, "Defendants") on behalf

9  of Plaintiff and all other current and former non-exempt California employees employed by or

10  formerly employed by Defendants ("Class Members").

11  **PARTIES**

12  **A.    Plaintiff**

13  2.  Plaintiff JOSE LUIS SANDOVAL is a resident of the State of California.  At all

14  relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

15  employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

16  operating forklifts.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff JOSE

17  LUIS SANDOVAL worked for Defendants from approximately September of 2024 through

18  approximately November of 2024 with duties, that included, a sundry of warehouse duties subject to

19  production targets and quotas.  Under Defendants' quotas, Plaintiff was assigned or required to

20  perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or

21  produce a quantified amount of material, within a defined time period and under which he suffered

22  adverse employment actions if he failed to complete the performance standard for Defendants, and

23  each of them.

24  **B.    Defendants**

25  3.  Plaintiff is informed and believes and based thereon alleges that defendant

26  CARDINAL HEALTH is, and at all times relevant hereto was, a limited liability company organized

27  and existing under and by virtue of the laws of the State of Delaware and doing business in the County

28

1  of San Bernardino, State of California. At all relevant times herein, CARDINAL HEALTH employed
2  Plaintiff and similarly situated employees within the State of California

3      4.      Plaintiff is informed and believes and based thereon alleges that defendant RUIZ is,
4  and at all times relevant hereto was, an individual residing in California, as well as the Plaintiff's
5  supervisor at Defendants, and DOES 1 through 100, as further defined below.

6      5.      The true names and capacities, whether individual, corporate, associate, or otherwise,
7  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who
8  therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.
9  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated
10 herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff
11 will seek leave of court to amend this Complaint to reflect the true names and capacities of the
12 defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed
13 and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this
14 action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all
15 respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.
16 Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include CARDINAL
17 HEALTH, and any of their parent, subsidiary, or affiliated companies within the State of California,
18 as well as Individual RUIZ and DOES 1 through 100 identified herein.

19                    **JOINT LIABILITY ALLEGATIONS**

20     6.      Plaintiff is informed and believes and based thereon alleges that all the times
21 mentioned herein, each of the Defendants was the agent, principal, employee, employer,
22 representative, joint venture or co-conspirator of each of the other defendants, either actually or
23 ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,
24 employment, joint venture, and conspiracy.

25     7.      All of the acts and conduct described herein of each and every corporate defendant was
26 duly authorized, ordered, and directed by the respective and collective defendant corporate employers,
27 and the officers and management-level employees of said corporate employers. In addition thereto,

28

said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.      Plaintiff is further informed and believes and based thereon alleges that Individual RUIZ and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.      Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.     Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of CARDINAL HEALTH, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Individual RUIZ and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

        A.      The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

        B.      The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

        C.      Plaintiff is informed and believes and thereon alleges that the Individual Defendants

and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D. Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E. The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations. The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence must be disregarded;

11. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## **JURISDICTION**

12. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

13. Venue is proper in San Bernardino County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, San Bernardino County is where the

1  causes of action complained of herein arose; the county in which the employment relationship began;
2  the county in which performance of the employment contract, or part of it, between Plaintiff and
3  Defendants was due to be performed; the county in which the employment contract, or part of it,
4  between Plaintiff and Defendants was actually performed; and the county in which Defendants, or
5  some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and
6  Class Members in San Bernardino County, and because Defendants employ numerous Class Members
7  in San Bernardino County.

8                                 **FACTUAL BACKGROUND**

9         14.        For at least four (4) years prior to the filing of this action and continuing to the present,
10  Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of
11  them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff
12  and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven
13  consecutive work days in a work week without being properly compensated for hours worked in
14  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
15  worked on the seventh consecutive work day in a work week by, among other things, failing to
16  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;
17  engaging, suffering, or permitting employees to work off the clock, including, without limitation, by
18  requiring Plaintiff and Class Members: to come early to work and leave late work without being able
19  to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to
20  complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for
21  meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or
22  safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the
23  clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the
24  clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive
25  pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular
26  rate of pay for the pay periods where overtime was worked and the additional compensation was
27  earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time

28

1  entries, editing and/or manipulation of time entries; and by attempting but failing to properly

2  implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to

3  implement a written agreement designating the regularly scheduled alternative workweek in which

4  the specified number of work days and work hours are regularly recurring; failing to adopt the AWS

5  in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the

6  affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any

7  AWS election; and/or failing to register an AWS election with the State of California, as required by

8  Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

9      15.     For at least four (4) years prior to the filing of this Action and continuing to the present,

10  Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of

11  them, in violation of California state wage and hour laws as a result of, among other things, at times,

12  failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

13  above the minimum wage; engaging, suffering, or permitting employees to work off the clock,

14  including, without limitation, by requiring Plaintiff and Class Members: to come early to work and

15  leave late work without being able to clock in for all that time, to suffer under Defendants' control

16  due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks

17  after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,

18  to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the

19  clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time

20  entries; editing and/or manipulation of time entries to show less hours than actually worked; failing

21  to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and

22  Class Members.

23      16.     For at least four (4) years prior to the filing of this Action and continuing to the present,

24  Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely

25  thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours

26  in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

27  worked in excess of ten (10) hours in a work day, and failing to provide compensation such for such

28

1  unprovided meal periods as required by California wage and hour laws.

2  17.    For at least four (4) years prior to the filing of this action and continuing to the present,
3  Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of
4  them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction
5  thereof and failed to provide compensation for such unprovided rest periods as required by California
6  wage and hour laws.

7  18.    For at least three (3) years prior to the filing of this action and continuing to the present,
8  Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount
9  of their wages owed to them upon termination and/or resignation as required by Labor Code sections
10  201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages,
11  premium wages, and vacation pay pursuant to Labor Code section 227.3.

12  19.    For at least one (1) year prior to the filing of this Action and continuing to the present,
13  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with
14  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages
15  earned; all applicable hourly rates in effect during the pay period and the corresponding number of
16  hours worked at each hourly rate; and other such information as required by Labor Code section 226,
17  subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an
18  accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

19  20.    For at least one (1) year prior to the filing of this action and continuing to the present,
20  Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount
21  of their wages for labor performed in a timely fashion as required under Labor Code section 204.

22  21.    For at least three (3) years prior to the filing of this action and continuing to the present,
23  Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred
24  in purchasing and/or providing unreturned deposits for mandatory work uniforms; laundering
25  mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-
26  related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to
27  perform work duties.

28

**1**  22.  For at least three (3) years prior to the filing of the action and continuing to the present,
**2**  Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class Members,
**3**  or some of them, for uniforms.

**4**  23.  For at least four (4) years prior to the filing of this action and continuing to the present,
**5**  Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
**6**  employees or former employees within the State of California with compensation at their final rate of
**7**  pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

**8**  24.  For at least four (4) years prior to the filing of this action and continuing to the present,
**9**  Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated
**10**  employees or former employees within the State of California with the rights provided to them under
**11**  the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

**12**  25.  Since January 1, 2022 and continuing to the present, Defendants have had a consistent
**13**  policy of failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108
**14**  in connection with Plaintiff and similarly situated employees or former employees who, like Plaintiff,
**15**  were covered employees under Labor Code section 2100, within the State of California.  Covered
**16**  employees, like Plaintiff, had a sundry of warehouse duties subject to production targets and quotas.
**17**  Under Defendants' quotas, Plaintiff and similarly situated current and former employees were a are
**18**  assigned and/or required to perform at a specified productivity speed, and/or perform a quantified
**19**  number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time
**20**  period.  Moreover, Plaintiff and similarly situated current and former employees of Defendants
**21**  suffered adverse employment actions if they failed to complete the performance standard for
**22**  Defendants, and each of them.

**23**  26.  Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action
**24**  pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,
**25**  227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105,
**26**  2108, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages,
**27**  minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely

**28**

1  wages, waiting time penalties, wage statement penalties, requiring an agreement in writing to terms
2  and/or conditions which Defendants know is prohibited by law; failure to indemnify work-related
3  expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper
4  rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

5  27.       Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to
6  Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)
7  prohibiting Defendants from further violating the Labor Code and requiring the establishment of
8  appropriate and effective means to prevent further violations, as well as all monies owed but withheld
9  and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution
10  of amounts owed.

11                          **CLASS ACTION ALLEGATIONS**

12  28.       Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action
13  pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and
14  former non-exempt employees of Defendants within the State of California at any time commencing
15  four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class
16  action is provided to the class (collectively referred to as "Class Members").

17  29.       Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)
18  to amend or modify the class description with greater specificity, further divide the defined class into
19  subclasses, and to further specify or limit the issues for which certification is sought.

20  30.       This action has been brought and may properly be maintained as a class action under
21  the provisions of Code of Civil Procedure section 382 because there is a well-defined community of
22  interest in the litigation and the proposed Class is easily ascertainable.

23         **A.       Numerosity**

24  31.       The potential Class Members as defined are so numerous that joinder of all the
25  members of the Class is impracticable. While the precise number of Class Members has not been
26  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members
27  employed by Defendants within the State of California.

28

1    32.    Accounting for employee turnover during the relevant periods necessarily increases

2  this number.  Plaintiff alleges Defendants' employment records would provide information as to the

3  number and location of all Class Members.  Joinder of all members of the proposed Class is not

4  practicable.

5    **B.    <u>Commonality</u>**

6    33.    There are questions of law and fact common to Class Members.  These common

7  questions include, but are not limited to:

8    A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

9        worked at a proper overtime rate of pay?

10    B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for

11        all other time worked at the employee's regular rate of pay and a rate of pay that is

12        greater than the applicable minimum wage?

13    C.    Did Defendants violate Labor Code section 512 by not authorizing or permitting Class

14        Members to take compliant meal periods?

15    D.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

16        with additional wages for missed or interrupted meal periods?

17    E.    Did Defendants violate applicable Wage Orders by not authorizing or permitting Class

18        Members to take compliant rest periods?

19    F.    Did Defendants violate Labor Code section 226.7 by not providing Class Members

20        with additional wages for missed rest periods?

21    G.    Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class

22        Members upon termination or resignation all wages earned?

23    H.    Are Defendants liable to Class Members for waiting time penalties under Labor Code

24        section 203?

25    I.    Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing

26        Class Members with accurate wage statements?

27    J.    Did Defendants fail to pay Class Members in a timely fashion as required under Labor

28

1  Code section 204?

2  K.  Did Defendants fail to indemnify Class Members for all necessary expenditures or

3  losses incurred in direct consequence of the discharge of their duties or by obedience

4  to the directions of Defendants as required under Labor Code section 2802?

5  L.  Did Defendants fail to return deposits made by Class Members with accrued interest

6  thereon as required under Labor Code section 404?

7  M.  Did Defendants violate Labor Code section 227.3 by not providing Class Members

8  with compensation at their final rate of pay for vested paid vacation time?

9  N.  Did Defendants' practices and policies violate Labor Code sections 2100 through 2105

10  for requiring warehouse employees to meet excessive and unlawful quotas thereby

11  preventing them from complying with rest, recovery and meal periods, their ability to

12  use restroom facilities, travel to and from restroom facilities, an/or expose them to

13  safety and Occupational Safety and Health Administration ("OSHA") violations?

14  O.  Did Defendants violate the Unfair Competition Law, Business and Professions Code

15  section 17200, *et seq.*, by their unlawful practices as alleged herein?

16  P.  Are Class Members entitled to restitution of wages under Business and Professions

17  Code section 17203?

18  Q.  Are Class Members entitled to costs and attorneys' fees?

19  R.  Are Class Members entitled to interest?

20  **C.  Typicality**

21  34.  The claims of Plaintiff herein alleged are typical of those claims which could be alleged

22  by any Class Members, and the relief sought is typical of the relief which would be sought by each

23  Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages

24  arising out of and caused by Defendants' common course of conduct in violation of laws and

25  regulations that have the force and effect of law and statutes as alleged herein.

26  **D.  Adequacy of Representation**

27  35.  Plaintiff will fairly and adequately represent and protect the interest of Class Members.

28

1  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class

2  actions.

3          E.      Superiority of Class Action

4          36.      A class action is superior to other available means for the fair and efficient adjudication

5  of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law

6  and fact common to Class Members predominate over any questions affecting only individual Class

7  Members.  Class Members, as further described therein, have been damaged and are entitled to

8  recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

9  Labor Code at times, as set out herein.

10         37.      Class action treatment will allow Class Members to litigate their claims in a manner

11  that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

12  any difficulties that are likely to be encountered in the management of this action that would preclude

13  its maintenance as a class action.

14         F.      Public Policy Considerations

15         38.      Employees in the State of California violate employment and labor laws every day.

16  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

17  Former employees are fearful of bringing actions because they believe their former employers might

18  damage their future endeavors through negative references and/or means.  Class actions provide class

19  members who are not named in the complaint with a type of anonymity that allows for the vindication

20  of their rights while affording them privacy protections.

21         39.      The quota laws clearly state that "… an employee cannot be required to meet a quota

22  that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable

23  travel time to and from bathrooms), or compliance with occupational health and safety standards. A

24  quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including

25  reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the

26  Labor Code or division standards is unlawful and may not be the basis for an adverse employment

27  action.  A quota may be illegal if it directly or indirectly precludes employees from exercising these

28

1   statutory rights.  For example, a quota that requires that employees always be engaged in productive
2   activity during work hours would be unlawful as it would directly prevent employees from taking
3   meal and rest periods to prevent them from using bathroom facilities during work hours or exercising
4   their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee
5   takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational
6   health and safety standards, they will fail to meet the quota.  Such a quota indirectly precludes an
7   employee from exercising these statutory rights and is also unlawful.  An employer cannot take
8   adverse employment action against an employee for failing to meet an unlawful quota or a quota that
9   has not been disclosed to the employee.  (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and
10  description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

## GENERAL ALLEGATIONS

### Background

13  40.      At all relevant times mentioned herein, Defendants employed Plaintiff and other
14  persons as non-exempt employees at numerous locations within California. Defendants employed
15  Plaintiff in a non-exempt position during Plaintiff's employment and continues to employ non-exempt
16  employees within California.

17  41.      Plaintiff is informed and believes, and based thereon alleges, that all times mentioned
18  herein, Defendants were advised by skill lawyers, employees and other professionals who were
19  knowledgeable about California's wage and hour laws, employment and personnel practices, and the
20  requirements of California law.

21  42.      Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or
22  should have known they had a duty to compensate Plaintiff and all others similarly situated, and
23  Defendants had the financial ability to pay such compensation but willfully, knowingly, and
24  intentionally failed to do so all in order to increase Defendants' profits. Furthermore, Plaintiff, is
25  informed and believes, and thereon alleges that  Defendants further implemented an unlawful policy
26  and practice of alleging that employees were "stealing time" when they failed to clock-in or clock-
27  out at the designated scheduled time when in fact Defendants use this strategy to terminate, reprimand,

1  or retaliate against employees who complained that Defendants' quota and production demands were
2  unreasonable and violated Labor Code sections 2100 – 2112.

3     43.      Plaintiff is informed and believes, and thereon alleges, that at all times Defendants
4  tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and
5  in violation of California laws. Defendants were also fully cognizant that they failed to maintain the
6  proper temperature controls as required by the IWC Wage Orders and California law, as such,
7  exposing them to further health and OSHA safety requirements, prohibited under California quota
8  laws.

9     44.      Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
10  have known that they imposed systematic quota and production demands on Plaintiff and Class
11  Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq.*, Defendants
12  had a duty to ensure its production demands did not interfere with Plaintiff's and Class Members'
13  right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards.
14  Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas,
15  placing profits above concern for employee safety.

16  **Unpaid Wages**

17     45.      Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
18  have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,
19  overtime, and double times wages and that they were not receiving minimum, regular, overtime, and
20  double time wages for all work that was required to be performed. Furthermore, Defendants knew
21  that on January 1, 2022, they must provide Plaintiff and Class Members a written description of
22  Defendants' quota production demands and failed to do so.

23     46.      Plaintiff is informed and believes, and based thereon alleges, that during the Class
24  Period, Plaintiff and Class Members regularly worked in excess of eight (8) hours in a workday and/or
25  40 hours in a workweek and/or in excess of 12 hours in a workday. On   information  and  belief,
26  Defendants did not accurately or appropriately compensate Plaintiff and Class Members for the hours
27  worked.

28

47.    Plaintiff is informed and believes, and based thereon alleges, that in violation of the Labor Code and IWC Wage Orders, Defendants rounded, edited, and/or input the incorrect times for Plaintiff' and Class Members' start times to reflect the scheduled start time instead of the actual start time which should have included time spent arriving early to work, and performing other preliminary duties and postliminary duties, and otherwise preparing for the workday. Defendants also rounded Plaintiff' and Class Members' end time to reflect the scheduled end time despite working past those hours.  As such, Plaintiff and Class Members performed work off-the-clock without compensation. Plaintiff and Class Members were not paid a split shift premium and were required to work shifts which were sufficiently long and were counted as "meal period" and "rest periods."  While under the control of TAWA Services, Inc. or any joint employer they were not paid the split shift interval. Defendants failed to compensate Plaintiff and Class Members for all hours worked for work performed off-the-clock and for reporting time pay, and overtime pay.  Defendants failed to pay the appropriate and correct legal wages for bonus pay (i.e., premium pay, sick pay, vacation pay, overtime and double overtime) and vacation pay according to California law.

### Meal Period Violations

48.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period. Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful meal periods. During the Class Period, Plaintiff and Class Members regularly worked in excess of five (5) and/or 10 hours per workday.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive compliant meal periods. As such, Defendants failed to provide all required meal period, including second meal periods when Plaintiff and Class Members worked in excess of 10 hours per workday. Even though Plaintiff and other Class Members were prevented from taking compliant meal periods, Defendants failed to provide them with premium pay for every non-compliant meal period. Defendants' quota requirements were unlawful and prevented employees from complying with

1  California laws regarding meal periods. 53.  Rest Period Violations Recovery Violations: Defendants
2  tracked and maintained a record of each and every rest period that violated California law including
3  when Plaintiff or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota
4  demands were unreasonable and pressured Plaintiff and Class Members to work through rest periods.
5  Plaintiff are informed and believe, and thereon alleges, that Defendants knew or should have known
6  that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest
7  period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional
8  hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.
9  Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful rest
10  periods.  During the Class Period, Plaintiff and Class Members regularly worked in excess of four (4)
11  hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiff and
12  Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy
13  and practice to favor production goals over employee rights.  Consequently, Plaintiff and Class
14  Members were not authorized or permitted to take rest breaks, including first, second, and third rest
15  breaks. Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their
16  regular rate of pay when they did not receive a compliant rest break. On information and belief,
17  Defendants also failed to provide recovery periods to employees.  Defendants' quota requirements
18  were unlawful and prevented employees from complying with California laws regarding recovery and
19  rest periods.

20  ### Recovery Violations

21  49.    Recovery Violations: Defendants did maintain a policy of providing recovery or
22  permitted recovery periods or paying premium pay in lieu thereof. Quota and performance demands
23  were unreasonable and pressured Plaintiff and Class Members to work through breaks including
24  recovery periods. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
25  should have known that Plaintiff and Class Members were entitled to receive recovery periods for
26  safety, including cooling-down, and heat prevention illness.  Defendants, among other reasons,
27  enacted quotas that prevented Plaintiff and Class Members from taking recovery periods.
28

Consequently, Plaintiff and Class Members were not authorized or permitted to take recovery periods which permit employees of a minimum of 5 minutes to "cool down.". Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not provide a recovery period. On information and belief, Defendants also failed to provide recovery periods to Class Members.

### Waiting Time Penalties

50.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time Subclass Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due.  In violation of the Labor Code, Plaintiff and Waiting Time Class Members did not receive payment of all wages owed upon separation within the permissible time period due to, inter alia, Defendants' failure to pay all wages and meal and rest period premiums to Plaintiff and Class Members.

### Wage Statement Violations

51.     Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226 to pay and record each premium pay and meal and rest period violation which Defendants tracked and recorded. In addition, Plaintiff and Class Members are entitled to payroll records and signed records. In violation of the Labor Code and the IWC Wage Orders, Plaintiff and Class Members were not furnished with complete and accurate wage statements, signed records, and payroll records that show all of the information required by Labor Code §§ 226, 1198.5, and/or 432 including, but not limited to, the gross and net wages earned, the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

### Quota Violations

52.     Defendants have willfully and intentionally violated, among other claims, California's warehouse workers and quota laws, including, without limitation, Labor Code sections 2100 through 2112, as alleged below.

1

2

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages -Against All Defendants)**

3   53.   Plaintiff realleges and incorporates by reference all of the allegations contained in the

4   preceding paragraphs as though fully set forth hereat.

5   54.   At all relevant times, Plaintiff and Class Members were employees or former

6   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

7   Wage Orders.

8   55.   At all times relevant to this Complaint, Labor Code section 510 was in effect and

9   provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in

10  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at

11  the rate of no less than one and one-half times the regular rate of pay for an employee."

12  56.   At all times relevant to this Complaint, Labor Code section 510 further provided that

13  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice

14  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh

15  day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

16  57.   Four (4) years prior to the filing of the Complaint in this Action through the present,

17  Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more

18  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)

19  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a

20  result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours

21  actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to

22  work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come

23  early to work and leave late work without being able to clock in for all that time, to suffer under

24  Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in

25  and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock

26  out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company

27  meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through

28

1  security screenings and/or temperature checks off the clock; failing to include all forms of
2  remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask
3  allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods
4  where overtime was worked and the additional compensation was earned for the purpose of
5  calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or
6  manipulation of time entries; and by attempting but failing to properly implement an alternative
7  workweek schedule ("AWS") (including, without limitation, by failing to implement a written
8  agreement designating the regularly scheduled alternative workweek in which the specified number
9  of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot
10 election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees
11 in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or
12 failing to register an AWS election with the State of California, as required by Labor Code section
13 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

14  58.      Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than
15 eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays
16 without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on
17 occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and
18 applicable IWC Wage Orders, and California law.

19  59.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been
20 deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus
21 interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and
22 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

23                          **SECOND CAUSE OF ACTION**

24              **(Failure to Pay Minimum Wages – Against All Defendants)**

25  60.      Plaintiff realleges and incorporates by reference all of the allegations contained in the
26 preceding paragraphs as though fully set forth hereat.

27  61.      At all relevant times, Plaintiff and Class Members were employees or former

28

1 | employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

2 | 62.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

3 | Members were entitled to receive minimum wages for all hours worked or otherwise under

4 | Defendants' control.

5 | 63.    For four (4) years prior to the filing of the Complaint in this Action through the present,

6 | Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

7 | rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

8 | the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to

9 | work and leave late work without being able to clock in for all that time, to suffer under Defendants'

10 | control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift

11 | tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest

12 | periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings

13 | off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of

14 | employee time entries; editing and/or manipulation of time entries to show less hours than actually

15 | worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of

16 | Plaintiff and Class Members.

17 | 64.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

18 | suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

19 | all hours worked or otherwise due.

20 | 65.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

21 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

22 | the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

23 | reasonable attorneys' fees and costs of suit.

24 | **THIRD CAUSE OF ACTION**

25 | **(Failure to Provide Meal Periods – Against All Defendants)**

26 | 66.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

27 | preceding paragraphs as though fully set forth hereat.

28 |

67.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

68.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

69.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

71.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

72.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

73.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

1  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

2  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

3  **FOURTH CAUSE OF ACTION**

4  **(Failure to Provide Rest Periods – Against All Defendants)**

5  74.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

6  preceding paragraphs as though fully set forth hereat.

7  75.     At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by applicable Wage Orders.

9  76.     California law and applicable Wage Orders require that employers "authorize and

10 permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

11 period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3

12 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts

13 of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest

14 period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

15 minutes of paid rest period.

16 77.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

17 with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

18 Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

19 regular rate of compensation for each work day that the rest period is not provided.

20 78.     For four (4) years prior to the filing of the Complaint in this Action through the present,

21 Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-

22 minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

23 Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

24 regular rate of compensation on the occasions that Class Members were not authorized or permitted

25 to take compliant rest periods.

26 79.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take

27 rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

28

1 regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

2 violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

3     80.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

4 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

5 for rest periods that they were not authorized or permitted to take.

6     81.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid

7 additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

8 and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

9 Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

10 **FIFTH CAUSE OF ACTION**

11 **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

12     82.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

13 preceding paragraphs as though fully set forth hereat.

14     83.    At all relevant times, Plaintiff and Class Members were employees or former

15 employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

16 Wage Orders.

17     84.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

18 entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

19 Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge

20 immediately upon termination.  Class Members who resigned were entitled to payment of all wages

21 earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they

22 gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

23 time of resignation.

24     85.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years

25 before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

26 at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all

27 wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

28

1    86.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

2  Class Members all wages earned prior to termination or resignation in accordance with Labor Code

3  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and

4  Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but

5  intentionally adopted policies or practices incompatible with the requirements of Labor Code sections

6  201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or

7  resignation.

8    87.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

9  waiting time penalties from the date their earned and unpaid wages were due, upon termination or

10  resignation, until paid, up to a maximum of thirty (30) days.

11    88.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

12  suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

13  prior to termination or resignation.

14    89.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

15  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

16  waiting time penalties, interest, and their costs of suit, as well.

17  <div align="center">**SIXTH CAUSE OF ACTION**</div>

18  <div align="center">**(Failure to Provide Accurate Wage Statements – Against All Defendants)**</div>

19    90.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

20  preceding paragraphs as though fully set forth hereat.

21    91.    At all relevant times, Plaintiff and Class Members were employees or former

22  employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

23    92.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were

24  entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

25  statement that accurately reflects, among other things, gross wages earned; total hours worked; net

26  wages earned; all applicable hourly rates in effect during the pay period and the corresponding number

27  of hours worked at each hourly rate; among other things.

28

93.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

94.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

95.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

96.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

97.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

/ / /

**SEVENTH CAUSE OF ACTION**

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

98.     Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

99.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

100.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

101.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

102.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

103.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

104.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

1  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

2  interest, and their costs of suit, as well.

3  ## EIGHTH CAUSE OF ACTION

4  ### (Violation of Labor Code § 2802 – Against All Defendants)

5  105.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

6  preceding paragraphs as though fully set forth hereat.

7  106.    At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

9  107.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

10  his or her employee for all necessary expenditures or losses incurred by the employee in direct

11  consequence of the discharge of his or her duties . . ."

12  108.    For three (3) years prior to the filing of the Complaint in this Action through the

13  present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

14  necessary expenditures or losses in direct consequence of the discharge of their duties or at the

15  obedience to the directions of Defendants that included, without limitation: purchasing and/or

16  providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms;

17  mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using

18  cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

19  109.    During that time period, Plaintiff is informed and believes, and based thereon alleges

20  that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class

21  Members for those losses and/or expenditures.

22  110.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

23  suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

24  described losses and/or expenditures.

25  111.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

26  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement

27  for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

28

1

**<u>NINTH CAUSE OF ACTION</u>**

2

**(Violation of Labor Code § 404 – Against All Defendants)**

3    112.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

4    preceding paragraphs as though fully set forth herein.

5    113.    At all relevant times, Plaintiff and Class Members were employees or former

6    employees of Defendants covered by Labor Code sections 400 through 410.

7    114.    Pursuant to Labor Code section 404, Defendants were required to immediately return

8    amounts deposited for uniforms with accrued interest when Plaintiff and Class Members returned the

9    required uniforms to Defendants.

10    115.    Plaintiff is informed and believes, and based thereon alleges that for three (3) years

11    prior to the filing of this Action through the present, due to policies and practices adopted by

12    Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

13    accrued interest on deposits made by Plaintiff and Class Members upon their returning their uniforms

14    to Defendants.

15    116.    As a result of Defendants' conduct, Plaintiff and Class Members have suffered

16    damages in an amount subject to proof, to the extent they were not compensated for accrued interest

17    on amounts deposited for mandatory uniforms upon returning their uniforms to Defendants.

18    117.    Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members are

19    entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees and

20    costs of suit.

21

**<u>TENTH CAUSE OF ACTION</u>**

22

**(Violation of Labor Code § 227.3 – Against All Defendants)**

23    118.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the

24    preceding paragraphs of this Complaint as though fully set forth hereon.

25    119.    According to Labor Code section 227.3, whenever a contract of employment or

26    employer policy provides for paid vacations, and an employee is terminated without having taken off

27    his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

28

1 | accordance with such contract of employment or employer policy respecting eligibility or time served.

2 | 120.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

3 | hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

4 | that Plaintiff's employment contract with Defendants included paid vacations.

5 | 121.     For at least four (4) years prior to the filing of this action and continuing to the present,

6 | Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

7 | employees or former employees within the State of California with compensation at their final rate of

8 | pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

9 | 122.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of

10 | Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code

11 | section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their

12 | final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and

13 | Class Members, on the one hand, and Defendants, on the other hand.

14 | 123.     As a further proximate result of Defendants' above-described acts and/or omissions,

15 | Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

16 | prejudgment interest.

17 | **ELEVENTH CAUSE OF ACTION**

18 | **(Violation of California's Quota Law –Against All Defendants)**

19 | 124.     Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though

20 | fully set forth herein.

21 | 125.     At all relevant times, Defendants had a duty to comply with Labor Code sections 2100

22 | *et seq.*

23 | **Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas**

24 | 126.     Starting January 1, 2022, Defendants were required to provide each new hire a written

25 | description of each quota the Defendants required Plaintiff and Putative Class Members to work

26 | under. This includes the number of tasks to be performed or materials that must be produced or

27 | handled within a time period, and any potential adverse employment action that could result from

28 |

1  failing to meet quotas as defined by Labor Code 2100 *et. seq.*

2  127.    Plaintiff and Putative Class Members routinely worked more than twelve hours in
3  Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful
4  quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's
5  quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

6  128.    Defendants had and have the financial ability to comply with California's quota laws,
7  but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength.
8  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants
9  were advised by skilled lawyers, employees, and other professionals who were knowledgeable about
10  California's wage and hour laws, employment and personnel practices, and the requirements of
11  California law.

12  129.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
13  have known they imposed systematic quota and production demands on Plaintiff and Putative Class
14  Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq.*
15  Defendants, and each of them, know and have known at all times herein referenced that it requires
16  and required Plaintiff and Putative Class Members "…to meet a quota that prevents compliance with
17  meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
18  facilities, or occupational health and safety laws in the Labor Code or division standards" in violation
19  of Labor Code section 2102.

20  **Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

21  130.    On information and belief, hundreds of employees have suffered quota related injuries
22  since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten
23  policy which is implemented through supervisors and managers that eliminates injured employees.
24  While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is
25  injured employees were targeted for elimination for one well known reason: the perception and false
26  belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured
27  employees are categorized as unproductive employees and are terminated for "low performance."

28

**1**   131.    Defendants, and each of them, willfully, knowingly and intentionally failed to establish
**2** quotas that did not harm Plaintiff and Putative Class Members in order to increase Defendants' profits
**3** without concern for employee safety. Defendants' quotas required Plaintiff and Putative Class
**4** Members, to meet quantified work and production targets and quotas relating to their warehouse
**5** duties.

**6**                          <u>**Defendants' Warehouse Employees are Covered Employees**</u>

**7**   132.    Defendants, and each of them, are covered employers and maintain, implement, and
**8** enforces illegal quotas.  Plaintiff and Putative Class Members are subject to quotas and are protected
**9** by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under
**10** which an employee is assigned or required to perform at a specified productivity speed, or perform a
**11** quantified number of tasks, or to handle or produce a quantified amount of material, within a defined
**12** time period and under which the employee may suffer an adverse employment action if they fail to
**13** complete the performance standard."

**14**   133.    Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse
**15** employees' performance based on employee work speed data and subsequently takes adverse action
**16** against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision
**17** (e)(1) that "'employee work speed data' means information an employer collects, stores, analyzes, or
**18** interprets relating to an individual employee's performance of a quota, including, but not limited to,
**19** quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of
**20** tasks performed, measurements or metrics of employee performance in relation to a quota, and time
**21** categorized as performing tasks or not performing tasks."  Under section (e)(2), "'employee work
**22** speed data' does not include qualitative performance assessments, personnel records, or itemized
**23** wage statements pursuant to Section 226, except for any content of those records that includes
**24** employee work speed data as defined in this part."

**25**   134.    Defendants store, track, and analyze employees' speed data to measure performance
**26** and takes adverse employment action against employees in violation of Labor Code section 2102,
**27** which states that "[a]n employee shall not be required to meet a quota that prevents compliance with

**28**

1 meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
2 facilities, or occupational health and safety laws in the Labor Code or division standards. An employer
3 shall not take adverse employment action against an employee for failure to meet a quota that does
4 not allow a worker to comply with meal and rest breaks, or occupational health and safety laws in the
5 Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the
6 employee pursuant to Section 2101."

7 135.    Plaintiff and Putative Class Members, as alleged throughout this complaint, were
8 required to meet excessive quotas. Defendants could comply with the law by complying with the law
9 and refuse to do so. Defendants claim they do not have, maintain, implement, or require quotas of
10 any of its warehouse employees.

11 **Defendants Changes Quotas Regularly and Fail to Disclose New Quotas**

12 136.    Defendants failed to advise and/or disclose to new hires the written quota description
13 as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas
14 regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is
15 updated or changed.

16 137.    Defendants, and each of them, failed to disclose Plaintiff's quota after Plaintiff
17 demanded Plaintiff's written disclosures pursuant to Labor Code section 2104, which states at (a)(1)
18 that "[i]f a current or former employee believes that meeting a quota caused a violation of their right
19 to a meal or rest break or required them to violate any occupational health and safety laws in the Labor
20 Code or division standards, they have the right to request, and the employer shall provide, a written
21 description of each quota to which the employee is subject and a copy of the most recent 90 days of
22 the employee's own personal work speed data." Subdivision (a)(2) states that "[i]f a former employee
23 requests a written description of the quotas to which they were subject and a copy of their own
24 personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former
25 employee's quotas and personal work speed data for the 90 days prior to the date of the employee's
26 separation from the employer. Subdivision (a)(3) states that "[a] former employee is limited to one
27 request pursuant to this subdivision." Subdivision (b) states that "[a]n employer that receives a written
28

1    or oral request for information pursuant to subdivision (a) shall comply with the request as soon as

2    practicable, but no later than 21calendar days from the date of the request.  Plaintiff, through their

3    Counsel of record, served on Defendants a demand for a written description of the quotas they were

4    subject to. Defendants ignored their request. More than 21 days have passed since the request for a

5    written description and Defendants refuses to comply with the law.  As such, Plaintiff is forced to

6    both file a lawsuit and/or file for injunctive relief for Plaintiff and on behalf of Class Members.

7    <u>**Quotas Interfered with Employees' Use of Bathroom Facilities**</u>

8    138.        Plaintiff and Class Members were restricted in their ability to use the bathroom

9    facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein

10   and above.  Employees were monitored by Defendants' leads and/or supervisors and were instructed

11   to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the

12   designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et.*

13   *seq.*

14   <u>**Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**</u>

15   139.        On information and belief, hundreds of employees have suffered quota related injuries.

16   On information and belief, Defendants' (and each of their) unwritten policies, which are implemented

17   through supervisors and managers, is to eliminate injured employees. While Defendants, and each of

18   them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for

19   elimination for one well known reason: the perception and false belief that injured employees could

20   not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive

21   employees and are terminated for "low performance."

22   <u>**Quotas Adversely Impacted Meal & Rest Periods**</u>

23   140.        Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

24   receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiff and

25   Putative Class Members from complying with California's meal period laws. Plaintiff and Putative

26   Class Members regularly worked in excess of five (5) and/or 10 hours per workday. In violation of

27   the Labor Code and IWC Wage Orders, Plaintiff and Putative Class Members did not receive

28

1    compliant lunches because of Defendants' unlawful quotas.

2    141.    Defendants, and each of them, maintained excessive quota demands which interfered
3    with Plaintiff and Putative Class Members' ability to take legal meal periods and in fact it prevented
4    them from complying with California law regarding lunches. For example, employees were
5    monitored, reprimanded, and discouraged from taking meal periods. Employees were required under
6    the penalty of reprimand or termination to clock in and out for meal periods. This ruse was
7    implemented and required by DEFENDANTS for unlawful purposes. In reality, the unwritten meal
8    period policy was to work through meal period or punished. If Defendants can demonstrate employees
9    clocked in and out for lunch, then it can falsely argue that they did comply with California law in
10   defending the many lawsuits accusing them of violating California break laws. The reality was, is,
11   and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiff and
12   Class Members work through meal periods or take shortened meal periods.

13                              **On Duty/On Call Breaks**

14   142.    Defendants also violated Labor Code section 2103 because it required and continues
15   to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them,
16   know when warehouse employees are working through breaks to meet quotas in violation of Labor
17   Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal
18   and rest breaks are not considered productive time unless the employee is required to remain on call.

19   143.    Plaintiff and Putative Class Members were regularly and routinely required to remain
20   on call to meet quotas. Defendants required employees to regularly monitor quota statistics and
21   receive and respond to messages when on breaks.

22          **Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks**

23   144.    Defendants knew that Plaintiff, Class Members, and Class Members were entitled to
24   legal rest breaks. Defendants enacted quotas that prevented Plaintiff and Putative Class Members from
25   complying with California rest period laws.

26   145.    On information and belief, Defendants, and each of them, take adverse employment
27   action against employees who choose and/or insist on a legal rest break. Class Members were

28

monitored, reprimanded, and discouraged from using bathroom facilities until their designated time for rest breaks. However, this policy and practice was implemented and encouraged by Defendants' (and each of their) supervisory and/or managerial personnel such that if Class Members worked through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota requirements.

146.     Defendants also implemented an illegal policy requiring Plaintiff and Putative Class Members to "waive" meal periods. Plaintiff and Putative Class Members were required to sign meal period waivers when in fact many employees did not want to sign waivers because they wanted a break. Plaintiff and, on information and belief, many Class Members also complained about Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations, and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days of the employee doing either of the following: (a) Initiating the employee's first request in a calendar year for information about a quota or personal work speed data pursuant to subdivision (a) of Section 2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104, inclusive, to the commissioner, the division, other local or state governmental agency, or the employer.

### Injunctive Relief

147.     Plaintiff and Putative Class Members were and continue to labor under the constant threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq.*

148.     Defendants knew or should have known that their quotas were and continue to be illegal. Defendants new and know their quotas require Plaintiff and Putative Class Members to expose themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for violating California's wage and hour laws. Despite prior, current and future litigation, Defendants, and each of them, will continue to violate California's quota laws absent a jury award in Plaintiff and Class Members' favor

**1**  149.        Plaintiff, Class Members, and Class Members are entitled to injunctive relief under
**2**  California Labor Code section 2108, compelling Defendants to comply with California Labor Code
**3**  sections 2100 *et. seq*., and seek the recovery of attorneys' fees and costs incurred in obtaining this
**4**  injunctive relief.

**5**                                    **TWELFTH CAUSE OF ACTION**

**6**                          **(Unfair Competition – Against All Defendants)**

**7**  150.        Plaintiff realleges and incorporates by reference all of the allegations contained in the
**8**  preceding paragraphs as though fully set forth hereat.

**9**  151.        Plaintiff is informed and believes and based thereon alleges that the unlawful conduct
**10** of Defendants alleged herein constitutes unfair competition within the meaning of Business and
**11** Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges
**12** that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least
**13** four (4) years prior to the filing of this action and continuing to the present, Defendants have had a
**14** consistent policy of failing to provide Plaintiff and similarly situated employees or former employees
**15** within the State of California with the rights provided to them under the Healthy Workplace Heathy
**16** Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business
**17** practices in violation of the Labor Code, Defendants have gained a competitive advantage over other
**18** comparable companies doing business in the State of California that comply with their obligations to
**19** compensate employees in accordance with the Labor Code.

**20** 152.        As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class
**21** Members have suffered injury in fact and lost money or property.

**22** 153.        Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members
**23** are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and
**24** requiring the establishment of appropriate and effective means to prevent further violations, as well
**25** as restitution of all wages and other monies owed to them under the Labor Code, including interest
**26** thereon, in which they had a property interest and which Defendants nevertheless failed to pay them
**27** and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and

**28**

1 | Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure

2 | to comply with the Labor Code.

3 |     154.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure

4 | section 1032 and interest under Civil Code section 3287.

5 | <div align="center">**DEMAND FOR JURY TRIAL**</div>

6 |     155.      Plaintiff demands a trial by jury on all causes of action contained herein.

7 | <div align="center">**PRAYER**</div>

8 |     WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

9 | against Defendants as follows:

10 |     A.      An order certifying this case as a Class Action;

11 |     B.      An Order appointing Plaintiff as Class representative and appointing Plaintiff's

12 |         counsel as class counsel;

13 |     C.      Damages for all wages earned and owed, including minimum and overtime wages

14 |         and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

15 |         1194, 1197 and 1199 and 227.3;

16 |     D.      Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

17 |     E.      Damages for unpaid premium wages from missed meal and rest periods under,

18 |         among other Labor Code sections, 512, 558.1 and 226.7;

19 |     F.      Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

20 |         (e) and 558.1;

21 |     G.      Waiting time penalties under Labor Code sections 203 and 558.1;

22 |     H.      Penalties to timely pay wages under Labor Code section 210;

23 |     I.      Damages under Labor Code sections 2802 and 558.1;

24 |     J.      Damages under Labor Code section 404;

25 |     K.      Preliminary and permanent injunctions prohibiting Defendants from further violating

26 |         the California Labor Code and requiring the establishment of appropriate and

27 |         effective means to prevent future violations, including, without limitation, under

28 |

1          Labor Code sections 17200, *et seq.* and 2100, *et seq.*;

2      L.    Restitution of wages and benefits due which were acquired by means of any unfair

3          business practice, according to proof;

4      M.    Prejudgment and post-judgment interest at the maximum rate allowed by law;

5      N.    For attorneys' fees in prosecuting this action;

6      O.    For costs of suit incurred herein; and

7      P.    For such other and further relief as the Court deems just and proper.

8

9   Dated:  November 19, 2024          BIBIYAN LAW GROUP, P.C.

10

11                        BY:    */s/ David D. Bibiyan*

12                              David D. Bibiyan
                              Sarah H. Cohen

13                        Attorneys for Plaintiff JOSE LUIS SANDOVAL
                        and on behalf of all others similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476748

## Service of Process Transmittal Summary

**TO:**    Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**    **Process Served in California**

**FOR:**    Cardinal Health 200, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**    Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated //
To: Cardinal Health 200, LLC

**CASE #:**    CIVSB2434865

**NATURE OF ACTION:**    Employee Litigation

**PROCESS SERVED ON:**    C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:**    By Process Server on 02/24/2025 at 09:53

**JURISDICTION SERVED:**    California

**ACTION ITEMS:**    CT will retain the current log

Image SOP

Email Notification,  Laura Garza  laura.garza@cardinalhealth.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
8775647529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476748

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 200, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 200, LLC |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476789

## Service of Process Transmittal Summary

**TO:**    Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**    **Process Served in California**

**FOR:**   Cardinal Health 201, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 201, Inc. |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

<div align="right">

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476747

</div>

## Service of Process Transmittal Summary

**TO:**    Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**    **Process Served in California**

**FOR:**    Cardinal Health 100, LLC  (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 100, LLC |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



<div align="right">

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476772

</div>

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**     Cardinal Health 414, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 414, LLC |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 108, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 108, LLC |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476956

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 110, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**             Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated //
To: Cardinal Health 110, LLC

**CASE #:**                      CIVSB2434865

**NATURE OF ACTION:**            Employee Litigation

**PROCESS SERVED ON:**           C T Corporation System, GLENDALE, CA

**DATE/METHOD OF SERVICE:**      By Process Server on 02/24/2025 at 09:53

**JURISDICTION SERVED:**         California

**ACTION ITEMS:**                CT will retain the current log

                                 Image SOP

                                 Email Notification,  Laura Garza  laura.garza@cardinalhealth.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
                                 330 N BRAND BLVD
                                 STE 700
                                 GLENDALE, CA 91203
                                 8775647529
                                 MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/24/2025
CT Log Number 548476791

## Service of Process Transmittal Summary

**TO:**     Laura Garza, Paralegal, Labor And Employment Law
Cardinal Health, Inc.
7000 Cardinal Pl
Dublin, OH 43017-1091

**RE:**     **Process Served in California**

**FOR:**    Cardinal Health 119, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated // To: Cardinal Health 119, LLC |
| **CASE #:** | CIVSB2434865 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/24/2025 at 09:53 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Laura Garza  laura.garza@cardinalhealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 8775647529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# EXHIBIT C

Adam Y. Siegel (SBN 238568)
Orlando Arellano (SBN 234073)
Rebecca Kim (SBN 276163)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California  90017-5408
Telephone:      (213) 689-0404
Email:  Adam.Siegel@jacksonlewis.com
Email:  Orlando.Arellano@jacksonlewis.com
Email:  Rebecca.kim@jacksonlewis.com

Attorneys for Defendants
CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 110, LLC;
CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC; and
CARDINAL HEALTH 201. INC.

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC., a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: CIVSB2434865<br><br>**CLASS ACTION**<br>[*Assigned for all purposes to Hon. Stephanie Thornton-Harris, Dept. S31*]<br><br>**DEFENDANTS CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;  AND CARDINAL HEALTH 201, INC.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  November 19, 2024<br>FAC Filed:           February 20, 2025 |

Defendants CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC; and CARDINAL HEALTH 201, INC. ("Defendants") on behalf of themselves and

for no other Defendants, hereby respond to the First Amended Complaint for Damages ("Complaint") filed by Plaintiff JOSE LUIS SANDOVAL ("Plaintiff") as follows:

## GENERAL DENIAL

Under the provisions of Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint. Defendants further deny, generally and specifically, that Plaintiff has suffered any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendants, or any of its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defense contained herein at any time. Without conceding that it bears the burden of proof of persuasion as to any of these, Defendants allege the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.      The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§338, 339, 340, 343, and California Business and Professions Code §§17200, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

### (No Permission or Knowledge)

3.      Plaintiff's claims for unpaid wages are barred, in whole or in part, because Defendants had no knowledge that Plaintiff and any other individual whom Plaintiff seeks to represent in this action

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

worked allegedly compensable hours while "off-the-clock," which was done without permission from Defendants, and because they were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate, including the proper minimum wage and overtime rates

### FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

4.    The Complaint as a whole, and each cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing to bring the instant action on behalf of Plaintiff and any other individual whom Plaintiff seeks to represent in this action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences Doctrine)

5.    The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants have procedures in place for reporting work-related issues, including, but not limited to issues related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

### SIXTH AFFIRMATIVE DEFENSE

#### (Business Expenses- Lack of Knowledge)

6.    Even assuming *arguendo* Plaintiff and putative class members were not reimbursed for all necessary business expenses, Plaintiff and putative class members are not entitled to recover damages because Defendants did not know about the alleged business expenses.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

7.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff and putative class members were guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

9.     Defendants are informed and believe, and thereon allege, that Plaintiff's Complaint, and each of the purported causes of action asserted therein against Defendants, are barred, in whole or part, by Plaintiff and putative class members' failure to exhaust applicable administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.     Plaintiff and putative class members are barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff and putative class members' failure to exercise reasonable diligence to mitigate their alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff and putative class members received from any source after Plaintiff and putative class members ceased to be employed by Defendants under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

12.     Plaintiff and putative class members' claims for exemplary and punitive damages are barred in that Plaintiff and putative class members have failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code §3294.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge, Authorization, and/or Ratification)

13.     Defendants are not liable for the alleged damages to Plaintiff and putative class members because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, Defendants are informed and believe, and thereon allege that such person or entity did so without the knowledge, authorization, or ratification of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14.     Defendants' actions concerning the matters alleged in the Complaint, if any, were taken in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Provided)

15.     The Complaint is barred, in whole or in part, because Plaintiff and putative class members voluntarily chose not to take provided meal and rest periods as reasonably expected by Defendants and/or voluntarily waived the same.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Direction)

16.     Defendants are informed and believe, and thereon allege, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code §§2854 and 2856 to the extent Plaintiff and putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

17.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff and putative class members failed to work or record all time worked as reasonably expected or required by Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Knowing and Intentional Failure)

18.     Plaintiff and putative class members' claims are barred, in whole or in part, because, even if Plaintiff and putative class members were not provided with a proper itemized statement of wages and deductions, they are not entitled to recover damages or penalties because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

### NINETEENTH AFFIRMATIVE DEFENSE

#### (No Willfulness)

19.     Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or omission made in good faith, was not willful, and Defendants had reasonable grounds for believing that the act or omission was not a violation of the Labor Code.  As such, good faith disputes exist concerning any of Defendants' alleged violations.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Wage Statements – No Injury)

20.     Without admitting the allegations of the Complaint, but rather expressly denying them, the Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and putative class members were not provided with a proper itemized statement of wages and deductions, they suffered no injury based on Defendants' alleged failure to provide itemized wage statements.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Lack of Knowledge)

21.     The Complaint is barred, in whole or in part, because Defendants did not have knowledge of any alleged violations of the Labor Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Collateral Estoppel)

22.     Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of collateral estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith Belief That No Compensation Due)

23.     The Complaint's claim for waiting time penalties is barred in whole or in part because Defendants maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiff and putative class members as they have received all income, compensation and pay to which they were ever entitled.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

24.     The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants had procedures in place for reporting work-related issues, including, but not limited to, issues related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## TWENTY-FIFTH  AFFIRMATIVE DEFENSE

### (Labor Code §§ 201-204 – Timely Wage Payment)

25.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff and putative class members' claims for penalties are barred because (1) there are bona fide disputes as to whether Defendants failed to timely pay all wages due, (2) there are bona fide disputes as to whether Defendants failed to present wage statements on a timely basis, and (3) Defendants have not willfully failed to pay such compensation, if any is owed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Secreted or Absented)

26.     The Complaint, and each cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff and any other individual whom Plaintiff seeks to represent in this action secreted or absented themselves to avoid payment of wages, thereby further relieving Defendants of liability for

waiting time penalties under the California Labor Code, including but not limited to California Labor Codes §§ 201, 202 and 203.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

27.    Defendants have engaged attorneys to represent it in defense of Plaintiff and putative class members' frivolous, unfounded and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code §12965 upon judgment in its favor.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata)

28.    Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of res judicata.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Jury Trial for Unfair Competition Claim)

29.    To the extent Plaintiff seek equitable relief under the Cause of Action under California Business & Professions Code sections 17200, *et seq.*, they are not entitled to a jury trial and must instead adjudicate their claims by way of a bench trial.  (See *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278.)

## THIRTIETH AFFIRMATIVE DEFENSE

### (Releases)

30.    Plaintiff and any other individual whom Plaintiff seek to represent in this action are barred from recovery in this action to the extent that they have executed or are included within releases with Defendants covering the claims and/or allegations in this action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Accord, Satisfaction and Payment)

31.    Some or all of the causes of action in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Allege Employer-Employee Relationship)

32.    Plaintiff specifically fails to identify requisite facts to assert an employee-employer relationship between Plaintiff and Defendants CARDINAL HEALTH 110, LLC;   CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;CARDINAL HEALTH 201. INC. These defendants reserve all rights and remedies related to their improper inclusion in this action.

**RESERVATION OF RIGHTS**

Defendants specifically reserve the right to assert additional affirmative defenses or to amend this Answer in accordance with the Code of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff and putative class members take nothing herein;

2.    For reasonable attorney's fees pursuant to California Government Code §12965;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

DATED:  March 24, 2025          JACKSON LEWIS P.C.

By: _____
Adam J. Siegel
Orlando Arellano
Rebecca Kim

Attorneys for Defendants
CARDINAL HEALTH 110, LLC, ET AL.

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

**CASE NAME:**       **JOSE LUIS SANDOVAL V. CARDINAL HEALTH 200, LLC  ET AL**

**CASE NUMBER:**    **CIVSB2434865**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2800, Los Angeles, California 90017.

On March 24, 2025, I served the foregoing document described as:

**DEFENDANTS CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;  AND CARDINAL HEALTH 201, INC.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT**

in this action by transmitting a true copy thereof as follows:

David D. Bibiyan                                   Attorneys for Plaintiff,
Sarah H. Cohen                                    JOSE LUIS SANDOVAL and, on behalf of all
**BIBIYAN LAW GROUP, P.C.**                others similarly situated
1460 Westwood Blvd.
Los Angeles, California  90024
Telephone: (310) 438-555
Facsimile: (310) 300-1705
Email:  david@tomorrowlaw.com
Email:  sarah@tomorrowlaw.com

**[XX]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Betty.arnold@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 24, 2025 Los Angeles, California.


                                                          /s/ Betty Arnold
                                                          BETTY ARNOLD

4908-7688-3744, v. 1

1