**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JOSE LUIS SANDOVAL and
on behalf of all others similarly situated

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/19/2024 5:10 PM
By: Elda Ramirez, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC; a Delaware limited liability company; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: CIVSB2434865<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. FAILURE TO PAY OVERTIME WAGES;<br><br>2. FAILURE TO PAY MINIMUM WAGES;<br><br>3. FAILURE TO PROVIDE MEAL PERIODS;<br><br>4. FAILURE TO PROVIDE REST PERIODS;<br><br>5. WAITING TIME PENALTIES;<br><br>6. WAGE STATEMENT VIOLATIONS;<br><br>7. FAILURE TO TIMELY PAY WAGES;<br><br>8. FAILURE TO INDEMNIFY;<br><br>9. FAILURE TO PAY INTEREST ON DEPOSITS;<br><br>10. VIOLATION OF LABOR CODE § 227.3;<br><br>11. VIOLATION OF QUOTA LAWS; and<br><br>12. UNFAIR COMPETITION.<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $35,000.00] |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
1460 Westwood Boulevard
Los Angeles, California 90024
(310) 438-5555

CLASS ACTION COMPLAINT

1      Plaintiff JOSE LUIS SANDOVAL, on behalf of Plaintiff and all others similarly situated,

2  alleges as follows:

3                    **GENERAL ALLEGATIONS**

4                       **INTRODUCTION**

5      1.       This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6  Cardinal Health 200, LLC, and any of its respective subsidiaries or affiliated companies within the

7  State of California ("CARDINAL HEALTH"); and Daniel Ruiz ("RUIZ" and collectively, with

8  CARDINAL HEALTH and DOES 1 through 100, as further defined below, "Defendants") on behalf

9  of Plaintiff and all other current and former non-exempt California employees employed by or

10  formerly employed by Defendants ("Class Members").

11                          **PARTIES**

12      **A.**      **Plaintiff**

13      2.       Plaintiff JOSE LUIS SANDOVAL is a resident of the State of California.  At all

14  relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

15  employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

16  operating forklifts.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff JOSE

17  LUIS SANDOVAL worked for Defendants from approximately September of 2024 through

18  approximately November of 2024 with duties, that included, a sundry of warehouse duties subject to

19  production targets and quotas.  Under Defendants' quotas, Plaintiff was assigned or required to

20  perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or

21  produce a quantified amount of material, within a defined time period and under which he suffered

22  adverse employment actions if he failed to complete the performance standard for Defendants, and

23  each of them.

24      **B.**      **Defendants**

25      3.       Plaintiff is informed and believes and based thereon alleges that defendant

26  CARDINAL HEALTH is, and at all times relevant hereto was, a limited liability company organized

27  and existing under and by virtue of the laws of the State of Delaware and doing business in the County

28

1  of San Bernardino, State of California. At all relevant times herein, CARDINAL HEALTH employed

2  Plaintiff and similarly situated employees within the State of California

3      4.    Plaintiff is informed and believes and based thereon alleges that defendant RUIZ is,

4  and at all times relevant hereto was, an individual residing in California, as well as the Plaintiff's

5  supervisor at Defendants, and DOES 1 through 100, as further defined below.

6      5.    The true names and capacities, whether individual, corporate, associate, or otherwise,

7  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who

8  therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

9  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

10 herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff

11 will seek leave of court to amend this Complaint to reflect the true names and capacities of the

12 defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed

13 and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this

14 action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all

15 respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

16 Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include CARDINAL

17 HEALTH, and any of their parent, subsidiary, or affiliated companies within the State of California,

18 as well as Individual RUIZ and DOES 1 through 100 identified herein.

19 **<u>JOINT LIABILITY ALLEGATIONS</u>**

20     6.    Plaintiff is informed and believes and based thereon alleges that all the times

21 mentioned herein, each of the Defendants was the agent, principal, employee, employer,

22 representative, joint venture or co-conspirator of each of the other defendants, either actually or

23 ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

24 employment, joint venture, and conspiracy.

25     7.    All of the acts and conduct described herein of each and every corporate defendant was

26 duly authorized, ordered, and directed by the respective and collective defendant corporate employers,

27 and the officers and management-level employees of said corporate employers. In addition thereto,

28

said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.    Plaintiff is further informed and believes and based thereon alleges that Individual RUIZ and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

9.    Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

10.    Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of CARDINAL HEALTH, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Individual RUIZ and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

    A.    The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

    B.    The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

    C.    Plaintiff is informed and believes and thereon alleges that the Individual Defendants

1   and the Alter Ego Defendants, while really one and the same, were segregated to appear

2   as though separate and distinct for purposes of perpetrating a fraud, circumventing a

3   statute, or accomplishing some other wrongful or inequitable purpose;

4   D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the

5   Individual Defendants and the Alter Ego Defendants are, and at all relevant times

6   mentioned herein were, so mixed and intermingled that the same cannot reasonably be

7   segregated, and the same are inextricable confusion. The Alter Ego Defendants are,

8   and at all relevant times mentioned herein were, used by the Individual Defendants as

9   mere shells and conduits for the conduct of certain of their, and each of their

10  affairs. The Alter Ego Defendants are, and at all relevant times mentioned herein were,

11  the alter egos of the Individual Defendants;

12  E.   The recognition of the separate existence of the Individual Defendants and the Alter

13  Ego Defendants would promote injustice insofar that it would permit defendants to

14  insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

15  Code, and other statutory violations. The corporate existence of these defendants

16  should thus be disregarded in equity and for the ends of justice because such disregard

17  is necessary to avoid fraud and injustice to Plaintiff herein;

18  F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

19  Defendants (and vice versa), and the fiction of their separate corporate existence must

20  be disregarded;

21  11.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based

22  thereon alleges that Defendants, and each of them, are joint employers.

23  <u>**JURISDICTION**</u>

24  12.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of

25  Civil Procedure section 410.10.

26  13.   Venue is proper in San Bernardino County, California pursuant to Code of Civil

27  Procedure sections 392, et seq. because, among other things, San Bernardino County is where the

28

1   causes of action complained of herein arose; the county in which the employment relationship began;

2   the county in which performance of the employment contract, or part of it, between Plaintiff and

3   Defendants was due to be performed; the county in which the employment contract, or part of it,

4   between Plaintiff and Defendants was actually performed; and the county in which Defendants, or

5   some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and

6   Class Members in San Bernardino County, and because Defendants employ numerous Class Members

7   in San Bernardino County.

8                          **FACTUAL BACKGROUND**

9           14.       For at least four (4) years prior to the filing of this action and continuing to the present,

10  Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of

11  them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff

12  and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

13  consecutive work days in a work week without being properly compensated for hours worked in

14  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

15  worked on the seventh consecutive work day in a work week by, among other things, failing to

16  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

17  engaging, suffering, or permitting employees to work off the clock, including, without limitation, by

18  requiring Plaintiff and Class Members: to come early to work and leave late work without being able

19  to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to

20  complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for

21  meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or

22  safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the

23  clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the

24  clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive

25  pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular

26  rate of pay for the pay periods where overtime was worked and the additional compensation was

27  earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time

28

1   entries, editing and/or manipulation of time entries; and by attempting but failing to properly

2   implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to

3   implement a written agreement designating the regularly scheduled alternative workweek in which

4   the specified number of work days and work hours are regularly recurring; failing to adopt the AWS

5   in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the

6   affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any

7   AWS election; and/or failing to register an AWS election with the State of California, as required by

8   Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

9       15.     For at least four (4) years prior to the filing of this Action and continuing to the present,

10  Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of

11  them, in violation of California state wage and hour laws as a result of, among other things, at times,

12  failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

13  above the minimum wage; engaging, suffering, or permitting employees to work off the clock,

14  including, without limitation, by requiring Plaintiff and Class Members: to come early to work and

15  leave late work without being able to clock in for all that time, to suffer under Defendants' control

16  due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks

17  after clocking out, to clock out for meal periods and continue working, to clock out for rest periods,

18  to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the

19  clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time

20  entries; editing and/or manipulation of time entries to show less hours than actually worked; failing

21  to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and

22  Class Members.

23      16.     For at least four (4) years prior to the filing of this Action and continuing to the present,

24  Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely

25  thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours

26  in a work day and a second thirty (30) minute uninterrupted meal period for days on which they

27  worked in excess of ten (10) hours in a work day, and failing to provide compensation for such

28

1    unprovided meal periods as required by California wage and hour laws.

2    17.    For at least four (4) years prior to the filing of this action and continuing to the present,
3    Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of
4    them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction
5    thereof and failed to provide compensation for such unprovided rest periods as required by California
6    wage and hour laws.

7    18.    For at least three (3) years prior to the filing of this action and continuing to the present,
8    Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount
9    of their wages owed to them upon termination and/or resignation as required by Labor Code sections
10   201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages,
11   premium wages, and vacation pay pursuant to Labor Code section 227.3.

12   19.    For at least one (1) year prior to the filing of this Action and continuing to the present,
13   Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with
14   itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages
15   earned; all applicable hourly rates in effect during the pay period and the corresponding number of
16   hours worked at each hourly rate; and other such information as required by Labor Code section 226,
17   subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an
18   accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

19   20.    For at least one (1) year prior to the filing of this action and continuing to the present,
20   Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount
21   of their wages for labor performed in a timely fashion as required under Labor Code section 204.

22   21.    For at least three (3) years prior to the filing of this action and continuing to the present,
23   Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred
24   in purchasing and/or providing unreturned deposits for mandatory work uniforms; laundering
25   mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-
26   related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to
27   perform work duties.

28

22.     For at least three (3) years prior to the filing of the action and continuing to the present, Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class Members, or some of them, for uniforms.

23.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

24.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

25.     Since January 1, 2022 and continuing to the present, Defendants have had a consistent policy of failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108 in connection with Plaintiff and similarly situated employees or former employees who, like Plaintiff, were covered employees under Labor Code section 2100, within the State of California.  Covered employees, like Plaintiff, had a sundry of warehouse duties subject to production targets and quotas. Under Defendants' quotas, Plaintiff and similarly situated current and former employees were a are assigned and/or required to perform at a specified productivity speed, and/or perform a quantified number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time period.  Moreover, Plaintiff and similarly situated current and former employees of Defendants suffered adverse employment actions if they failed to complete the performance standard for Defendants, and each of them.

26.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105, 2108, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely

CLASS ACTION COMPLAINT

1 wages, waiting time penalties, wage statement penalties, requiring an agreement in writing to terms

2 and/or conditions which Defendants know is prohibited by law; failure to indemnify work-related

3 expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper

4 rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

5     27.        Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

6 Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

7 prohibiting Defendants from further violating the Labor Code and requiring the establishment of

8 appropriate and effective means to prevent further violations, as well as all monies owed but withheld

9 and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution

10 of amounts owed.

11 **CLASS ACTION ALLEGATIONS**

12     28.        Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

13 pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current and

14 former non-exempt employees of Defendants within the State of California at any time commencing

15 four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class

16 action is provided to the class (collectively referred to as "Class Members").

17     29.        Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

18 to amend or modify the class description with greater specificity, further divide the defined class into

19 subclasses, and to further specify or limit the issues for which certification is sought.

20     30.        This action has been brought and may properly be maintained as a class action under

21 the provisions of Code of Civil Procedure section 382 because there is a well-defined community of

22 interest in the litigation and the proposed Class is easily ascertainable.

23     **A.**    **Numerosity**

24     31.        The potential Class Members as defined are so numerous that joinder of all the

25 members of the Class is impracticable. While the precise number of Class Members has not been

26 determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members

27 employed by Defendants within the State of California.

28

32.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

33.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.     Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.     Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.     Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.     Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.     Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.     Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.     Did Defendants fail to pay Class Members in a timely fashion as required under Labor

1    Code section 204?

2    K.    Did Defendants fail to indemnify Class Members for all necessary expenditures or

3           losses incurred in direct consequence of the discharge of their duties or by obedience

4           to the directions of Defendants as required under Labor Code section 2802?

5    L.    Did Defendants fail to return deposits made by Class Members with accrued interest

6           thereon as required under Labor Code section 404?

7    M.    Did Defendants violate Labor Code section 227.3 by not providing Class Members

8           with compensation at their final rate of pay for vested paid vacation time?

9    N.    Did Defendants' practices and policies violate Labor Code sections 2100 through 2105

10          for requiring warehouse employees to meet excessive and unlawful quotas thereby

11          preventing them from complying with rest, recovery and meal periods, their ability to

12          use restroom facilities, travel to and from restroom facilities, an/or expose them to

13          safety and Occupational Safety and Health Administration ("OSHA") violations?

14   O.    Did Defendants violate the Unfair Competition Law, Business and Professions Code

15          section 17200, *et seq.*, by their unlawful practices as alleged herein?

16   P.    Are Class Members entitled to restitution of wages under Business and Professions

17          Code section 17203?

18   Q.    Are Class Members entitled to costs and attorneys' fees?

19   R.    Are Class Members entitled to interest?

20   **C.    Typicality**

21   34.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged

22   by any Class Members, and the relief sought is typical of the relief which would be sought by each

23   Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages

24   arising out of and caused by Defendants' common course of conduct in violation of laws and

25   regulations that have the force and effect of law and statutes as alleged herein.

26   **D.    Adequacy of Representation**

27   35.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.

28

1  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class
2  actions.

3      E.      **Superiority of Class Action**

4      36.      A class action is superior to other available means for the fair and efficient adjudication
5  of this controversy. Individual joinder of all Class Members is not practicable, and questions of law
6  and fact common to Class Members predominate over any questions affecting only individual Class
7  Members. Class Members, as further described therein, have been damaged and are entitled to
8  recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the
9  Labor Code at times, as set out herein.

10     37.      Class action treatment will allow Class Members to litigate their claims in a manner
11 that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of
12 any difficulties that are likely to be encountered in the management of this action that would preclude
13 its maintenance as a class action.

14     F.      **Public Policy Considerations**

15     38.      Employees in the State of California violate employment and labor laws every day.
16 Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.
17 Former employees are fearful of bringing actions because they believe their former employers might
18 damage their future endeavors through negative references and/or means. Class actions provide class
19 members who are not named in the complaint with a type of anonymity that allows for the vindication
20 of their rights while affording them privacy protections.

21     39.      The quota laws clearly state that "… an employee cannot be required to meet a quota
22 that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable
23 travel time to and from bathrooms), or compliance with occupational health and safety standards. A
24 quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including
25 reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the
26 Labor Code or division standards is unlawful and may not be the basis for an adverse employment
27 action. A quota may be illegal if it directly or indirectly precludes employees from exercising these

28

1  statutory rights.  For example, a quota that requires that employees always be engaged in productive
2  activity during work hours would be unlawful as it would directly prevent employees from taking
3  meal and rest periods to prevent them from using bathroom facilities during work hours or exercising
4  their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee
5  takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational
6  health and safety standards, they will fail to meet the quota.  Such a quota indirectly precludes an
7  employee from exercising these statutory rights and is also unlawful.  An employer cannot take
8  adverse employment action against an employee for failing to meet an unlawful quota or a quota that
9  has not been disclosed to the employee.  (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and
10 description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

11                          **GENERAL ALLEGATIONS**

12                              **Background**

13     40.      At all relevant times mentioned herein, Defendants employed Plaintiff and other
14 persons as non-exempt employees at numerous locations within California. Defendants employed
15 Plaintiff in a non-exempt position during Plaintiff's employment and continues to employ non-exempt
16 employees within California.

17     41.      Plaintiff is informed and believes, and based thereon alleges, that all times mentioned
18 herein, Defendants were advised by skill lawyers, employees and other professionals who were
19 knowledgeable about California's wage and hour laws, employment and personnel practices, and the
20 requirements of California law.

21     42.      Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or
22 should have known they had a duty to compensate Plaintiff and all others similarly situated, and
23 Defendants had the financial ability to pay such compensation but willfully, knowingly, and
24 intentionally failed to do so all in order to increase Defendants' profits. Furthermore, Plaintiff, is
25 informed and believes, and thereon alleges that  Defendants further implemented an unlawful policy
26 and practice of alleging that employees were "stealing time" when they failed to clock-in or clock-
27 out at the designated scheduled time when in fact Defendants use this strategy to terminate, reprimand,

28

1   or retaliate against employees who complained that Defendants' quota and production demands were

2   unreasonable and violated Labor Code sections 2100 – 2112.

3       43.     Plaintiff is informed and believes, and thereon alleges, that at all times Defendants

4   tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and

5   in violation of California laws. Defendants were also fully cognizant that they failed to maintain the

6   proper temperature controls as required by the IWC Wage Orders and California law, as such,

7   exposing them to further health and OSHA safety requirements, prohibited under California quota

8   laws.

9       44.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should

10  have known that they imposed systematic quota and production demands on Plaintiff and Class

11  Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq.*, Defendants

12  had a duty to ensure its production demands did not interfere with Plaintiff's and Class Members'

13  right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards.

14  Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas,

15  placing profits above concern for employee safety.

16                                   **Unpaid Wages**

17      45.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should

18  have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,

19  overtime, and double times wages and that they were not receiving minimum, regular, overtime, and

20  double time wages for all work that was required to be performed.  Furthermore, Defendants knew

21  that on January 1, 2022, they must provide Plaintiff and Class Members a written description of

22  Defendants' quota production demands and failed to do so.

23      46.     Plaintiff is informed and believes, and based thereon alleges, that during the Class

24  Period, Plaintiff and Class Members regularly worked in excess of eight (8) hours in a workday and/or

25  40 hours in a workweek and/or in excess of 12 hours in a workday. On    information    and    belief,

26  Defendants did not accurately or appropriately compensate Plaintiff and Class Members for the hours

27  worked.

28

47.     Plaintiff is informed and believes, and based thereon alleges, that in violation of the Labor Code and IWC Wage Orders, Defendants rounded, edited, and/or input the incorrect times for Plaintiff' and Class Members' start times to reflect the scheduled start time instead of the actual start time which should have included time spent arriving early to work, and performing other preliminary duties and postliminary duties, and otherwise preparing for the workday. Defendants also rounded Plaintiff' and Class Members' end time to reflect the scheduled end time despite working past those hours.  As such, Plaintiff and Class Members performed work off-the-clock without compensation. Plaintiff and Class Members were not paid a split shift premium and were required to work shifts which were sufficiently long and were counted as "meal period" and "rest periods."  While under the control of TAWA Services, Inc. or any joint employer they were not paid the split shift interval. Defendants failed to compensate Plaintiff and Class Members for all hours worked for work performed off-the-clock and for reporting time pay, and overtime pay.  Defendants failed to pay the appropriate and correct legal wages for bonus pay (i.e., premium pay, sick pay, vacation pay, overtime and double overtime) and vacation pay according to California law.

**Meal Period Violations**

48.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period. Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful meal periods. During the Class Period, Plaintiff and Class Members regularly worked in excess of five (5) and/or 10 hours per workday.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive compliant meal periods. As such, Defendants failed to provide all required meal period, including second meal periods when Plaintiff and Class Members worked in excess of 10 hours per workday. Even though Plaintiff and other Class Members were prevented from taking compliant meal periods, Defendants failed to provide them with premium pay for every non-compliant meal period. Defendants' quota requirements were unlawful and prevented employees from complying with

California laws regarding meal periods. 53.  Rest Period Violations Recovery Violations: Defendants tracked and maintained a record of each and every rest period that violated California law including when Plaintiff or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota demands were unreasonable and pressured Plaintiff and Class Members to work through rest periods. Plaintiff are informed and believe, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period. Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful rest periods.  During the Class Period, Plaintiff and Class Members regularly worked in excess of four (4) hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy and practice to favor production goals over employee rights.  Consequently, Plaintiff and Class Members were not authorized or permitted to take rest breaks, including first, second, and third rest breaks. Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not receive a compliant rest break. On information and belief, Defendants also failed to provide recovery periods to employees.  Defendants' quota requirements were unlawful and prevented employees from complying with California laws regarding recovery and rest periods.

**Recovery Violations**

49.    Recovery Violations: Defendants did maintain a policy of providing recovery or permitted recovery periods or paying premium pay in lieu thereof. Quota and performance demands were unreasonable and pressured Plaintiff and Class Members to work through breaks including recovery periods. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive recovery periods for safety, including cooling-down, and heat prevention illness.  Defendants, among other reasons, enacted quotas that prevented Plaintiff and Class Members from taking recovery periods.

Consequently, Plaintiff and Class Members were not authorized or permitted to take recovery periods which permit employees of a minimum of 5 minutes to "cool down.". Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not provide a recovery period. On information and belief, Defendants also failed to provide recovery periods to Class Members.

### Waiting Time Penalties

50.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time Subclass Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due.  In violation of the Labor Code, Plaintiff and Waiting Time Class Members did not receive payment of all wages owed upon separation within the permissible time period due to, inter alia, Defendants' failure to pay all wages and meal and rest period premiums to Plaintiff and Class Members.

### Wage Statement Violations

51.    Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226 to pay and record each premium pay and meal and rest period violation which Defendants tracked and recorded. In addition, Plaintiff and Class Members are entitled to payroll records and signed records. In violation of the Labor Code and the IWC Wage Orders, Plaintiff and Class Members were not furnished with complete and accurate wage statements, signed records, and payroll records that show all of the information required by Labor Code §§ 226, 1198.5, and/or 432 including, but not limited to, the gross and net wages earned, the total hours worked, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

### Quota Violations

52.    Defendants have willfully and intentionally violated, among other claims, California's warehouse workers and quota laws, including, without limitation, Labor Code sections 2100 through 2112, as alleged below.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages -Against All Defendants)**

53.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

54.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

55.     At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

56.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

57.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through

security screenings and/or temperature checks off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; and by attempting but failing to properly implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to implement a written agreement designating the regularly scheduled alternative workweek in which the specified number of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or failing to register an AWS election with the State of California, as required by Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

58.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

59.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

60.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61.    At all relevant times, Plaintiff and Class Members were employees or former

1  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

2     62.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

3  Members were entitled to receive minimum wages for all hours worked or otherwise under

4  Defendants' control.

5     63.     For four (4) years prior to the filing of the Complaint in this Action through the present,

6  Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

7  rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

8  the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to

9  work and leave late work without being able to clock in for all that time, to suffer under Defendants'

10  control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift

11  tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest

12  periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings

13  off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of

14  employee time entries; editing and/or manipulation of time entries to show less hours than actually

15  worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of

16  Plaintiff and Class Members.

17     64.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

18  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

19  all hours worked or otherwise due.

20     65.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

21  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

22  the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

23  reasonable attorneys' fees and costs of suit.

24                              **THIRD CAUSE OF ACTION**

25                    **(Failure to Provide Meal Periods – Against All Defendants)**

26     66.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

27  preceding paragraphs as though fully set forth hereat.

28

67.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

68.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

69.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

70.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

71.     By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

72.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

73.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

1  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

2  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

3  ### FOURTH CAUSE OF ACTION

4  **(Failure to Provide Rest Periods – Against All Defendants)**

5  74.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

6  preceding paragraphs as though fully set forth hereat.

7  75.    At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by applicable Wage Orders.

9  76.    California law and applicable Wage Orders require that employers "authorize and

10  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

11  period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3

12  ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts

13  of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest

14  period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)

15  minutes of paid rest period.

16  77.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

17  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

18  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

19  regular rate of compensation for each work day that the rest period is not provided.

20  78.    For four (4) years prior to the filing of the Complaint in this Action through the present,

21  Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-

22  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.

23  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's

24  regular rate of compensation on the occasions that Class Members were not authorized or permitted

25  to take compliant rest periods.

26  79.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take

27  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

28

1  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

2  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

3      80.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

4  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

5  for rest periods that they were not authorized or permitted to take.

6      81.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

7  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

8  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

9  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

10                          **FIFTH CAUSE OF ACTION**

11              **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

12      82.      Plaintiff realleges and incorporates by reference all of the allegations contained in the

13  preceding paragraphs as though fully set forth hereat.

14      83.      At all relevant times, Plaintiff and Class Members were employees or former

15  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

16  Wage Orders.

17      84.      Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

18  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

19  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge

20  immediately upon termination.  Class Members who resigned were entitled to payment of all wages

21  earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they

22  gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

23  time of resignation.

24      85.      Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years

25  before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

26  at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all

27  wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

28

86.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

87.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

88.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

89.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements – Against All Defendants)

90.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

91.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

92.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

93.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; among other things.

94.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

95.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

96.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

97.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

/ / /

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

98.    Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

99.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

100.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

101.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

102.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

103.    Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

104.    Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

1  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

2  interest, and their costs of suit, as well.

3  **<u>EIGHTH CAUSE OF ACTION</u>**

4  **(Violation of Labor Code § 2802 – Against All Defendants)**

5  105.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

6  preceding paragraphs as though fully set forth hereat.

7  106.    At all relevant times, Plaintiff and Class Members were employees or former

8  employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

9  107.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

10 his or her employee for all necessary expenditures or losses incurred by the employee in direct

11 consequence of the discharge of his or her duties . . ."

12 108.    For three (3) years prior to the filing of the Complaint in this Action through the

13 present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

14 necessary expenditures or losses in direct consequence of the discharge of their duties or at the

15 obedience to the directions of Defendants that included, without limitation: purchasing and/or

16 providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms;

17 mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using

18 cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

19 109.    During that time period, Plaintiff is informed and believes, and based thereon alleges

20 that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class

21 Members for those losses and/or expenditures.

22 110.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

23 suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

24 described losses and/or expenditures.

25 111.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

26 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement

27 for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

28

1

**NINTH CAUSE OF ACTION**

2

**(Violation of Labor Code § 404 – Against All Defendants)**

3    112.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

4    preceding paragraphs as though fully set forth herein.

5    113.    At all relevant times, Plaintiff and Class Members were employees or former

6    employees of Defendants covered by Labor Code sections 400 through 410.

7    114.    Pursuant to Labor Code section 404, Defendants were required to immediately return

8    amounts deposited for uniforms with accrued interest when Plaintiff and Class Members returned the

9    required uniforms to Defendants.

10    115.    Plaintiff is informed and believes, and based thereon alleges that for three (3) years

11    prior to the filing of this Action through the present, due to policies and practices adopted by

12    Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

13    accrued interest on deposits made by Plaintiff and Class Members upon their returning their uniforms

14    to Defendants.

15    116.    As a result of Defendants' conduct, Plaintiff and Class Members have suffered

16    damages in an amount subject to proof, to the extent they were not compensated for accrued interest

17    on amounts deposited for mandatory uniforms upon returning their uniforms to Defendants.

18    117.    Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members are

19    entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees and

20    costs of suit.

21

**TENTH CAUSE OF ACTION**

22

**(Violation of Labor Code § 227.3 – Against All Defendants)**

23    118.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the

24    preceding paragraphs of this Complaint as though fully set forth hereon.

25    119.    According to Labor Code section 227.3, whenever a contract of employment or

26    employer policy provides for paid vacations, and an employee is terminated without having taken off

27    his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

28

CLASS ACTION COMPLAINT

1 | accordance with such contract of employment or employer policy respecting eligibility or time served.

2 | 120.    Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

3 | hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

4 | that Plaintiff's employment contract with Defendants included paid vacations.

5 | 121.    For at least four (4) years prior to the filing of this action and continuing to the present,

6 | Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

7 | employees or former employees within the State of California with compensation at their final rate of

8 | pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

9 | 122.    As a proximate result of Defendants' failure to pay vested vacation at the final rate of

10 | Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code

11 | section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their

12 | final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and

13 | Class Members, on the one hand, and Defendants, on the other hand.

14 | 123.    As a further proximate result of Defendants' above-described acts and/or omissions,

15 | Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and

16 | prejudgment interest.

17 | **ELEVENTH CAUSE OF ACTION**

18 | **(Violation of California's Quota Law –Against All Defendants)**

19 | 124.    Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though

20 | fully set forth herein.

21 | 125.    At all relevant times, Defendants had a duty to comply with Labor Code sections 2100

22 | *et seq.*

23 | **Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas**

24 | 126.    Starting January 1, 2022, Defendants were required to provide each new hire a written

25 | description of each quota the Defendants required Plaintiff and Putative Class Members to work

26 | under. This includes the number of tasks to be performed or materials that must be produced or

27 | handled within a time period, and any potential adverse employment action that could result from

28 |

1  failing to meet quotas as defined by Labor Code 2100 *et. seq.*

2  127.    Plaintiff and Putative Class Members routinely worked more than twelve hours in
3  Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful
4  quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's
5  quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

6  128.    Defendants had and have the financial ability to comply with California's quota laws,
7  but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength.
8  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants
9  were advised by skilled lawyers, employees, and other professionals who were knowledgeable about
10  California's wage and hour laws, employment and personnel practices, and the requirements of
11  California law.

12  129.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
13  have known they imposed systematic quota and production demands on Plaintiff and Putative Class
14  Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq.*
15  Defendants, and each of them, know and have known at all times herein referenced that it requires
16  and required Plaintiff and Putative Class Members "…to meet a quota that prevents compliance with
17  meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
18  facilities, or occupational health and safety laws in the Labor Code or division standards" in violation
19  of Labor Code section 2102.

20  **Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

21  130.    On information and belief, hundreds of employees have suffered quota related injuries
22  since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten
23  policy which is implemented through supervisors and managers that eliminates injured employees.
24  While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is
25  injured employees were targeted for elimination for one well known reason: the perception and false
26  belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured
27  employees are categorized as unproductive employees and are terminated for "low performance."

28

131.    Defendants, and each of them, willfully, knowingly and intentionally failed to establish quotas that did not harm Plaintiff and Putative Class Members in order to increase Defendants' profits without concern for employee safety. Defendants' quotas required Plaintiff and Putative Class Members, to meet quantified work and production targets and quotas relating to their warehouse duties.

**Defendants' Warehouse Employees are Covered Employees**

132.    Defendants, and each of them, are covered employers and maintain, implement, and enforces illegal quotas.  Plaintiff and Putative Class Members are subject to quotas and are protected by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under which an employee is assigned or required to perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or produce a quantified amount of material, within a defined time period and under which the employee may suffer an adverse employment action if they fail to complete the performance standard."

133.    Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse employees' performance based on employee work speed data and subsequently takes adverse action against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision (e)(1) that "'employee work speed data' means information an employer collects, stores, analyzes, or interprets relating to an individual employee's performance of a quota, including, but not limited to, quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of tasks performed, measurements or metrics of employee performance in relation to a quota, and time categorized as performing tasks or not performing tasks."  Under section (e)(2), "'employee work speed data' does not include qualitative performance assessments, personnel records, or itemized wage statements pursuant to Section 226, except for any content of those records that includes employee work speed data as defined in this part."

134.    Defendants store, track, and analyze employees' speed data to measure performance and takes adverse employment action against employees in violation of Labor Code section 2102, which states that "[a]n employee shall not be required to meet a quota that prevents compliance with

1    meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
2    facilities, or occupational health and safety laws in the Labor Code or division standards. An employer
3    shall not take adverse employment action against an employee for failure to meet a quota that does
4    not allow a worker to comply with meal and rest breaks, or occupational health and safety laws in the
5    Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the
6    employee pursuant to Section 2101."

7    135.    Plaintiff and Putative Class Members, as alleged throughout this complaint, were
8    required to meet excessive quotas.  Defendants could comply with the law by complying with the law
9    and refuse to do so.  Defendants claim they do not have, maintain, implement, or require quotas of
10    any of its warehouse employees.

11    **Defendants Changes Quotas Regularly and Fail to Disclose New Quotas**

12    136.    Defendants failed to advise and/or disclose to new hires the written quota description
13    as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas
14    regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is
15    updated or changed.

16    137.    Defendants, and each of them, failed to disclose Plaintiff's quota after Plaintiff
17    demanded Plaintiff's written disclosures pursuant to Labor Code section 2104, which states at (a)(1)
18    that "[i]f a current or former employee believes that meeting a quota caused a violation of their right
19    to a meal or rest break or required them to violate any occupational health and safety laws in the Labor
20    Code or division standards, they have the right to request, and the employer shall provide, a written
21    description of each quota to which the employee is subject and a copy of the most recent 90 days of
22    the employee's own personal work speed data."  Subdivision (a)(2) states that "[i]f a former employee
23    requests a written description of the quotas to which they were subject and a copy of their own
24    personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former
25    employee's quotas and personal work speed data for the 90 days prior to the date of the employee's
26    separation from the employer.  Subdivision (a)(3) states that "[a] former employee is limited to one
27    request pursuant to this subdivision."  Subdivision (b) states that "[a]n employer that receives a written

28

1  or oral request for information pursuant to subdivision (a) shall comply with the request as soon as

2  practicable, but no later than 21calendar days from the date of the request.  Plaintiff, through their

3  Counsel of record, served on Defendants a demand for a written description of the quotas they were

4  subject to. Defendants ignored their request. More than 21 days have passed since the request for a

5  written description and Defendants refuses to comply with the law.  As such, Plaintiff is forced to

6  both file a lawsuit and/or file for injunctive relief for Plaintiff and on behalf of Class Members.

7  ### Quotas Interfered with Employees' Use of Bathroom Facilities

8     138.     Plaintiff and Class Members were restricted in their ability to use the bathroom

9  facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein

10 and above.  Employees were monitored by Defendants' leads and/or supervisors and were instructed

11 to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the

12 designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et.*

13 *seq.*

14 ### Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates

15    139.     On information and belief, hundreds of employees have suffered quota related injuries.

16 On information and belief, Defendants' (and each of their) unwritten policies, which are implemented

17 through supervisors and managers, is to eliminate injured employees. While Defendants, and each of

18 them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for

19 elimination for one well known reason: the perception and false belief that injured employees could

20 not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive

21 employees and are terminated for "low performance."

22 ### Quotas Adversely Impacted Meal & Rest Periods

23    140.     Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

24 receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiff and

25 Putative Class Members from complying with California's meal period laws. Plaintiff and Putative

26 Class Members regularly worked in excess of five (5) and/or 10 hours per workday. In violation of

27 the Labor Code and IWC Wage Orders, Plaintiff and Putative Class Members did not receive

28

1  compliant lunches because of Defendants' unlawful quotas.

2  141.    Defendants, and each of them, maintained excessive quota demands which interfered

3  with Plaintiff and Putative Class Members' ability to take legal meal periods and in fact it prevented

4  them from complying with California law regarding lunches. For example, employees were

5  monitored, reprimanded, and discouraged from taking meal periods. Employees were required under

6  the penalty of reprimand or termination to clock in and out for meal periods. This ruse was

7  implemented and required by DEFENDANTS for unlawful purposes. In reality, the unwritten meal

8  period policy was to work through meal period or punished. If Defendants can demonstrate employees

9  clocked in and out for lunch, then it can falsely argue that they did comply with California law in

10 defending the many lawsuits accusing them of violating California break laws. The reality was, is,

11 and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiff and

12 Class Members work through meal periods or take shortened meal periods.

13                                **On Duty/On Call Breaks**

14 142.    Defendants also violated Labor Code section 2103 because it required and continues

15 to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them,

16 know when warehouse employees are working through breaks to meet quotas in violation of Labor

17 Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal

18 and rest breaks are not considered productive time unless the employee is required to remain on call.

19 143.    Plaintiff and Putative Class Members were regularly and routinely required to remain

20 on call to meet quotas. Defendants required employees to regularly monitor quota statistics and

21 receive and respond to messages when on breaks.

22           **Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks**

23 144.    Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

24 legal rest breaks. Defendants enacted quotas that prevented Plaintiff and Putative Class Members from

25 complying with California rest period laws.

26 145.    On information and belief, Defendants, and each of them, take adverse employment

27 action against employees who choose and/or insist on a legal rest break. Class Members were

28

1  monitored, reprimanded, and discouraged from using bathroom facilities until their designated time

2  for rest breaks. However, this policy and practice was implemented and encouraged by Defendants'

3  (and each of their) supervisory and/or managerial personnel such that if Class Members worked

4  through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota

5  requirements.

6      146.       Defendants also implemented an illegal policy requiring Plaintiff and Putative Class

7  Members to "waive" meal periods. Plaintiff and Putative Class Members were required to sign meal

8  period waivers when in fact many employees did not want to sign waivers because they wanted a

9  break. Plaintiff and, on information and belief, many Class Members also complained about

10  Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations,

11  and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or

12  purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in

13  any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days

14  of the employee doing either of the following: (a) Initiating the employee's first request in a calendar

15  year for information about a quota or personal work speed data pursuant to subdivision (a) of Section

16  2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104,

17  inclusive, to the commissioner, the division, other local or state governmental agency, or the

18  employer.

19                         **Injunctive Relief**

20      147.       Plaintiff and Putative Class Members were and continue to labor under the constant

21  threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq.*

22      148.       Defendants knew or should have known that their quotas were and continue to be

23  illegal. Defendants new and know their quotas require Plaintiff and Putative Class Members to expose

24  themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for

25  violating California's wage and hour laws. Despite prior, current and future litigation, Defendants,

26  and each of them, will continue to violate California's quota laws absent a jury award in Plaintiff and

27  Class Members' favor

28

149.     Plaintiff, Class Members, and Class Members are entitled to injunctive relief under California Labor Code section 2108, compelling Defendants to comply with California Labor Code sections 2100 *et. seq*., and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

### TWELFTH CAUSE OF ACTION

#### (Unfair Competition – Against All Defendants)

150.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

151.     Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

152.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

153.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and

1 | Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure

2 | to comply with the Labor Code.

3 |     154.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure

4 | section 1032 and interest under Civil Code section 3287.

5 | **DEMAND FOR JURY TRIAL**

6 |     155.      Plaintiff demands a trial by jury on all causes of action contained herein.

7 | **PRAYER**

8 |     WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

9 | against Defendants as follows:

10 |     A.     An order certifying this case as a Class Action;

11 |     B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's

12 |           counsel as class counsel;

13 |     C.     Damages for all wages earned and owed, including minimum and overtime wages

14 |           and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

15 |           1194, 1197 and 1199 and 227.3;

16 |     D.     Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

17 |     E.     Damages for unpaid premium wages from missed meal and rest periods under,

18 |           among other Labor Code sections, 512, 558.1 and 226.7;

19 |     F.     Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

20 |           (e) and 558.1;

21 |     G.     Waiting time penalties under Labor Code sections 203 and 558.1;

22 |     H.     Penalties to timely pay wages under Labor Code section 210;

23 |     I.     Damages under Labor Code sections 2802 and 558.1;

24 |     J.     Damages under Labor Code section 404;

25 |     K.     Preliminary and permanent injunctions prohibiting Defendants from further violating

26 |           the California Labor Code and requiring the establishment of appropriate and

27 |           effective means to prevent future violations, including, without limitation, under

28 |

1 | Labor Code sections 17200, *et seq.* and 2100, *et seq.*;

2 | L. | Restitution of wages and benefits due which were acquired by means of any unfair

3 | business practice, according to proof;

4 | M. | Prejudgment and post-judgment interest at the maximum rate allowed by law;

5 | N. | For attorneys' fees in prosecuting this action;

6 | O. | For costs of suit incurred herein; and

7 | P. | For such other and further relief as the Court deems just and proper.

8

9 | Dated:  November 19, 2024 | BIBIYAN LAW GROUP, P.C.

10

11 | BY: | */s/ David D. Bibiyan*

12 | David D. Bibiyan
Sarah H. Cohen

13 | Attorneys for Plaintiff JOSE LUIS SANDOVAL

14 | and on behalf of all others similarly situated

1

**BIBIYAN LAW GROUP, P.C.**

2
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*

3
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*

4
1460 Westwood Boulevard

5
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

6

7
Attorneys for Plaintiff, JOSE LUIS SANDOVAL and
on behalf of all others similarly situated

8

9

10

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
12/17/2024 9:28 AM
By: Stephanie Paniagua, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| 11 JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated, | CASE NO.: CIVSB2434865 |
| 12 Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| 13 v. | 1. FAILURE TO PAY OVERTIME WAGES; |
| 14 | 2. FAILURE TO PAY MINIMUM WAGES; |
| 15 | 3. FAILURE TO PROVIDE MEAL PERIODS; |
| 16 CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC, a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive, | 4. FAILURE TO PROVIDE REST PERIODS; |
| 17 | 5. WAITING TIME PENALTIES; |
| 18 | 6. WAGE STATEMENT VIOLATIONS; |
| 19 | 7. FAILURE TO TIMELY PAY WAGES; |
| 20 | 8. FAILURE TO INDEMNIFY; |
| 21 | 9. FAILURE TO PAY INTEREST ON DEPOSITS; |
| 22 | 10. VIOLATION OF LABOR CODE § 227.3; |
| 23 | 11. VIOLATION OF QUOTA LAWS; and |
| 24 Defendants. | 12. UNFAIR COMPETITION. |
| 25 | **DEMAND FOR JURY TRIAL** |
| 26 | [Amount in Controversy Exceeds $35,000.00] |
| 27 | |
| 28 | |

1       Plaintiff JOSE LUIS SANDOVAL, on behalf of Plaintiff and all others similarly situated,

2  alleges as follows:

3  **GENERAL ALLEGATIONS**

4  **INTRODUCTION**

5      1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against

6  Cardinal Health 200, LLC, and any of its respective subsidiaries or affiliated companies within the

7  State of California ("CARDINAL 200"); Cardinal Health 110, LLC, and any of its respective

8  subsidiaries or affiliated companies within the State of California ("CARDINAL 110"); Cardinal

9  Health 108, LLC, and any of its respective subsidiaries or affiliated companies within the State of

10  California ("CARDINAL 108"); Cardinal Health 414, LLC, and any of its respective subsidiaries or

11  affiliated companies within the State of California ("CARDINAL 414"); Cardinal Health 100, LLC,

12  and any of its respective subsidiaries or affiliated companies within the State of California

13  ("CARDINAL 100"); Cardinal Health 119, LLC, and any of its respective subsidiaries or affiliated

14  companies within the State of California ("CARDINAL 119"); Cardinal Health 201, Inc, and any of

15  its respective subsidiaries or affiliated companies within the State of California ("CARDINAL 201");

16  and Daniel Ruiz ("RUIZ" and collectively, with CARDINAL 200, CARDINAL 110, CARDINAL

17  108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and CARDINAL 201 and DOES 1

18  through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and

19  former non-exempt California employees employed by or formerly employed by Defendants ("Class

20  Members").

21  **PARTIES**

22      A.    **Plaintiff**

23      2.      Plaintiff JOSE LUIS SANDOVAL is a resident of the State of California.  At all

24  relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

25  employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

26  operating forklifts.  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff JOSE

27  LUIS SANDOVAL worked for Defendants from approximately September of 2024 through

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    approximately November of 2024 with duties, that included, a sundry of warehouse duties subject to

2    production targets and quotas.  Under Defendants' quotas, Plaintiff was assigned or required to

3    perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or

4    produce a quantified amount of material, within a defined time period and under which he suffered

5    adverse employment actions if he failed to complete the performance standard for Defendants, and

6    each of them.

7        **B.    <u>Defendants</u>**

8        3.        Plaintiff is informed and believes and based thereon alleges that defendant

9    CARDINAL 200 is, and at all times relevant hereto was, a limited liability company organized and

10   existing under and by virtue of the laws of the State of Delaware and doing business in the County of

11   San Bernardino, State of California. At all relevant times herein, CARDINAL 200 employed Plaintiff

12   and similarly situated employees within the State of California.

13       4.        Plaintiff is informed and believes and based thereon alleges that defendant

14   CARDINAL 110 is, and at all times relevant hereto was, a limited liability company organized and

15   existing under and by virtue of the laws of the State of Indiana and doing business in the County of

16   San Bernardino, State of California. At all relevant times herein, CARDINAL 110 employed Plaintiff

17   and similarly situated employees within the State of California.

18       5.        Plaintiff is informed and believes and based thereon alleges that defendant

19   CARDINAL 108 is, and at all times relevant hereto was, a limited liability company organized and

20   existing under and by virtue of the laws of the State of Delaware and doing business in the County of

21   San Bernardino, State of California. At all relevant times herein, CARDINAL 108 employed Plaintiff

22   and similarly situated employees within the State of California.

23       6.        Plaintiff is informed and believes and based thereon alleges that defendant

24   CARDINAL 414 is, and at all times relevant hereto was, a limited liability company organized and

25   existing under and by virtue of the laws of the State of Delaware and doing business in the County of

26   San Bernardino, State of California. At all relevant times herein, CARDINAL 414 employed Plaintiff

27   and similarly situated employees within the State of California.

28

7.      Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 100 is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Indiana and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 100 employed Plaintiff and similarly situated employees within the State of California.

8.      Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 119 is, and at all times relevant hereto was, a limited liability company organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 119 employed Plaintiff and similarly situated employees within the State of California.

9.      Plaintiff is informed and believes and based thereon alleges that defendant CARDINAL 201 is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino, State of California. At all relevant times herein, CARDINAL 201 employed Plaintiff and similarly situated employees within the State of California.

10.     Plaintiff is informed and believes and based thereon alleges that defendant RUIZ is, and at all times relevant hereto was, an individual residing in California, as well as the Plaintiff's supervisor at Defendants, and DOES 1 through 100, as further defined below.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all

respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include CARDINAL 200, CARDINAL 110, CARDINAL 108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and CARDINAL 201, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as Individual RUIZ and DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

12.     Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

13.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

14.     Plaintiff is further informed and believes and based thereon alleges that Individual RUIZ and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

15.     Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

16.     Plaintiff is informed and believes, and based thereon alleges that despite the formation

of the purported corporate existence of CARDINAL 200, CARDINAL 110, CARDINAL 108, CARDINAL 414, CARDINAL 100, CARDINAL 119, and CARDINAL 201, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Individual RUIZ and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

    A.   The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

    B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

    C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

    D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion. The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

    E.   The recognition of the separate existence of the Individual Defendants and the Alter

1    Ego Defendants would promote injustice insofar that it would permit defendants to

2    insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor

3    Code, and other statutory violations. The corporate existence of these defendants

4    should thus be disregarded in equity and for the ends of justice because such disregard

5    is necessary to avoid fraud and injustice to Plaintiff herein;

6    F. Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual

7    Defendants (and vice versa), and the fiction of their separate corporate existence must

8    be disregarded;

9    17.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based

10   thereon alleges that Defendants, and each of them, are joint employers.

11   **JURISDICTION**

12   18.   Jurisdiction exists in the Superior Court of the State of California pursuant to Code of

13   Civil Procedure section 410.10.

14   19.   Venue is proper in San Bernardino County, California pursuant to Code of Civil

15   Procedure sections 392, et seq. because, among other things, San Bernardino County is where the

16   causes of action complained of herein arose; the county in which the employment relationship began;

17   the county in which performance of the employment contract, or part of it, between Plaintiff and

18   Defendants was due to be performed; the county in which the employment contract, or part of it,

19   between Plaintiff and Defendants was actually performed; and the county in which Defendants, or

20   some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiff and

21   Class Members in San Bernardino County, and because Defendants employ numerous Class Members

22   in San Bernardino County.

23   **FACTUAL BACKGROUND**

24   20.   For at least four (4) years prior to the filing of this action and continuing to the present,

25   Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or some of

26   them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiff

27   and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven

28

7

FIRST AMENDED CLASS ACTION COMPLAINT

consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; and by attempting but failing to properly implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to implement a written agreement designating the regularly scheduled alternative workweek in which the specified number of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or failing to register an AWS election with the State of California, as required by Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

21.    For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members, or some of them, in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and/or pay for all hours actually worked at their regular rate of pay that is

above the minimum wage; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of Plaintiff and Class Members.

22.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

23.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

24.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

25.     For at least one (1) year prior to the filing of this Action and continuing to the present,

1  Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with

2  itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

3  earned; all applicable hourly rates in effect during the pay period and the corresponding number of

4  hours worked at each hourly rate; and other such information as required by Labor Code section 226,

5  subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an

6  accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

7       26.    For at least one (1) year prior to the filing of this action and continuing to the present,

8  Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount

9  of their wages for labor performed in a timely fashion as required under Labor Code section 204.

10      27.    For at least three (3) years prior to the filing of this action and continuing to the present,

11  Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred

12  in purchasing and/or providing unreturned deposits for mandatory work uniforms; laundering

13  mandatory work uniforms; mileage and/or gas costs incurred in driving personal vehicles for work-

14  related purposes; using cellular phones for work-related purposes; and purchasing tools necessary to

15  perform work duties.

16      28.    For at least three (3) years prior to the filing of the action and continuing to the present,

17  Defendants have, at times, failed to return interest on deposits made by Plaintiff and Class Members,

18  or some of them, for uniforms.

19      29.    For at least four (4) years prior to the filing of this action and continuing to the present,

20  Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

21  employees or former employees within the State of California with compensation at their final rate of

22  pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

23      30.    For at least four (4) years prior to the filing of this action and continuing to the present,

24  Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

25  employees or former employees within the State of California with the rights provided to them under

26  the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

27      31.    Since January 1, 2022 and continuing to the present, Defendants have had a consistent

28

policy of failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108 in connection with Plaintiff and similarly situated employees or former employees who, like Plaintiff, were covered employees under Labor Code section 2100, within the State of California.  Covered employees, like Plaintiff, had a sundry of warehouse duties subject to production targets and quotas. Under Defendants' quotas, Plaintiff and similarly situated current and former employees were a are assigned and/or required to perform at a specified productivity speed, and/or perform a quantified number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time period.  Moreover, Plaintiff and similarly situated current and former employees of Defendants suffered adverse employment actions if they failed to complete the performance standard for Defendants, and each of them.

32.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105, 2108, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, requiring an agreement in writing to terms and/or conditions which Defendants know is prohibited by law; failure to indemnify work-related expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

33.    Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

35.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

36.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.   Numerosity**

37.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

38.     Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.   Commonality**

39.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

    A.   Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

    B.   Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

M.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time?

N.   Did Defendants' practices and policies violate Labor Code sections 2100 through 2105 for requiring warehouse employees to meet excessive and unlawful quotas thereby preventing them from complying with rest, recovery and meal periods, their ability to use restroom facilities, travel to and from restroom facilities, an/or expose them to

1    safety and Occupational Safety and Health Administration ("OSHA") violations?

2        O.   Did Defendants violate the Unfair Competition Law, Business and Professions Code

3            section 17200, *et seq.*, by their unlawful practices as alleged herein?

4        P.   Are Class Members entitled to restitution of wages under Business and Professions

5            Code section 17203?

6        Q.   Are Class Members entitled to costs and attorneys' fees?

7        R.   Are Class Members entitled to interest?

8    **C.**    **Typicality**

9        40.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged

10   by any Class Members, and the relief sought is typical of the relief which would be sought by each

11   Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages

12   arising out of and caused by Defendants' common course of conduct in violation of laws and

13   regulations that have the force and effect of law and statutes as alleged herein.

14   **D.**    **Adequacy of Representation**

15       41.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.

16   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class

17   actions.

18   **E.**    **Superiority of Class Action**

19       42.    A class action is superior to other available means for the fair and efficient adjudication

20   of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law

21   and fact common to Class Members predominate over any questions affecting only individual Class

22   Members.  Class Members, as further described therein, have been damaged and are entitled to

23   recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

24   Labor Code at times, as set out herein.

25       43.    Class action treatment will allow Class Members to litigate their claims in a manner

26   that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

27   any difficulties that are likely to be encountered in the management of this action that would preclude

28

1 | its maintenance as a class action.

2 |     **F.     Public Policy Considerations**

3 |     44.         Employees in the State of California violate employment and labor laws every day.

4 | Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

5 | Former employees are fearful of bringing actions because they believe their former employers might

6 | damage their future endeavors through negative references and/or means.  Class actions provide class

7 | members who are not named in the complaint with a type of anonymity that allows for the vindication

8 | of their rights while affording them privacy protections.

9 |     45.         The quota laws clearly state that "… an employee cannot be required to meet a quota

10 | that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable

11 | travel time to and from bathrooms), or compliance with occupational health and safety standards. A

12 | quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including

13 | reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the

14 | Labor Code or division standards is unlawful and may not be the basis for an adverse employment

15 | action.  A quota may be illegal if it directly or indirectly precludes employees from exercising these

16 | statutory rights.  For example, a quota that requires that employees always be engaged in productive

17 | activity during work hours would be unlawful as it would directly prevent employees from taking

18 | meal and rest periods to prevent them from using bathroom facilities during work hours or exercising

19 | their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee

20 | takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational

21 | health and safety standards, they will fail to meet the quota.  Such a quota indirectly precludes an

22 | employee from exercising these statutory rights and is also unlawful.  An employer cannot take

23 | adverse employment action against an employee for failing to meet an unlawful quota or a quota that

24 | has not been disclosed to the employee.  (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and

25 | description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

26 | / / /

27 | / / /

28 |

---

**GENERAL ALLEGATIONS**

**Background**

46.    At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees at numerous locations within California. Defendants employed Plaintiff in a non-exempt position during Plaintiff's employment and continues to employ non-exempt employees within California.

47.    Plaintiff is informed and believes, and based thereon alleges, that all times mentioned herein, Defendants were advised by skill lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

48.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and all others similarly situated, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so all in order to increase Defendants' profits.  Furthermore, Plaintiff, is informed and believes, and thereon alleges that  Defendants further implemented an unlawful policy and practice of alleging that employees were "stealing time" when they failed to clock-in or clock-out at the designated scheduled time when in fact Defendants use this strategy to terminate, reprimand, or retaliate against employees who complained that Defendants' quota and production demands were unreasonable and violated Labor Code sections 2100 – 2112.

49.    Plaintiff is informed and believes, and thereon alleges, that at all times Defendants tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and in violation of California laws. Defendants were also fully cognizant that they failed to maintain the proper temperature controls as required by the IWC Wage Orders and California law, as such, exposing them to further health and OSHA safety requirements, prohibited under California quota laws.

50.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they imposed systematic quota and production demands on Plaintiff and Class

**1**  Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq.*, Defendants

**2**  had a duty to ensure its production demands did not interfere with Plaintiff's and Class Members'

**3**  right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards.

**4**  Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas,

**5**  placing profits above concern for employee safety.

**6**                                              **Unpaid Wages**

**7**        51.        Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should

**8**  have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,

**9**  overtime, and double times wages and that they were not receiving minimum, regular, overtime, and

**10**  double time wages for all work that was required to be performed.  Furthermore, Defendants knew

**11**  that on January 1, 2022, they must provide Plaintiff and Class Members a written description of

**12**  Defendants' quota production demands and failed to do so.

**13**        52.        Plaintiff is informed and believes, and based thereon alleges, that during the Class

**14**  Period, Plaintiff and Class Members regularly worked in excess of eight (8) hours in a workday and/or

**15**  40 hours in a workweek and/or in excess of 12 hours in a workday. On    information    and    belief,

**16**  Defendants did not accurately or appropriately compensate Plaintiff and Class Members for the hours

**17**  worked.

**18**        53.        Plaintiff is informed and believes, and based thereon alleges, that in violation of the

**19**  Labor Code and IWC Wage Orders, Defendants rounded, edited, and/or input the incorrect times for

**20**  Plaintiff' and Class Members' start times to reflect the scheduled start time instead of the actual start

**21**  time which should have included time spent arriving early to work, and performing other preliminary

**22**  duties and postliminary duties, and otherwise preparing for the workday. Defendants also rounded

**23**  Plaintiff' and Class Members' end time to reflect the scheduled end time despite working past those

**24**  hours.  As such, Plaintiff and Class Members performed work off-the-clock without compensation.

**25**  Plaintiff and Class Members were not paid a split shift premium and were required to work shifts

**26**  which were sufficiently long and were counted as "meal period" and "rest periods."  While under the

**27**  control of TAWA Services, Inc. or any joint employer they were not paid the split shift interval.

**28**

1   Defendants failed to compensate Plaintiff and Class Members for all hours worked for work

2   performed off-the-clock and for reporting time pay, and overtime pay.  Defendants failed to pay the

3   appropriate and correct legal wages for bonus pay (i.e., premium pay, sick pay, vacation pay, overtime

4   and double overtime) and vacation pay according to California law.

5                              **Meal Period Violations**

6       54.        Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should

7   have known that Plaintiff and Class Members were entitled to receive a timely, off-duty, uninterrupted

8   30-minute meal period for every five hours of work, or payment of one additional hour of pay at their

9   regular rate of pay when they did not receive a compliant meal period. Defendants enacted quotas that

10  prevented Plaintiff and Class Members from taking lawful meal periods. During the Class Period,

11  Plaintiff and Class Members regularly worked in excess of five (5) and/or 10 hours per workday.  In

12  violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive

13  compliant meal periods. As such, Defendants failed to provide all required meal period, including

14  second meal periods when Plaintiff and Class Members worked in excess of 10 hours per workday.

15  Even though Plaintiff and other Class Members were prevented from taking compliant meal periods,

16  Defendants failed to provide them with premium pay for every non-compliant meal period.

17  Defendants' quota requirements were unlawful and prevented employees from complying with

18  California laws regarding meal periods. 53.  Rest Period Violations Recovery Violations: Defendants

19  tracked and maintained a record of each and every rest period that violated California law including

20  when Plaintiff or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota

21  demands were unreasonable and pressured Plaintiff and Class Members to work through rest periods.

22  Plaintiff are informed and believe, and thereon alleges, that Defendants knew or should have known

23  that Plaintiff and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest

24  period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional

25  hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.

26  Defendants enacted quotas that prevented Plaintiff and Class Members from taking lawful rest

27  periods.  During the Class Period, Plaintiff and Class Members regularly worked in excess of four (4)

28

1 | hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiff and
2 | Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy
3 | and practice to favor production goals over employee rights.  Consequently, Plaintiff and Class
4 | Members were not authorized or permitted to take rest breaks, including first, second, and third rest
5 | breaks. Defendants failed to pay Plaintiff and Class Members one additional hour of pay at their
6 | regular rate of pay when they did not receive a compliant rest break. On information and belief,
7 | Defendants also failed to provide recovery periods to employees.  Defendants' quota requirements
8 | were unlawful and prevented employees from complying with California laws regarding recovery and
9 | rest periods.

10 | **Recovery Violations**

11 | 55.     Recovery Violations: Defendants did maintain a policy of providing recovery or
12 | permitted recovery periods or paying premium pay in lieu thereof. Quota and performance demands
13 | were unreasonable and pressured Plaintiff and Class Members to work through breaks including
14 | recovery periods. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
15 | should have known that Plaintiff and Class Members were entitled to receive recovery periods for
16 | safety, including cooling-down, and heat prevention illness.  Defendants, among other reasons,
17 | enacted quotas that prevented Plaintiff and Class Members from taking recovery periods.
18 | Consequently, Plaintiff and Class Members were not authorized or permitted to take recovery periods
19 | which permit employees of a minimum of 5 minutes to "cool down.". Defendants failed to pay
20 | Plaintiff and Class Members one additional hour of pay at their regular rate of pay when they did not
21 | provide a recovery period. On information and belief, Defendants also failed to provide recovery
22 | periods to Class Members.

23 | **Waiting Time Penalties**

24 | 56.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should
25 | have known that Plaintiff and Waiting Time Subclass Members who separated from their employment
26 | with Defendants during the statutory period were entitled to timely payment of all wages due.  In
27 | violation of the Labor Code, Plaintiff and Waiting Time Class Members did not receive payment of

28 |

1    all wages owed upon separation within the permissible time period due to, inter alia, Defendants'

2    failure to pay all wages and meal and rest period premiums to Plaintiff and Class Members.

3                            **Wage Statement Violations**

4        57.        Plaintiff is informed and believes, and thereon alleges that Defendants knew or should

5    have known that Plaintiff and Class Members were entitled to receive complete and accurate wage

6    statements and failed to abide by the requirements of Labor Code section 226 to pay and record each

7    premium pay and meal and rest period violation which Defendants tracked and recorded. In addition,

8    Plaintiff and Class Members are entitled to payroll records and signed records. In violation of the

9    Labor Code and the IWC Wage Orders, Plaintiff and Class Members were not furnished with complete

10   and accurate wage statements, signed records, and payroll records that show all of the information

11   required by Labor Code §§ 226, 1198.5, and/or 432 including, but not limited to, the gross and net

12   wages earned, the total hours worked, all applicable hourly rates in effect during the pay period, and

13   the corresponding number of hours worked at each hourly rate.

14                            **Quota Violations**

15       58.        Defendants have willfully and intentionally violated, among other claims, California's

16   warehouse workers and quota laws, including, without limitation, Labor Code sections 2100 through

17   2112, as alleged below.

18                          **FIRST CAUSE OF ACTION**

19               **(Failure to Pay Overtime Wages -Against All Defendants)**

20       59.        Plaintiff realleges and incorporates by reference all of the allegations contained in the

21   preceding paragraphs as though fully set forth hereat.

22       60.        At all relevant times, Plaintiff and Class Members were employees or former

23   employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

24   Wage Orders.

25       61.        At all times relevant to this Complaint, Labor Code section 510 was in effect and

26   provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in

27   one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at

28

the rate of no less than one and one-half times the regular rate of pay for an employee."

62.     At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

63.     Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through security screenings and/or temperature checks off the clock; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; and by attempting but failing to properly implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to implement a written agreement designating the regularly scheduled alternative workweek in which the specified number of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees

1  in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or

2  failing to register an AWS election with the State of California, as required by Labor Code section

3  511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

4      64.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than

5  eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays

6  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on

7  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

8  applicable IWC Wage Orders, and California law.

9      65.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been

10  deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus

11  interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

12  1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

13                    **SECOND CAUSE OF ACTION**

14            **(Failure to Pay Minimum Wages – Against All Defendants)**

15      66.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

16  preceding paragraphs as though fully set forth hereat.

17      67.    At all relevant times, Plaintiff and Class Members were employees or former

18  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

19      68.    Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class

20  Members were entitled to receive minimum wages for all hours worked or otherwise under

21  Defendants' control.

22      69.    For four (4) years prior to the filing of the Complaint in this Action through the present,

23  Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular

24  rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off

25  the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to

26  work and leave late work without being able to clock in for all that time, to suffer under Defendants'

27  control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift

28

1  tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest

2  periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings

3  off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of

4  employee time entries; editing and/or manipulation of time entries to show less hours than actually

5  worked; failing to pay split shift premiums; and failing to pay reporting time pay to the detriment of

6  Plaintiff and Class Members.

7      70.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

8  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for

9  all hours worked or otherwise due.

10     71.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections

11  1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

12  the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages,

13  reasonable attorneys' fees and costs of suit.

14                          **THIRD CAUSE OF ACTION**

15              **(Failure to Provide Meal Periods – Against All Defendants)**

16     72.     Plaintiff realleges and incorporates by reference all of the allegations contained in the

17  preceding paragraphs as though fully set forth hereat.

18     73.     At all relevant times, Plaintiff and Class Members were employees or former

19  employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

20     74.     Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

21  employ an employee for a work period of more than five (5) hours without a timely meal break of not

22  less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore,

23  no employer shall employ an employee for a work period of more than ten (10) hours per day without

24  providing the employee with a second timely meal period of not less than thirty (30) minutes in which

25  the employee is relieved of all of his or her duties.

26     75.     Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

27  with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

28

1  the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of
2  compensation for each workday that the meal period is not provided.

3  76.    For four (4) years prior to the filing of the Complaint in this Action through the present,
4  Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free
5  uninterrupted meal periods every five hours of work without waiving the right to take them, as
6  permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class
7  Member's regular rate of compensation on the occasions that Class Members were not provided
8  compliant meal periods.

9  77.    By their failure to provide Plaintiff and Class Members compliant meal periods as
10  contemplated by Labor Code section 512, among other California authorities, and failing, at times, to
11  provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
12  violated the provisions of Labor Code section 512 and applicable Wage Orders.

13  78.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
14  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed
15  for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

16  79.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid
17  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
18  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
19  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

20  **FOURTH CAUSE OF ACTION**
21  **(Failure to Provide Rest Periods – Against All Defendants)**

22  80.    Plaintiff realleges and incorporates by reference all of the allegations contained in the
23  preceding paragraphs as though fully set forth hereat.

24  81.    At all relevant times, Plaintiff and Class Members were employees or former
25  employees of Defendants covered by applicable Wage Orders.

26  82.    California law and applicable Wage Orders require that employers "authorize and
27  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work

28

period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

83.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

84.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

85.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

86.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

87.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

/ / /

1

## **FIFTH CAUSE OF ACTION**

2

### **(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

3   88.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

4   preceding paragraphs as though fully set forth hereat.

5   89.    At all relevant times, Plaintiff and Class Members were employees or former

6   employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

7   Wage Orders.

8   90.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were

9   entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

10  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge

11  immediately upon termination.  Class Members who resigned were entitled to payment of all wages

12  earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they

13  gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

14  time of resignation.

15  91.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years

16  before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

17  at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all

18  wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

19  92.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and

20  Class Members all wages earned prior to termination or resignation in accordance with Labor Code

21  sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and

22  Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but

23  intentionally adopted policies or practices incompatible with the requirements of Labor Code sections

24  201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or

25  resignation.

26  93.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to

27  waiting time penalties from the date their earned and unpaid wages were due, upon termination or

28

1    resignation, until paid, up to a maximum of thirty (30) days.

2    94.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

3    suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned

4    prior to termination or resignation.

5    95.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections

6    1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

7    waiting time penalties, interest, and their costs of suit, as well.

8    **SIXTH CAUSE OF ACTION**

9    **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

10    96.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

11    preceding paragraphs as though fully set forth hereat.

12    97.    At all relevant times, Plaintiff and Class Members were employees or former

13    employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

14    98.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were

15    entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized

16    statement that accurately reflects, among other things, gross wages earned; total hours worked; net

17    wages earned; all applicable hourly rates in effect during the pay period and the corresponding number

18    of hours worked at each hourly rate; among other things.

19    99.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

20    before the filing of the Complaint in this Action through the present, Defendants failed to comply with

21    Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their

22    failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that

23    accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all

24    applicable hourly rates in effect during the pay period and the corresponding number of hours worked

25    at each hourly rate; among other things.

26    100.    Defendants' failure to, at times, provide Plaintiff and Class Members with accurate

27    wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff

28

1  and the other Class Members with accurate wage statements, but, at times, willfully provided wage

2  statements that Defendants knew were not accurate.

3     101.        As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

4  suffered injury.  The absence of accurate information on Class Members' wage statements at times

5  has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and

6  mathematical computations to determine the amount of wages owed; causes difficulty and expense in

7  attempting to reconstruct time and pay records; and led to submission of inaccurate information about

8  wages and amounts deducted from wages to state and federal governmental agencies, among other

9  things.

10    102.        Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are

11 entitled to recover $50 for the initial pay period during the period in which violation of Labor Code

12 section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay

13 period, not to exceed an aggregate $4,000.00 per employee.

14    103.        Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure

15 section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full

16 amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,

17 and costs of suit.

18                           **SEVENTH CAUSE OF ACTION**

19            **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

20    104.        Plaintiff realleges each and every allegation set forth in the preceding paragraphs and

21 incorporate each by reference as though fully set forth hereat.

22    105.        At all relevant times, Plaintiff and Class Members were employees or former

23 employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

24    106.        Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days,

25 inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during

26 which the labor was performed, and labor performed between the 16th and the last day, inclusive, of

27 any calendar month, shall be paid for between the 1st and 10th day of the following month."

28

107.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

108.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with Labor Code section 204.

109.    Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

110.    Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code § 2802 – Against All Defendants)

111.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

112.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

113.    Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct

1 consequence of the discharge of his or her duties . . ."

2 114.    For three (3) years prior to the filing of the Complaint in this Action through the

3 present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

4 necessary expenditures or losses in direct consequence of the discharge of their duties or at the

5 obedience to the directions of Defendants that included, without limitation: purchasing and/or

6 providing unreturned deposits for mandatory work uniforms; laundering mandatory work uniforms;

7 mileage and/or gas costs incurred in driving personal vehicles for work-related purposes; using

8 cellular phones for work-related purposes; and purchasing tools necessary to perform work duties.

9 115.    During that time period, Plaintiff is informed and believes, and based thereon alleges

10 that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand Class

11 Members for those losses and/or expenditures.

12 116.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

13 suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

14 described losses and/or expenditures.

15 117.    Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

16 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover reimbursement

17 for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

18 <u>**NINTH CAUSE OF ACTION**</u>

19 **(Violation of Labor Code § 404 – Against All Defendants)**

20 118.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

21 preceding paragraphs as though fully set forth herein.

22 119.    At all relevant times, Plaintiff and Class Members were employees or former

23 employees of Defendants covered by Labor Code sections 400 through 410.

24 120.    Pursuant to Labor Code section 404, Defendants were required to immediately return

25 amounts deposited for uniforms with accrued interest when Plaintiff and Class Members returned the

26 required uniforms to Defendants.

27 121.    Plaintiff is informed and believes, and based thereon alleges that for three (3) years

28

1    prior to the filing of this Action through the present, due to policies and practices adopted by

2    Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

3    accrued interest on deposits made by Plaintiff and Class Members upon their returning their uniforms

4    to Defendants.

5    122.      As a result of Defendants' conduct, Plaintiff and Class Members have suffered

6    damages in an amount subject to proof, to the extent they were not compensated for accrued interest

7    on amounts deposited for mandatory uniforms upon returning their uniforms to Defendants.

8    123.      Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members are

9    entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees and

10    costs of suit.

11    **TENTH CAUSE OF ACTION**

12    **(Violation of Labor Code § 227.3 – Against All Defendants)**

13    124.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in the

14    preceding paragraphs of this Complaint as though fully set forth hereon.

15    125.      According to Labor Code section 227.3, whenever a contract of employment or

16    employer policy provides for paid vacations, and an employee is terminated without having taken off

17    his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in

18    accordance with such contract of employment or employer policy respecting eligibility or time served.

19    126.      Plaintiff is informed and believes, and based thereon alleges that, at all times relevant

20    hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and

21    that Plaintiff's employment contract with Defendants included paid vacations.

22    127.      For at least four (4) years prior to the filing of this action and continuing to the present,

23    Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated

24    employees or former employees within the State of California with compensation at their final rate of

25    pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

26    128.      As a proximate result of Defendants' failure to pay vested vacation at the final rate of

27    Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code

28

section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

129.    As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## ELEVENTH CAUSE OF ACTION

### (Violation of California's Quota Law –Against All Defendants)

130.    Plaintiff hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

131.    At all relevant times, Defendants had a duty to comply with Labor Code sections 2100 *et seq.*

### Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas

132.    Starting January 1, 2022, Defendants were required to provide each new hire a written description of each quota the Defendants required Plaintiff and Putative Class Members to work under. This includes the number of tasks to be performed or materials that must be produced or handled within a time period, and any potential adverse employment action that could result from failing to meet quotas as defined by Labor Code 2100 *et. seq.*

133.    Plaintiff and Putative Class Members routinely worked more than twelve hours in Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

134.    Defendants had and have the financial ability to comply with California's quota laws, but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of

1  California law.

2      135.        Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should

3  have known they imposed systematic quota and production demands on Plaintiff and Putative Class

4  Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq.*

5  Defendants, and each of them, know and have known at all times herein referenced that it requires

6  and required Plaintiff and Putative Class Members "…to meet a quota that prevents compliance with

7  meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom

8  facilities, or occupational health and safety laws in the Labor Code or division standards" in violation

9  of Labor Code section 2102.

10                **Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

11      136.        On information and belief, hundreds of employees have suffered quota related injuries

12  since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten

13  policy which is implemented through supervisors and managers that eliminates injured employees.

14  While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is

15  injured employees were targeted for elimination for one well known reason: the perception and false

16  belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured

17  employees are categorized as unproductive employees and are terminated for "low performance."

18      137.        Defendants, and each of them, willfully, knowingly and intentionally failed to establish

19  quotas that did not harm Plaintiff and Putative Class Members in order to increase Defendants' profits

20  without concern for employee safety. Defendants' quotas required Plaintiff and Putative Class

21  Members, to meet quantified work and production targets and quotas relating to their warehouse

22  duties.

23                **Defendants' Warehouse Employees are Covered Employees**

24      138.        Defendants, and each of them, are covered employers and maintain, implement, and

25  enforces illegal quotas.  Plaintiff and Putative Class Members are subject to quotas and are protected

26  by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under

27  which an employee is assigned or required to perform at a specified productivity speed, or perform a

28

1  quantified number of tasks, or to handle or produce a quantified amount of material, within a defined
2  time period and under which the employee may suffer an adverse employment action if they fail to
3  complete the performance standard."

4      139.      Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse
5  employees' performance based on employee work speed data and subsequently takes adverse action
6  against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision
7  (e)(1) that "'employee work speed data' means information an employer collects, stores, analyzes, or
8  interprets relating to an individual employee's performance of a quota, including, but not limited to,
9  quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of
10 tasks performed, measurements or metrics of employee performance in relation to a quota, and time
11 categorized as performing tasks or not performing tasks."  Under section (e)(2), "'employee work
12 speed data' does not include qualitative performance assessments, personnel records, or itemized
13 wage statements pursuant to Section 226, except for any content of those records that includes
14 employee work speed data as defined in this part."

15     140.      Defendants store, track, and analyze employees' speed data to measure performance
16 and takes adverse employment action against employees in violation of Labor Code section 2102,
17 which states that "[a]n employee shall not be required to meet a quota that prevents compliance with
18 meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom
19 facilities, or occupational health and safety laws in the Labor Code or division standards. An employer
20 shall not take adverse employment action against an employee for failure to meet a quota that does
21 not allow a worker to comply with meal and rest breaks, or occupational health and safety laws in the
22 Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the
23 employee pursuant to Section 2101."

24     141.      Plaintiff and Putative Class Members, as alleged throughout this complaint, were
25 required to meet excessive quotas.  Defendants could comply with the law by complying with the law
26 and refuse to do so.  Defendants claim they do not have, maintain, implement, or require quotas of
27 any of its warehouse employees.

28

**Defendants Changes Quotas Regularly and Fail to Disclose New Quotas**

142.    Defendants failed to advise and/or disclose to new hires the written quota description as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is updated or changed.

143.    Defendants, and each of them, failed to disclose Plaintiff's quota after Plaintiff demanded Plaintiff's written disclosures pursuant to Labor Code section 2104, which states at (a)(1) that "[i]f a current or former employee believes that meeting a quota caused a violation of their right to a meal or rest break or required them to violate any occupational health and safety laws in the Labor Code or division standards, they have the right to request, and the employer shall provide, a written description of each quota to which the employee is subject and a copy of the most recent 90 days of the employee's own personal work speed data." Subdivision (a)(2) states that "[i]f a former employee requests a written description of the quotas to which they were subject and a copy of their own personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former employee's quotas and personal work speed data for the 90 days prior to the date of the employee's separation from the employer. Subdivision (a)(3) states that "[a] former employee is limited to one request pursuant to this subdivision." Subdivision (b) states that "[a]n employer that receives a written or oral request for information pursuant to subdivision (a) shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. Plaintiff, through their Counsel of record, served on Defendants a demand for a written description of the quotas they were subject to. Defendants ignored their request. More than 21 days have passed since the request for a written description and Defendants refuses to comply with the law. As such, Plaintiff is forced to both file a lawsuit and/or file for injunctive relief for Plaintiff and on behalf of Class Members.

**Quotas Interfered with Employees' Use of Bathroom Facilities**

144.    Plaintiff and Class Members were restricted in their ability to use the bathroom facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein and above.  Employees were monitored by Defendants' leads and/or supervisors and were instructed

1  to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the

2  designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et.*

3  *seq.*

4  **Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates**

5  145.    On information and belief, hundreds of employees have suffered quota related injuries.

6  On information and belief, Defendants' (and each of their) unwritten policies, which are implemented

7  through supervisors and managers, is to eliminate injured employees. While Defendants, and each of

8  them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for

9  elimination for one well known reason: the perception and false belief that injured employees could

10  not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive

11  employees and are terminated for "low performance."

12  **Quotas Adversely Impacted Meal & Rest Periods**

13  146.    Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

14  receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiff and

15  Putative Class Members from complying with California's meal period laws. Plaintiff and Putative

16  Class Members regularly worked in excess of five (5) and/or 10 hours per workday. In violation of

17  the Labor Code and IWC Wage Orders, Plaintiff and Putative Class Members did not receive

18  compliant lunches because of Defendants' unlawful quotas.

19  147.    Defendants, and each of them, maintained excessive quota demands which interfered

20  with Plaintiff and Putative Class Members' ability to take legal meal periods and in fact it prevented

21  them from complying with California law regarding lunches. For example, employees were

22  monitored, reprimanded, and discouraged from taking meal periods. Employees were required under

23  the penalty of reprimand or termination to clock in and out for meal periods. This ruse was

24  implemented and required by DEFENDANTS for unlawful purposes. In reality, the unwritten meal

25  period policy was to work through meal period or punished. If Defendants can demonstrate employees

26  clocked in and out for lunch, then it can falsely argue that they did comply with California law in

27  defending the many lawsuits accusing them of violating California break laws. The reality was, is,

28

1    and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiff and

2    Class Members work through meal periods or take shortened meal periods.

3                            **On Duty/On Call Breaks**

4        148.        Defendants also violated Labor Code section 2103 because it required and continues

5    to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them,

6    know when warehouse employees are working through breaks to meet quotas in violation of Labor

7    Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal

8    and rest breaks are not considered productive time unless the employee is required to remain on call.

9        149.        Plaintiff and Putative Class Members were regularly and routinely required to remain

10   on call to meet quotas. Defendants required employees to regularly monitor quota statistics and

11   receive and respond to messages when on breaks.

12          **Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks**

13       150.        Defendants knew that Plaintiff, Class Members, and Class Members were entitled to

14   legal rest breaks. Defendants enacted quotas that prevented Plaintiff and Putative Class Members from

15   complying with California rest period laws.

16       151.        On information and belief, Defendants, and each of them, take adverse employment

17   action against employees who choose and/or insist on a legal rest break. Class Members were

18   monitored, reprimanded, and discouraged from using bathroom facilities until their designated time

19   for rest breaks.  However, this policy and practice was implemented and encouraged by Defendants'

20   (and each of their) supervisory and/or managerial personnel such that if Class Members worked

21   through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota

22   requirements.

23       152.        Defendants also implemented an illegal policy requiring Plaintiff and Putative Class

24   Members to "waive" meal periods. Plaintiff and Putative Class Members were required to sign meal

25   period waivers when in fact many employees did not want to sign waivers because they wanted a

26   break. Plaintiff and, on information and belief, many Class Members also complained about

27   Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations,

28

1  and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or

2  purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in

3  any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days

4  of the employee doing either of the following: (a) Initiating the employee's first request in a calendar

5  year for information about a quota or personal work speed data pursuant to subdivision (a) of Section

6  2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104,

7  inclusive, to the commissioner, the division, other local or state governmental agency, or the

8  employer.

9  **Injunctive Relief**

10  153.    Plaintiff and Putative Class Members were and continue to labor under the constant

11  threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq.*

12  154.    Defendants knew or should have known that their quotas were and continue to be

13  illegal. Defendants new and know their quotas require Plaintiff and Putative Class Members to expose

14  themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for

15  violating California's wage and hour laws. Despite prior, current and future litigation, Defendants,

16  and each of them, will continue to violate California's quota laws absent a jury award in Plaintiff and

17  Class Members' favor

18  155.    Plaintiff, Class Members, and Class Members are entitled to injunctive relief under

19  California Labor Code section 2108, compelling Defendants to comply with California Labor Code

20  sections 2100 *et. seq*., and seek the recovery of attorneys' fees and costs incurred in obtaining this

21  injunctive relief.

22  **TWELFTH CAUSE OF ACTION**

23  **(Unfair Competition – Against All Defendants)**

24  156.    Plaintiff realleges and incorporates by reference all of the allegations contained in the

25  preceding paragraphs as though fully set forth hereat.

26  157.    Plaintiff is informed and believes and based thereon alleges that the unlawful conduct

27  of Defendants alleged herein constitutes unfair competition within the meaning of Business and

28

1  Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges

2  that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least

3  four (4) years prior to the filing of this action and continuing to the present, Defendants have had a

4  consistent policy of failing to provide Plaintiff and similarly situated employees or former employees

5  within the State of California with the rights provided to them under the Healthy Workplace Heathy

6  Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business

7  practices in violation of the Labor Code, Defendants have gained a competitive advantage over other

8  comparable companies doing business in the State of California that comply with their obligations to

9  compensate employees in accordance with the Labor Code.

10      158.      As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class

11  Members have suffered injury in fact and lost money or property.

12      159.      Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members

13  are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and

14  requiring the establishment of appropriate and effective means to prevent further violations, as well

15  as restitution of all wages and other monies owed to them under the Labor Code, including interest

16  thereon, in which they had a property interest and which Defendants nevertheless failed to pay them

17  and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and

18  Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure

19  to comply with the Labor Code.

20      160.      Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure

21  section 1032 and interest under Civil Code section 3287.

22                          **DEMAND FOR JURY TRIAL**

23      161.      Plaintiff demands a trial by jury on all causes of action contained herein.

24                                  **PRAYER**

25      WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment

26  against Defendants as follows:

27      A.      An order certifying this case as a Class Action;

28

B. An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C. Damages for all wages earned and owed, including minimum and overtime wages and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1, 1194, 1197 and 1199 and 227.3;

D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G. Waiting time penalties under Labor Code sections 203 and 558.1;

H. Penalties to timely pay wages under Labor Code section 210;

I. Damages under Labor Code sections 2802 and 558.1;

J. Damages under Labor Code section 404;

K. Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, including, without limitation, under Labor Code sections 17200, *et seq.* and 2100, *et seq.*;

L. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M. Prejudgment and post-judgment interest at the maximum rate allowed by law;

N. For attorneys' fees in prosecuting this action;

O. For costs of suit incurred herein; and

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED CLASS ACTION COMPLAINT

1        P.    For such other and further relief as the Court deems just and proper.

2

3    Dated:  November 26, 2024        BIBIYAN LAW GROUP, P.C.

4

5                      BY: _____

6                          David D. Bibiyan
                      Sarah H. Cohen

7                      Attorneys for Plaintiff JOSE LUIS SANDOVAL
and on behalf of all others similarly situated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT