Adam Y. Siegel (SBN 238568)
Orlando Arellano (SBN 234073)
Rebecca Kim (SBN 276163)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California  90017-5408
Telephone:     (213) 689-0404
Email:  Adam.Siegel@jacksonlewis.com
Email:  Orlando.Arellano@jacksonlewis.com
Email:  Rebecca.kim@jacksonlewis.com

Attorneys for Defendants
CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 110, LLC;
CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC;
CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC; and
CARDINAL HEALTH 201. INC.

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC., a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: CIVSB2434865<br><br>**CLASS ACTION**<br>[*Assigned for all purposes to Hon. Stephanie Thornton-Harris, Dept. S31*]<br><br>**DEFENDANTS CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;  AND CARDINAL HEALTH 201, INC.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  November 19, 2024<br>FAC Filed:          February 20, 2025 |

Defendants CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL

HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL

HEALTH 119, LLC; and CARDINAL HEALTH 201, INC. ("Defendants") on behalf of themselves and

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST
AMENDED COMPLAINT

for no other Defendants, hereby respond to the First Amended Complaint for Damages ("Complaint") filed by Plaintiff JOSE LUIS SANDOVAL ("Plaintiff") as follows:

## GENERAL DENIAL

Under the provisions of Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in the Complaint. Defendants further deny, generally and specifically, that Plaintiff has suffered any injury or been damaged in any sum whatsoever by reason of any act or omission on the part of Defendants, or any of its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any affirmative defense contained herein at any time. Without conceding that it bears the burden of proof of persuasion as to any of these, Defendants allege the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

2.      The Complaint is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§338, 339, 340, 343, and California Business and Professions Code §§17200, *et seq.*

## THIRD AFFIRMATIVE DEFENSE

### (No Permission or Knowledge)

3.      Plaintiff's claims for unpaid wages are barred, in whole or in part, because Defendants had no knowledge that Plaintiff and any other individual whom Plaintiff seeks to represent in this action

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

worked allegedly compensable hours while "off-the-clock," which was done without permission from Defendants, and because they were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate, including the proper minimum wage and overtime rates

### FOURTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

4.     The Complaint as a whole, and each cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing to bring the instant action on behalf of Plaintiff and any other individual whom Plaintiff seeks to represent in this action.

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences Doctrine)

5.     The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants have procedures in place for reporting work-related issues, including, but not limited to issues related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

### SIXTH AFFIRMATIVE DEFENSE

#### (Business Expenses- Lack of Knowledge)

6.     Even assuming *arguendo* Plaintiff and putative class members were not reimbursed for all necessary business expenses, Plaintiff and putative class members are not entitled to recover damages because Defendants did not know about the alleged business expenses.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff and putative class members were guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

9.    Defendants are informed and believe, and thereon allege, that Plaintiff's Complaint, and each of the purported causes of action asserted therein against Defendants, are barred, in whole or part, by Plaintiff and putative class members' failure to exhaust applicable administrative remedies.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

10.    Plaintiff and putative class members are barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff and putative class members' failure to exercise reasonable diligence to mitigate their alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

11.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff and putative class members received from any source after Plaintiff and putative class members ceased to be employed by Defendants under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

12.    Plaintiff and putative class members' claims for exemplary and punitive damages are barred in that Plaintiff and putative class members have failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code §3294.

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge, Authorization, and/or Ratification)

13.     Defendants are not liable for the alleged damages to Plaintiff and putative class members because if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, Defendants are informed and believe, and thereon allege that such person or entity did so without the knowledge, authorization, or ratification of Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

14.     Defendants' actions concerning the matters alleged in the Complaint, if any, were taken in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Provided)

15.     The Complaint is barred, in whole or in part, because Plaintiff and putative class members voluntarily chose not to take provided meal and rest periods as reasonably expected by Defendants and/or voluntarily waived the same.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Reasonable Direction)

16.     Defendants are informed and believe, and thereon allege, that any recovery on the Complaint as a whole, or on each purported cause of action alleged therein, is barred by California Labor Code §§2854 and 2856 to the extent Plaintiff and putative class members failed to use ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Record All Hours Worked)

17.     The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff and putative class members failed to work or record all time worked as reasonably expected or required by Defendants.

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2

#### (No Knowing and Intentional Failure)

3    18.    Plaintiff and putative class members' claims are barred, in whole or in part, because, even

4    if Plaintiff and putative class members were not provided with a proper itemized statement of wages and

5    deductions, they are not entitled to recover damages or penalties because Defendants' alleged failure to

6    comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California

7    Labor Code § 226(e).

8

### NINETEENTH AFFIRMATIVE DEFENSE

9

#### (No Willfulness)

10    19.    Without admitting the allegations of the Complaint, but rather expressly denying them, the

11    Complaint is barred, in whole or in part, because any violation of the California Labor Code was an act or

12    omission made in good faith, was not willful, and Defendants had reasonable grounds for believing that

13    the act or omission was not a violation of the Labor Code.  As such, good faith disputes exist concerning

14    any of Defendants' alleged violations.

15

### TWENTIETH AFFIRMATIVE DEFENSE

16

#### (Wage Statements – No Injury)

17    20.    Without admitting the allegations of the Complaint, but rather expressly denying them, the

18    Complaint is barred, in whole or in part, because, even assuming *arguendo* that Plaintiff and putative class

19    members were not provided with a proper itemized statement of wages and deductions, they suffered no

20    injury based on Defendants' alleged failure to provide itemized wage statements.

21

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22

#### (Lack of Knowledge)

23    21.    The Complaint is barred, in whole or in part, because Defendants did not have knowledge

24    of any alleged violations of the Labor Code.

25

### TWENTY-SECOND AFFIRMATIVE DEFENSE

26

#### (Collateral Estoppel)

27    22.    Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred

28    in whole or part by the doctrine of collateral estoppel.

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Good Faith Belief That No Compensation Due)

23.    The Complaint's claim for waiting time penalties is barred in whole or in part because Defendants maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiff and putative class members as they have received all income, compensation and pay to which they were ever entitled.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

24.    The Complaint is barred, in whole or in part, under the avoidable consequences doctrine. Defendants had procedures in place for reporting work-related issues, including, but not limited to, issues related to timekeeping, meal periods, and rest periods. Plaintiff and putative class members unreasonably failed to utilize Defendants' preventive and corrective measures, and reasonable use of Defendants' preventive and corrective measures would have prevented at least some of the harm Plaintiff and putative class members allegedly suffered. *State Dept. of Health Services v. Superior Court of Sacramento County (McGinnis)* (2003) 31 Cal.4th 1026.

## TWENTY-FIFTH  AFFIRMATIVE DEFENSE

### (Labor Code §§ 201-204 – Timely Wage Payment)

25.    As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff and putative class members' claims for penalties are barred because (1) there are bona fide disputes as to whether Defendants failed to timely pay all wages due, (2) there are bona fide disputes as to whether Defendants failed to present wage statements on a timely basis, and (3) Defendants have not willfully failed to pay such compensation, if any is owed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Secreted or Absented)

26.    The Complaint, and each cause of action alleged therein, is barred in whole or in part to the extent that Plaintiff and any other individual whom Plaintiff seeks to represent in this action secreted or absented themselves to avoid payment of wages, thereby further relieving Defendants of liability for

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

waiting time penalties under the California Labor Code, including but not limited to California Labor Codes §§ 201, 202 and 203.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees and Costs)

27.    Defendants have engaged attorneys to represent it in defense of Plaintiff and putative class members' frivolous, unfounded and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code §12965 upon judgment in its favor.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Res Judicata)

28.    Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or part by the doctrine of res judicata.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (No Jury Trial for Unfair Competition Claim)

29.    To the extent Plaintiff seek equitable relief under the Cause of Action under California Business & Professions Code sections 17200, *et seq.*, they are not entitled to a jury trial and must instead adjudicate their claims by way of a bench trial.  (See *Hodge v. Superior Court* (2006) 145 Cal.App.4th 278.)

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Releases)

30.    Plaintiff and any other individual whom Plaintiff seek to represent in this action are barred from recovery in this action to the extent that they have executed or are included within releases with Defendants covering the claims and/or allegations in this action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Accord, Satisfaction and Payment)

31.    Some or all of the causes of action in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

DEFENDANT CARDINAL HEALTH 110, LLC, ET AL.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Allege Employer-Employee Relationship)

32.     Plaintiff specifically fails to identify requisite facts to assert an employee-employer relationship between Plaintiff and Defendants CARDINAL HEALTH 110, LLC;    CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;CARDINAL HEALTH 201. INC. These defendants reserve all rights and remedies related to their improper inclusion in this action.

## RESERVATION OF RIGHTS

Defendants specifically reserve the right to assert additional affirmative defenses or to amend this Answer in accordance with the Code of Civil Procedure.

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff and putative class members take nothing herein;

2.    For reasonable attorney's fees pursuant to California Government Code §12965;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

DATED:  March 24, 2025            JACKSON LEWIS P.C.

By:    _Rebecca Kim_ _____
                Adam J. Siegel
                Orlando Arellano
                Rebecca Kim

                Attorneys for Defendants
                CARDINAL HEALTH 110, LLC, ET AL.

1

<u>**PROOF OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

3

**CASE NAME:**      **JOSE LUIS SANDOVAL V. CARDINAL HEALTH 200, LLC  ET AL**

4

**CASE NUMBER:**    **CIVSB2434865**

5

6

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2800, Los Angeles, California 90017.

7

On March 24, 2025, I served the foregoing document described as:

8

9

**DEFENDANTS CARDINAL HEALTH 200, LLC, CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 414, LLC; CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 119, LLC;  AND CARDINAL HEALTH 201, INC.'S ANSWER TO PLAINTIFF JOSE LUIS SANDOVAL'S FIRST AMENDED COMPLAINT**

10

in this action by transmitting a true copy thereof as follows:

11

12

David D. Bibiyan
Sarah H. Cohen
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, California  90024
Telephone: (310) 438-555
Facsimile: (310) 300-1705
Email:  david@tomorrowlaw.com
Email:  sarah@tomorrowlaw.com

Attorneys for Plaintiff,
JOSE LUIS SANDOVAL and, on behalf of all others similarly situated

13

14

15

16

17

**[XX]   <u>BY E-MAIL OR ELECTRONIC TRANSMISSION</u>**

18

19

20

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Betty.arnold@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

**[XX]   <u>STATE</u>**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

Executed on March 24, 2025 Los Angeles, California.

24

25

/s/ Betty Arnold
BETTY ARNOLD

26

4908-7688-3744, v. 1

27

28

1