BIBIYAN LAW GROUP, P.C.
David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sarah H. Cohen (SBN 330700)
sarah@tomorrowlaw.com
Michael E. Braud (SBN 345573)
michael@tomorrowlaw.com
1460 Westwood Blvd.
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, JOSE LUIS SANDOVAL, and on behalf of himself and all others similarly situated

Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Orlando Arellano (SBN 234073)
Orlando.Arellano@jacksonlewis.com
Rebecca Kim (SBN 276163)
Rebecca.Kim@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SANDOVAL, an individual and on behalf of all others similarly situated,<br>Plaintiff,<br>vs.<br>CARDINAL HEALTH 200, LLC; a Delaware limited liability company; CARDINAL HEALTH 110, LLC, an Indiana limited liability company; CARDINAL HEALTH 108, LLC, a Delaware limited liability company; CARDINAL HEALTH 414, LLC, a Delaware limited liability company; CARDINAL HEALTH 100, LLC, an Indiana limited liability company; CARDINAL HEALTH 119, LLC, a Delaware limited liability company; CARDINAL HEALTH 201, INC, a Delaware corporation; DANIEL RUIZ, an individual; and DOES 1 through 100, inclusive,<br>Defendants. | CASE NO.: 5:25-cv-00777-CAS-SHK<br><br>*[Assigned to the Hon. Jesus G. Bernal, Courtroom 1]*<br><br>**PARTIES' FED. R. CIV. P. 26(f) REPORT; DISCOVERY PLAN; INITIAL STATUS CONFERENCE REPORT**<br><br>State Action Filed:   November 19, 2024<br>FAC Filed:                  December 17, 2024<br>Removal Date:         March 26, 2025<br><br>*(San Bernardino County Superior Court, Case No.: CIVSB2434865)*<br><br>Trial Date: None Set |

Plaintiff JOSE LUIS SANDOVAL ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his counsel Michael E. Braud, and defendants CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 119, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 201, INC; and CARDINAL HEALTH 414, LLC (all defendants, collectively, "Defendants"), by and through their counsel, Rebecca Kim, met and conferred by phone on May 16, 2025, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Central District of California Local Rule 26-1, and this Court's Order Setting Scheduling Conference for July 28, 2025, at 11:00 a.m., Courtroom 1. Plaintiff and Defendant (hereby referred to collectively as "the Parties"), by and through their counsel, submit the following Joint Report regarding the results of their conference:

## I.   FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f) DISCOVERY PLAN

### A.   Statement of the Case

#### 1. Plaintiff's Position

This is a wage-and-hour class action, with claims for unpaid overtime wages; failure to provide minimum wages; failure to provide meal periods or compensation in lieu thereof; failure to provide rest periods or compensation in lieu thereof; failure to pay due wages at termination; wage statement violations; failure to timely pay wages earned; failure to indemnify; failure to pay interests on deposits; violation of Labor Code section 227.3; violation of California quota laws; and violations of Business and Professions Code section 17200.

#### 2. Defendant's Position

Defendants distribute global healthcare services and products for various healthcare-related entities including hospitals, doctors' offices, pharmacies, surgery centers, and at-home patients. To facilitate the distribution of these products, Defendants operate various warehouses which receive and then distribute these

products to its customers. Plaintiff was an hourly paid non-exempt worker that worked in California.

Defendants generally deny the claims Plaintiff alleges in his complaint. At all times relevant to the Complaint, Defendants have maintained and enforced policies and procedures to pay Plaintiffs and the putative class members for all hours they recorded as having worked, including overtime, at the appropriate rate, to provide meal and rest breaks in Accordance with the California Labor Code, to reimburse any business-related expenses or costs that employees incur, and have not taken any deductions to the employees wages which are not authorized by State or Federal law. Defendants have further provided wage statements to Plaintiffs and the putative class members which accurately state all the information required under Labor Code section 226, and have timely paid Plaintiff and putative class members all wages owed upon termination.

Defendants further maintain this matter is not suitable for class certification as there are a large number of different positions that the putative class members were employed in which affect a great deal of attributes related to the alleged claims including the hours they work, when and how they take meal and rest breaks, how much if any overtime they work, the locations they work at, and the conditions under which they work. They are not "similarly situated" and Plaintiffs are not typical of their employment experiences and do not share typicality with them regarding the alleged claims. Further, the claims have no merit and as such, the putative class members do not share common questions of law or fact.

**B.  Subject Matter Jurisdiction**

    1.  Plaintiff's Position

Defendants CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 110, LLC; CARDINAL HEALTH 119, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 201, INC; and CARDINAL HEALTH 414, LLC have been served with the Complaint and First

Amended Complaint and have filed an Answer.

Plaintiff believes this case should be remanded to Los Angeles County Superior Court because Defendants failed to establish that the Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), as will be argued in Plaintiff's Motion for Remand ("Remand") which is being filed shortly.

Should the case not be remanded, Plaintiff will seek to certify a class of putative class members who, at times, experienced the violations of law listed in section A. 1

2. <u>Defendant's Position</u>

On March 31, 2025, Defendants filed a Notice of Removal of Action to Federal Court, pursuant to 28 U.S.C. sections 1332, 1441, 1446, and 1453(CAFA), in the United States District Court for the Central District of California-Eastern Division. Defendants have been notified that Plaintiff intends to file a Motion for Remand, and Defendants will timely oppose.

C. **Legal Issues**

1. <u>Plaintiff's Position</u>

The core factual issues will be whether Plaintiff and other members of the putative class suffered the wage and hour violations alleged in the Complaint. The legal issues include, for example, whether the case was properly removed under CAFA, or whether the case should be remanded to state court as set forth in Plaintiff's Remand Motion. The core legal issue will be whether the class (or sub-classes as determined in discovery) meet the requirements for a class action and can be certified under California Code of Civil Procedure § 382 (in state court) or under Rule 23 of the Federal Rules of Civil Procedure (if the case remains in federal court). The legal issues for certification will include, without limitation, the following:

1. Whether Plaintiffs and/or putative class members were properly paid for all time worked;

2. Whether time spent working off the clock, if any, constituted compensable time;

3. Whether Plaintiffs' cause of action for non-compliant wage statements under Labor Code § 226(a) seeks an impermissible double recovery;

4. Whether Plaintiffs' cause of action for non-compliant wage statements under Labor Code § 226(a) fails to meet the pleading requirements of Fed. R. Civ. P. 8 for want of factual allegations plausibly demonstrating a cognizable injury;

5. Whether paystubs issued to putative class members complied with Labor Code § 226(a);

6. Whether Plaintiff and putative class members suffered non complaint meal and/or rest breaks;

7. Whether Defendants timely paid all wages to putative class members pursuant to Labor Code § 203;

8. Whether Plaintiffs are adequate class representatives;

9. Whether Plaintiffs and the putative class have common issues that can be determined on a class-wide basis;

10. Whether Plaintiffs and the putative class are similarly situated;

11. Whether Plaintiffs are typical of the class they seek to represent;

12. Whether a class action is the superior method of adjudicated the claims asserted herein;

13. Whether Defendants willfully failed to pay all wages due to putative class members;

14. Whether Defendants failed to reimburse putative class members for necessary business expenditures;

15. Whether Defendants failed to provide interest on deposits

16. Whether Defendants violated California's quota laws with regard to warehouse employees

2. <u>Defendant's Position</u>

a) Whether Plaintiffs' claims can be certified;

b) Whether Defendants deprived Plaintiffs and class members of minimum and

overtime wages by failing to pay wages for time spent waiting to clock in and undergoing security clearance and COVID-19 screenings (in violation of Labor Code §§ 510, 1194, 1197, and 1198)

c) Whether Defendants deprived Plaintiffs and class members of compliant meal periods without proper compensation (in violation of Labor Code §§ 226.7 and 512);

d) Whether Defendants deprived Plaintiffs and class members of compliant rest breaks without compensation (in violation of Labor Code §§ 226.7 and 512);

e) Whether Defendants failed to reimburse Plaintiffs and class members for necessary business-related costs expended for the benefit of Defendants (in violation of Labor Code §§ 2802 and 2804);

f) Whether Defendants owe Plaintiffs and class members waiting time penalties;

g) Whether Defendants knowingly and intentionally provided itemized wage statements to Plaintiffs and class members which were inaccurate (in violation of Labor Code §226 and 226.3);

h) Whether Defendants pay interest on deposits, or violated Labor Code section 227.3, or violated quota laws;

i) Whether Defendants failed to pay all wages timely and due upon separation of employment in violation of Labor Code §§ 201 – 203;

j) Whether Defendants engaged in unfair business practices as a result of the alleged violations in violation of Business and Professions Code §§ 17200, *et seq.*; and

k) Whether any of Defendants' affirmative defenses prevent Plaintiffs from recovering any damages.

D. **Parties, Evidence, etc.**

Plaintiff JOSE LUIS SANDOVAL is the only named Plaintiff at this time. Plaintiff reserves the right to add additional parties as the case develops. CARDINAL HEALTH 100, LLC; CARDINAL HEALTH 108, LLC; CARDINAL HEALTH 110,

LLC; CARDINAL HEALTH 119, LLC; CARDINAL HEALTH 200, LLC; CARDINAL HEALTH 201, INC; and CARDINAL HEALTH 414, LLC are currently the only named defendants.

The Parties are scheduled to mediate this matter on July 23, 2025 with Steven J. Serratore along with another matter, *Pedro Chavez, et al. v. Cardinal Health 110, LLC, et al.*, Case No. 2:24-cv-08973 before Magistrate Judge Rozella A. Oliver in the U. S. District Court, Central District of California (removed from Los Angeles Superior Court, Case No. 24STCV22512).

Discovery will be served on Plaintiff and on Defendants regarding Defendants' wage and hour practices. Plaintiff will procure contact information for putative class members, and depose Defendants' Person (s) Most Knowledgeable. Discovery may be completed in a year.  The Parties have identified the following key witnesses at this time: Plaintiffs, Defendants' Representative(s), hiring and training supervisors, and putative class members. Key documents will include Defendants' written policies with respect to Plaintiff and class members' employment with Defendants; Plaintiff and class members' written meal break waivers, if any; Plaintiff and class members' payroll records; and documents evidencing the amount of time that Plaintiff and class members worked, including time clock records; documents reflecting Defendants' requirements for warehouse employees; any documents reflecting business reimbursements; any documents reflecting any deposits paid by employees to Defendants.

### E. Insurance

#### 1. Plaintiff's Position

Plaintiff is unaware of any insurance policy.

#### 2. Defendant's Position

Upon information and belief, there is no insurance coverage for these claims.

///

///

F. **Magistrate Judge**

Counsel for all Parties have discussed whether the Parties consent to have a Magistrate Judge of this Court conduct all proceedings. The Parties consent to the assignment of this matter to a mutually agreeable Magistrate Judge.

G. **Discovery**

1. Plaintiff's Position

The Parties have not yet propounded discovery, but exchanged initial disclosures on June 18, 2025. Plaintiff does not propose any changes to discovery limits at this time. Should the case not be remanded, in order to support Motion for Class Certification ("MCC"), Plaintiff intends to propound written discovery requests, notice depositions, and engage in expert discovery. Plaintiff will propound discovery requests into areas related to:

A. *Time and Payroll Records*: Matching of time and payroll records are essential for Plaintiff to certify a class in connection with their allegations that Plaintiff and similarly situated employees were subjected to unlawful wage and hour and/ or business practices by Defendant.

B. *Personnel Files*: Plaintiff needs to be able to review the documents that class members were made to sign.

C. *Declarations from Putative Class Members*: Plaintiff will request the names and contact information for putative class members so that he may contact them and obtain declarations to support her claims that Defendants' practices alleged by Plaintiff are typical of those experienced by Plaintiff.

D. *Written Policies:* Plaintiff will serve written discovery for Defendants' wage-and-hour policies in effect during the Class Period (i.e., March 1, 2019 through the present), to include meal and rest periods, and accurate wage statements.

E. *Expert Declaration(s)*: It will likely take an expert weeks, at minimum, to review the data provided to determine a damage analysis for Defendants' unlawful wage and hour and business practices. Expert review may indicate issues that may

require amendment of the pleadings, further written discovery, and/or interaction with putative class members. And, finally, when the analysis is completed, the expert(s) will need time to provide declaration testimony to be included with the MCC.

F. *Person(s) Most Knowledgeable Deposition(s)*: Plaintiff will need to depose the Person(s) Most Knowledgeable on each of the above categories.

Given the imminent Motion to Remand, it is Plaintiff's position that it is premature to set a discovery cutoff date.

2. Defendant's Position

Defendants are amenable to providing a sample of employee contact information, time and pay records, under a Protective Order in lieu of a *Belaire-West* notice process.

Defendants have not yet served discovery, but intend to serve discovery. Defendants also intend to depose the Plaintiff, any witnesses that Plaintiff's identify, and any experts that Plaintiff disclose.

H. **Motions**

1. Plaintiff's Position

Plaintiff will be filing a Motion to remand shortly. Plaintiff believes it is premature to set a date for Plaintiff's Motion for Class Certification, as the Parties are scheduled to attend mediation on July 23, and, thus, discovery has not yet begun.

2. Defendant's Position

Defendants do not anticipate filing any procedural motions at this time. Discovery has not yet begun

I. **Class Certification**

1. Plaintiff's Position

Plaintiff is not aware of the actual class size, and the actual violation rates for the alleged causes of action. Only after conducting discovery as to the violations at issue will Plaintiff be able to formulate a realistic date for Plaintiff's MCC and believes it is thus premature to do so at this time. Plaintiff requests that Plaintiff's

deadline to file such motion is set no earlier than one (1) year from the date of the Scheduling Conference.

        2.      Defendant's Position

As stated above, Defendants maintain this matter is not suitable for class certification as there are a large number of different positions that the putative class members were employed in which affect a great deal of attributes related to the alleged claims including the hours they work, when and how they take meal and rest breaks, how much if any overtime they work, the locations they work at, and the conditions under which they work. They are not "similarly situated" and Plaintiffs are not typical of their employment experiences and do not share typicality with them regarding the alleged claims. Further, the claims have no merit and as such, the putative class members do not share common questions of law or fact.

    **J.**    **Dispositive Motions**

        1.      Plaintiff's Position

Plaintiff does not anticipate filing any motions to dismiss or motions for summary judgment at this time.

        2.      Defendant's Position

Again, Defendants may likewise bring a motion for summary judgment or motion for dismissal either before or after any ruling on Plaintiffs' motion for class certification.

    **K.**    **Settlement/Alternative Dispute Resolution (ADR)**

        1.      Plaintiff's Position

There have not been any prior settlement discussions. The parties are agreeable to private mediation as the preferred ADR procedure, and the parties are scheduled to attend private mediation on July 23, 2025.

    **L.**    **Pretrial Conference and Trial**

The parties believe it is too soon to set a trial date in this matter, and it would be impossible to estimate how long a trial would last until the parties know if the

class action will be certified. Parties request that trial scheduling be postponed until after the Court rules on Plaintiff's Motion for Class Certification.

### M. Trial Estimate

Parties estimate that trial will take between 5-7 days.

### N. Trial Counsel

    1.    Plaintiff's Trial Counsel

BIBIYAN LAW GROUP, P.C.
David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Sarah H. Cohen (SBN 330700)
Sarah@tomorrowlaw.com
Michael E. Braud (SBN 345573)
michael@tomorrowlaw.com

    2.    Defendant's Trial Counsel

Adam Y. Siegel (SBN 238568)
Orlando Arellano (SBN 234073)
Rebecca Kim (SBN 276163)
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Email:	Adam.Siegel@jacksonlewis.com
Email:	Orlando.Arellano@jacksonlewis.com
Email:	Rebecca.kim@jacksonlewis.com

### O. Independent Expert or Master

At this time, the parties do not believe that a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert is necessary at this time. However, Plaintiff reserves the right to appointment as discovery develops.

### P. Other Issues under Local Rule 26-1 or Otherwise

This case is complex, however, the parties do not believe the Manual For Complex Litigation should be utilized for any purpose. The parties believe the pending Motion for Remand and the July 23, 2025, mediation between the parties are the only two major issues at this time.

Dated: July 14, 2024				BIBIYAN LAW GROUP, P.C.

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

				By:	/s/ Michael E. Braud
					DAVID D. BIBIYAN
					SARAH H. COHEN
					MICHAEL E. BRAUD
					Attorneys for Plaintiff

Dated: July 14, 2024				JACKSON LEWIS P.C.

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

				By:	/s/ Rebecca Kim
					Adam Y. Siegel
					Orlando Arellano
					Rebecca Kim
					Attorneys for Defendants

# CERTIFICATE OF SERVICE

JOSE LUIS SANDOVAL v. CARDINAL HEALTH 200, LLC, et al.
CASE NO.: 5:25-cv-00777-CAS-SHK
U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1460 Westwood Blvd, Los Angeles, California 90024.

I certify that on July 14, 2024, I electronically filed the following document(s) described as **PARTIES' FED. R. CIV. P. 26(f) REPORT; DISCOVERY PLAN; INITIAL STATUS CONFERENCE REPORT,** and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Further, I certify that the foregoing documents were served by electronic transmission to the below referenced electronic e-mail address as follows:

Adam Y. Siegel (SBN 238568)
Adam.Siegel@jacksonlewis.com
Orlando Arellano (SBN 234073)
Orlando.Arellano@jacksonlewis.com
Rebecca Kim (SBN 276163)
Rebecca.Kim@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone: (213) 689-0404

Attorneys for Defendants

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 14, 2024, at Los Angeles, California.

/s/ Michael E. Braud
Michael E. Braud